1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

BRADY EDMONDS, on behalf of himself and
those similarly situated,

Plaintiffs,

vs.

AMAZON.COM, INC., a Foreign for Profit
Corporation; AMAZON LOGISTICS, INC., a
Foreign for Profit Corporation; AMAZON.COM
SERVICES, INC., a Foreign for Profit Corporation,

Defendants.

NO.

**NATIONWIDE COLLECTIVE ACTION
COMPLAINT**

15

16    Plaintiff, BRADY EDMONDS on behalf of himself and those similarly situated, by and

17  through undersigned counsel, files this Complaint against Defendants, AMAZON.COM, INC.

18  ("ACI"), AMAZON LOGISTICS, INC. ("ALI"), and AMAZON.COM SERVICES, INC. ("ACS",

19  together with ACI and ALI, "Amazon" or "Defendants") and states as follows:

20                              **I.  NATURE OF THE CASE**

21    1.    Amazon is the largest digital retailer in the United States, recently becoming

22  the second company in world history to reach $1 trillion in value.[1]   In the second quarter of

23  2019 alone, Amazon's net sales were $63.4 billion, compared with $52.9 billion in the second

24  quarter of 2018.[2]  Naturally, "the number of packages that Amazon needs to . . . handle has

25

26

27

---

[1] *See,* Amazon Just Became the Second Company to Reach $1 Trillion, http://time.com/money/5386380/amazon-1-trillion-jeff-bezos-net-worth. .
[2] *See* Amazon Press Release to Investors, https://ir.aboutamazon.com/news-releases/news-release-details/amazoncom-announces-second-quarter-sales-20-634-billion.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    doubled in the past five years to about 1.2 billion" packages per year.[3]

2        2.       Amazon prides itself on being a company that is "customer obsessed."  For

3    that reason, Amazon has taken greater control over its deliveries in order to ensure customer

4    satisfaction—control that it previously lacked when utilizing traditional delivery channels

5    such as FedEx and UPS.  In order to take greater control over its delivery processes, Amazon

6    created its own delivery channel.

7        3.       As a central part of its delivery and logistics business, Amazon contracts with

8    incorporated delivery service providers ("DSPs") all around the country, through its Delivery

9    Service Provider ("DSP") program, and their employees, in order to handle the influx of

10   customer orders, and to retain control over every aspect of the delivery process.

11       4.       These DSPs, in turn, hire drivers like Plaintiff to deliver the Amazon packages

12   within the DSP's service areas.

13       5.       However, even though Plaintiff and the other drivers were nominally

14   employed through DSPs, Amazon directed and controlled Plaintiff and other drivers, dictating

15   nearly every aspect of their delivery work.  *See infra.*

16       6.       As such, Amazon jointly employed Plaintiff and these other similarly situated

17   drivers and is liable for wage and hour compliance for these drivers.

18       7.       This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

19   ("FLSA") for Amazon's failure to pay Plaintiff and other similarly situated drivers overtime

20   wages for all time worked in excess of forty hours in a workweek in violation of the FLSA.

21       8.       Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the

22   FLSA and seeks to include all drivers who worked for Defendants through DSPs except those

23   based in the state of Washington.

24       9.       The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was

25   enacted to ensure "the maintenance of the minimum standard of living necessary for health,

26

27   [3] *See* Amazon is forging further into deliveries, https://www.businessinsider.com/amazon-launches-delivery-service-partner-program-2018-6.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

2       10.     The FLSA establishes minimum wage and overtime requirements for covered

3  employees to achieve this broad remedial purpose.  29 U.S.C. §§ 206, 207.

4       11.     These provisions, and the private right of action granted to employees,

5  prevent employers from pilfering rightfully earned wages of employees.  *See Billingsley v.*

6  *Citi Trends Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

7       12.     As a non-exempt employee, Plaintiff is entitled to applicable overtime wages

8  for each week he was suffered and permitted to work more than 40 hours by Amazon.

9  *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir.

10 2012), *cert. denied*, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer

11 'suffer[s] or permit[s] the [employee] to work'").

12      13.     Amazon failed to pay Plaintiff and similarly situated drivers for all overtime

13 hours worked pursuant to a policy applicable to Plaintiff and similarly situated drivers,

14 whereby Amazon required its DSPs to hire drivers as employees through the DSPs, not

15 Amazon.

16      14.     As further explained below, Amazon jointly employed these drivers and is

17 liable for overtime compensation owed to Plaintiff and the similarly situated drivers.

18      15.     Amazon's policies, practices, and conduct violate the FLSA, which requires

19 non-exempt employees, such as the Plaintiff and other similarly situated drivers, to be

20 compensated for their overtime work at a rate of one and one-half times their regular rate of

21 pay and also to receive at least the federally mandated minimum wage per week. *See* 29

22 U.S.C.§§ 206, 207(a).

23      16.     Plaintiff BRADY EDMONDS brings this collective action to recover the unpaid

24 overtime and minimum wages owed to him and all other similarly situated drivers employed

25 by Amazon through DSPs nationwide.

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

17.     Plaintiff BRADY EDMONDS's consent to join this Section 216(b) collective action is being filed contemporaneously with this action.

## II.  JURISDICTION AND VENUE

18.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

19.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b).

20.     Venue is proper in this judicial district because Defendants maintain their principal place of business within this judicial district, and the decisions to implement the policies and practices complained of herein were made within this judicial district.

## III.  PARTIES

21.     Plaintiff, Brady Edmonds, worked for Amazon as a driver from June 2018 thru February 2019.

22.     Mr. Edmonds regularly worked 10-15 hours per day and between 4-5 days per week.

23.     Plaintiff performed work for Amazon in the greater Jacksonville, Florida area.

24.     Plaintiff's job as a driver was to take goods that had been transported in interstate commerce and deliver them to customers of Amazon.

25.     At all times relevant hereto, Plaintiff Brady Edmonds has been a current or former "employee" of Amazon as that term is defined by the FLSA, 29 U.S.C. § 201 *et seq*, because he was suffered and permitted to work delivering packages to Amazon customers in connection with their purchases from Amazon.com.

26.     Defendant Amazon.com, Inc. is a foreign corporation that has its principal place of business at 410 Terry Ave N, Seattle, Washington 98216.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    27.    ACI conducts business in this county, as well as nationwide, and is therefore

2    within the jurisdiction of this Court.

3    28.    ACI, may be served with process upon its registered agent in this state,

4    Corporation Service Company, at 300 Deschutes Way SW, Suite 304, Tumwater, Washington

5    98501.

6    29.    Defendant Amazon Logistics, Inc., is a foreign corporation that has its principal

7    place of business at 410 Terry Ave N, Seattle, Washington 98216.

8    30.    ALI conducts business in this county, as well as nationwide, and is therefore

9    within the jurisdiction of this Court.

10    31.    ALI, may be served with process upon its registered agent in this state,

11    Corporation Service Company, at 300 Deschutes Way SW, Suite 304, Tumwater, Washington

12    98501.

13    32.    Defendant Amazon.com Services, Inc., is a foreign corporation that has its

14    principal place of business at 410 Terry Ave N, Seattle, Washington 98216.

15    33.    ACS conducts business in this county, as well as nationwide, and is therefore

16    within the jurisdiction of this Court.

17    34.    ACS, may be served with process upon its registered agent in this state,

18    Corporation Service Company, at 300 Deschutes Way SW, Suite 304, Tumwater, Washington

19    98501.

20    35.    On information and belief, Amazon.Com, Inc., Amazon Logistics, Inc., and

21    Amazon.Com Services, Inc., acted in all respects material to this action as the agent of the

22    other and carried out a joint scheme, business plan, or policy in material respects hereto.

23    Accordingly, the acts of Amazon.Com, Inc., Amazon Logistics, Inc., and Amazon.Com Services,

24    Inc., are legally attributable to each other.

25    36.    The unlawful acts alleged in this Complaint were committed by Defendants

26    and/or Defendants' officers, agents, employees, or representatives, while actively engaged in

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  the management of Defendants' business or affairs and with the authorization of the

2  Defendants.

3                          **IV.  FLSA COVERAGE**

4  **A.      Employment Relationship**

5         37.      The FLSA defines the term "employer" to broadly include "any person acting

6  directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C.

7  203(d).

8         38.      On information and belief, Defendant Amazon.com, Inc., is the parent

9  corporation of Amazon.com Services, Inc. (formerly Amazon.com, LLC), as well as Amazon

10 Logistics, Inc., and together they operate one of the largest, if not the largest, ecommerce and

11 logistics company in the world.

12        39.      Through the operation of the Amazon.com website (www.amazon.com),

13 customers throughout the United States can and do purchase goods and/or materials that are

14 then shipped throughout the United States to each customer's address.

15        40.      In addition, Amazon is in the business of providing delivery service to

16 customers, and that is the service that delivery drivers, such as Plaintiff, provide.  The drivers'

17 services are fully integrated into Amazon's business and managed by Amazon due to the level

18 of control and oversight utilized by Amazon.

19        41.      Workers who effectuate the delivery of Amazon's customers' orders, such as

20 the drivers here, are integral to Amazon's business and must be managed by Amazon to

21 ensure the fluid and consistent flow of deliveries to customers.

22        42.      To ensure the highest customer service, satisfaction, and companywide

23 uniformity, Amazon dictates and directly manages the work of Plaintiff and other local

24 delivery drivers' or driver associates' (the term used by Amazon) employment in numerous

25 ways by, among other things:

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a.      requiring all drivers to submit to an Amazon background check;

b.      participating in the decision to hire delivery drivers;

c.      providing training materials and training all drivers;

d.      requiring all drivers wear Amazon branded clothing;

e.      dictating the manner and type of clothing drivers wear;

f.      determining the make, model, and style of delivery van to be used while delivering packages;

g.      on information and belief, providing financing to purchase delivery vans;

h.      requiring delivery vans contain Amazon insignia and logos (except when extra trucks are rented due to volume exceeding capacity during the busy season);

i.      requiring drivers to arrive at and load and unload Amazon packages from Amazon owned fulfillment and warehouse centers for delivery;

j.      monitoring the performance of pre-trip and post-trip delivery van inspections;

k.      requiring packages to be delivered to Amazon customers according to an exact schedule that dictates the order of delivery and provides the exact route to utilize;

l.      requiring drivers to report problems delivering packages directly to Amazon;

m.      controlling the method and manner of troubleshooting delivery issues;

n.      tracking delivery performance including but not limited to the number of packages delivered each day, the location of the driver at any given time, and the efficiency of the deliveries as reported through Amazon handheld devices or the Amazon Flex application for smart phones;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     o. supervising the work of each driver on a daily basis;

2     p. evaluating the performance of each driver on a periodic basis in

3       accordance with Amazon specific policies and procedures; and

4     q. disciplining drivers up to and including termination.

5   43. The DSPs who contract with Amazon exist for the common business purpose of

6 providing local or last-mile delivery services to Amazon as an integral part of Amazon's

7 business operation delivering Amazon packages directly to their customers.

8   44. Stated differently, the DSPs provide a delivery driver labor force to Amazon to

9 further Amazon's core business objective of providing delivery service to Amazon customers.

10   45. On information and belief, the DSPs are directly and solely dependent on their

11 delivery contracts with Amazon.

12   46. On information and belief, most if not all of the DSPs exclusively service

13 Amazon full time and have no other clients.

14   47. On information and belief, the DSPs are solely dependent on payments made

15 by Amazon to make regularly scheduled payroll to the Plaintiff and similarly situated delivery

16 drivers.

17   48. On information and belief, each DSP was required to execute a standard

18 Amazon agreement that required the DSP to hire drivers as W-2 employees.

19   49. Ostensibly, this was done so Amazon could/can shift wage and hour

20 compliance from Amazon to the DSPs for its drivers.

21   50. In this regard, the DSPs are little more than an administrator or employee

22 leasing company for Amazon and an independent contractor in name only, dictating to drivers

23 the policies and directives of Amazon in accord with the agreement.

24   51. Drivers, like Plaintiff, and DSPs in general, are not required to have any special

25 skills; the delivery of Amazon packages is the only service provided by drivers.

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

52.     Because a major and core business objective of Amazon is to provide delivery services, Amazon cannot operate its business without the drivers.

53.     Plaintiff and similarly situated delivery drivers are dependent on Amazon, at a minimum, because Amazon provides: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how and in what order to deliver the packages; (iii) delivery support in the event there is an issue delivering a particular package; and (iv) payment of wages through Amazon's payments under the delivery contracts with the DSPs.

54.     On information and belief, Amazon keeps an employee file for each driver that includes contact information, employment information, history of complaints/issues for that driver, training records of the driver, on and off duty time, and information on the vehicle each driver operated in order to make deliveries.

55.     Defendants are employers as defined under the FLSA.

56.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012), *cert. denied*, 134 S.Ct. 62 (U.S. 2013).

57.     Plaintiff and the proposed class members were employed by Defendants.

58.     Specifically, Plaintiff and the proposed class members were suffered and permitted to work unloading Amazon packages and delivering those packages on behalf of and for the sole benefit of Amazon.

59.     Defendants jointly employed Plaintiff and proposed opt-in plaintiffs as local or last-mile delivery drivers at various locations throughout the United States.

**B.      Enterprise and Individual Coverage**

60.     "The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage."  *Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017) (*citing Thorne v. All*

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006)).

2       61.      Amazon.com, Inc. is an enterprise as defined within section 3(r)(1) of the FLSA.

3   *See supra* paras. 37-40.

4       62.      Amazon Logistics, Inc. is an enterprise as defined within section 3(r)(1) of the

5   FLSA.  *Id.*

6       63.      Amazon.Com Services, Inc. is an enterprise as defined within section 3(r)(1) of

7   the FLSA.  *Id.*

8       64.      Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc. are

9   together an enterprise as defined with section 3(r)(1) of the FLSA.  *Id.*

10      65.      FLSA enterprise coverage requires that an enterprise have "employees engaged

11  in commerce or in the production of goods for commerce" or have "employees handling,

12  selling, or otherwise working on goods or materials that have been moved in or produced for

13  commerce." 29 U.S.C. § 203(s)(1)(A) (emphasis added); *see also Polycarpe. v. E&S Landscaping*

14  *Serv., Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010).  Additionally, the enterprise must have

15  greater than $500,000 in "annual gross volume of sales made or business done."  *Daniel v.*

16  *Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008).

17  Because nearly all goods and materials are moved in or produced via interstate commerce,

18  "virtually every business meeting the annual gross value requirement" is subject to enterprise

19  coverage. *Id*.

20      66.      At all material times, Amazon has been an enterprise in commerce or in the

21  production of goods for commerce and has had at least two employees who handle or work

22  on goods or materials that have been moved in or produced for commerce.  29 U.S.C. §

23  203(s).

24      67.      Amazon provides the last mile or local delivery of products and goods that are

25  purchased from Amazon.com, the leading online retailer in the United States.

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

68.    Amazon is engaged in commerce, and Plaintiff and all those similarly situated regularly handle goods or materials that have been moved in or produced for commerce when delivering orders purchased on www.amazon.com.

69.    At all times relevant hereto, each Defendant had an annual gross volume of sales or did business of more than $500,000.00 per year.

70.    Collectively, at all times relevant hereto, Defendants had an annual gross volume of sales or did business of more than $500,000.00 per year.

71.    Therefore, at all material times relevant to this action, each Defendant was an enterprise under the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

**C.    Wage Violations**

72.    Plaintiff and the other drivers were only paid a flat rate with no additional overtime compensation paid for their overtime hours worked.

73.    Under the FLSA, workers paid such flat rates are entitled to additional overtime compensation for overtime hours worked.

74.    Plaintiff and the similarly situated drivers here each drove vehicles during their employment with Amazon that had a Gross Vehicle Weight Rating of less than 10,000 pounds.

75.    The flat rates paid to drivers failed to compensate each of those drivers at a rate of one and one half times the driver's regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

76.    Amazon failed to keep accurate records of the hours that Plaintiff and those similarly situated worked each week.

**V.  COLLECTIVE ACTION ALLEGATIONS**

77.    Plaintiff brings this lawsuit pursuant to section 216(b) of the FLSA as a collective action on behalf of himself and the following class:

> All drivers or driver associates who were paid a "flat rate" and who delivered for Amazon anywhere in the United States other than the state of Washington within the three-year period

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    preceding the filing of this Complaint (the "Class").

2    78.    Plaintiff and Class members have all been subjected to the same policies that
3    violate the FLSA, namely they have been paid flat rates each week with no premium
4    compensation for overtime hours worked.

5    79.    Plaintiff and the Class members are similarly situated in their claims against
6    Defendants because their claim that Defendants employed or jointly employed them rely on a
7    common set of facts regarding Defendants' control over their employment.

8    80.    Plaintiff and similarly situated employees worked for Defendants delivering
9    items purchased to customers who purchased those items from Amazon.

10    81.    Amazon jointly employees Plaintiff and the Class members to perform a service
11    integral to Amazon's business: the delivery of packages.  *See supra.*

12    82.    Plaintiff and Class members regularly worked in excess of forty hours in
13    individual workweeks.

14    83.    Before driving their routes, Plaintiff and Class members were routinely required
15    to unload Amazon trucks each day and load the Amazon vans prior to the start of their routes.

16    84.    Amazon failed to pay Plaintiff and Class members anything whatsoever for the
17    time spent unloading the Amazon trucks and loading the Amazon vans before driving their
18    designated route, typically two or more hours of work.

19    85.    Plaintiff and the Class were paid "flat rates" based on the number of days they
20    worked, irrespective of the number of hours they worked each week.

21    86.    Amazon failed to pay Plaintiff and Class members the overtime premium of one
22    and a half times their regular rate of pay for all time worked in excess of forty hours in
23    individual workweeks.

24    87.    Amazon, through its common policies, dictated the manner and means in
25    which Plaintiff and the Class performed their jobs. *See supra*.

26    88.    Plaintiff and the Class are owed overtime wages by Amazon.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

89.     The specific job titles or precise job responsibilities of each Class member do not prevent collective treatment.

90.     All Class members, irrespective of their job requirements, are entitled to overtime compensation for hours worked in excess of forty per workweek.

91.     All Class members, irrespective of the DSPs through whom they were employed by Amazon, are entitled to overtime compensation for hours worked in excess of forty per workweek.

92.     Although the exact amount of damages may vary across Class members, the damages for Class members can be easily calculated by a formula.

93.     The claims of all Class members arise from a common nucleus of facts.

94.     Liability is based on a systematic course of wrongful conduct by Amazon through the policies and practices described above that caused harm to all Class members.

95.     These policies and practices were uniformly applicable to Plaintiff and the Class and did not depend on any driver's personal circumstances.

96.     Rather, the same policies and practices that resulted in the non-payment of overtime to Plaintiff applied and continue to apply to all Class members, regardless of which DSP they were paid through.

97.     Amazon knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class.

98.     Amazon did not act in good faith or reliance on any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

99.     During the relevant period, Amazon violated § 7(a)(1) and § 15(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for one or more workweeks without compensating

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  such employees for their work at a rate of at least the time-and-one-half for all hours worked
2  in excess of 40 hours in a workweek.

3         100.    Amazon has acted willfully in failing to pay Plaintiff and the Class members in
4  accordance with the law.

5         101.    Amazon has failed to maintain accurate records of Plaintiff's and the Class
6  members' work hours in accordance with the law.

7         102.    Federal law mandates that an employer is required to keep for three years all
8  payroll records and other records containing, among other things, the following information:

9         a.    The time of day and day of week on which the employees' workweek
10              begins;

11        b.    The regular hourly rate or pay for any workweek in which overtime
12              compensation is due under section 7(a) of the FLSA;

13        c.    An explanation of the basis of pay by indicating the monetary amount
14              paid on a per hour, per day, per week, or other basis;

15        d.    The amount and nature of each payment that, pursuant to section 7(e)
16              of the FLSA, is excluded from the "regular rate";

17        e.    The hours worked each workday and the total hours worked each
18              workweek;

19        f.    The total daily or weekly straight time earnings or wages due for hours
20              worked during the workday or workweek, exclusive or premium
21              overtime compensation;

22        g.    The total premium for overtime hours, which excludes the straight-time
23              earnings for overtime hours recorded under this section;

24        h.    The total additions to or deductions from wages paid each pay period
25              including employee purchase orders or wage assignments;

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

i.     The dates, amounts, and nature of the items that make up the total

additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

103.    Amazon has not complied with federal law and has failed to maintain such records with respect to Plaintiff and the Class.

104.    Because Amazon's records are inaccurate or inadequate, Plaintiff and Class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## VI.  COUNT I

### Violation of the FLSA—Overtime Wages

#### *Plaintiff on behalf of himself and similarly situated employees*

105.    Plaintiff incorporates and re-alleges paragraphs 1 through 104 as though set forth herein.

106.    Amazon has violated the FLSA by its failure to pay Plaintiff and Class members one and a half times their regular rate of pay for all time worked in excess of forty in a workweek.

107.    Amazon directed Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks within the three years before the filing of this lawsuit.

108.    Amazon also directed Class members to work in excess of forty hours in individual workweeks within the three years before the filing of this lawsuit.

109.    Plaintiff and the Class are entitled to be paid overtime wages for all time worked in excess of forty hours in individual workweeks.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    110.    Amazon did not pay Plaintiff and the Class overtime wages for all time worked
2    in excess of forty hours in individual workweeks.

3    111.    Amazon's failure to pay Plaintiff and the Class overtime wages for all time
4    worked in excess of forty hours in individual workweeks was a violation of the FLSA.

5    112.    Amazon failed to keep adequate records of the hours worked and pay earned
6    by Plaintiff and Class members, in violation of section 211(c) of the FLSA.  29 U.S.C. § 211(c).

7    113.    Plaintiff and the Class are entitled to recover unpaid overtime wages for up to
8    three years before the filing of this lawsuit because Amazon's violation of the FLSA was willful.

9                            **VII.  PRAYER FOR RELIEF**

10    WHEREFORE, Plaintiff prays for a judgment against Amazon as follows:

11    That the Court determine that this action may be maintained as a collective action pursuant to
12    Section 216(b) of the FLSA;

13    A.    A judgment in the amount of all unpaid overtime wages owed to Plaintiff and
14    the Class;

15    B.    Liquidated damages in the amount equal to the unpaid overtime wage owed to
16    Plaintiff and the Class;

17    C.    Reasonable attorneys' fees and costs of this action as provided by the FLSA;
18    and

19    D.    Such other and further relief as this Court deems appropriate and just.

20                            **VIII.  JURY DEMAND**

21    Plaintiff demands trial by jury on all issues so triable as a matter of right by jury

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 8th day of October, 2019.

2                              TERRELL MARSHALL LAW GROUP PLLC

3

4                         By: /s/ Beth E. Terrell, WSBA #26759

5                              Beth E. Terrell, WSBA #26759

6                         By:   /s/ Toby J. Marshall, WSBA #32726

7                              Toby J. Marshall, WSBA #32726
                               Email: tmarshall@terrellmarshall.com
8                              Email: bterrell@terrellmarshall.com
                               936 North 34th Street, Suite 300
9                              Seattle, Washington 98103-8869
                               Telephone: (206) 816-6603
10                             Facsimile: (206) 319-5450

11
                               Andrew R. Frisch, *Pro Hac Vice Forthcoming*
12                             Email: afrisch@forthepeople.com
                               Paul M. Botros, *Pro Hac Vice Forthcoming*
13                             Email: pbotros@forthepeople.com
                               MORGAN & MORGAN, P.A.
14                             8151 Peters Road, Suite 4000
                               Plantation, Florida 33324
15                             Telephone: (954) Workers
                               Facsimile: (954) 327-3013
16

17                             *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

NATIONWIDE COLLECTIVE ACTION COMPLAINT - 17

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com