1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADY EDMONDS, on behalf of himself
and those similarly situated,

                              Plaintiff,

    v.

AMAZON.COM, INC., a Foreign for Profit
Corporation; AMAZON LOGISTICS, INC.,
a Foreign for Profit Corporation;
AMAZON.COM SERVICES, INC., a
Foreign for Profit Corporation;

                              Defendants.

No. 2:19-cv-01613-JLR

**PLAINTIFF'S FIRST AMENDED
NATIONWIDE COLLECTIVE
ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff, BRADY EDMONDS on behalf of himself and those similarly situated, by

and through undersigned counsel, files this First Amended Complaint against Defendants,

AMAZON.COM, INC. ("ACI"), AMAZON LOGISTICS, INC. ("ALI"), and

AMAZON.COM SERVICES, INC. ("ACS", together with ACI and ALI, "Amazon" or

"Defendants") and states as follows:

## I. NATURE OF THE CASE

    1.      Amazon is the largest digital retailer in the United States, recently becoming

the second company in world history to reach $1 trillion in value.[1]  In the second quarter of

---

[1] *See,* Amazon Just Became the Second Company to Reach $1 Trillion, http://time.com/money/5386380/amazon-
1-trillion-jeff-bezos-net-worth.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

2019 alone, Amazon's net sales were $63.4 billion, compared with $52.9 billion in the second quarter of 2018.[2]  Naturally, "the number of packages that Amazon needs to . . . handle has doubled in the past five years to about 1.2 billion" packages per year.[3]

2.        Amazon prides itself on being a company that is "customer obsessed." For that reason, Amazon has taken greater control over its deliveries in order to ensure customer satisfaction—control that it previously lacked when utilizing traditional delivery channels such as FedEx and UPS.  In order to take greater control over its delivery processes, Amazon created its own delivery channel.

3.        As a central part of its delivery and logistics business, Amazon contracts with incorporated delivery service providers ("DSPs") all around the country, through its Delivery Service Provider ("DSP") program, and their employees, in order to handle the influx of customer orders, and to retain control over every aspect of the delivery process.

4.        These DSPs, in turn, hire drivers like Plaintiff to deliver the Amazon packages within the DSP's service areas.

5.        However, even though Plaintiff and the other drivers were nominally employed through DSPs, Amazon directed and controlled Plaintiff and other drivers, dictating nearly every aspect of their delivery work.  *See infra.*

6.        As such, Amazon jointly employed Plaintiff and these other similarly situated drivers and is liable for wage and hour compliance for these drivers.

---

[2] *See* Amazon Press Release to Investors, https://ir.aboutamazon.com/news-releases/news-release-details/amazoncom-announces-second-quarter-sales-20-634-billion.

[3] *See* Amazon is forging further into deliveries, https://www.businessinsider.com/amazon-launches-delivery-service-partner-program-2018-6.

Plaintiffs First Amended Nationwide Collective
Action Complaint 2
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

7.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for Amazon's failure to pay Plaintiff and other similarly situated drivers overtime wages for all time worked in excess of forty hours in a workweek in violation of the FLSA.

8.      Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA and seeks to include all drivers who worked for Defendants through DSPs except those based in the state of Washington.

9.      The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

10.     The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose.  29 U.S.C. §§ 206, 207.

11.     These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees.   *See Billingsley v. Citi Trends Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

12.     As a non-exempt employee, Plaintiff is entitled to applicable overtime wages for each week he was suffered and permitted to work more than 40 hours by Amazon. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012), *cert. denied*, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

13.     Amazon failed to pay Plaintiff and similarly situated drivers for all overtime hours worked pursuant to a policy applicable to Plaintiff and similarly situated drivers,

Plaintiffs First Amended Nationwide Collective
Action Complaint 3
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

whereby Amazon required its DSPs to hire drivers as employees through the DSPs, not Amazon.

14.    As further explained below, Amazon jointly employed these drivers and is liable for overtime compensation owed to Plaintiff and the similarly situated drivers.

15.    Amazon's policies, practices, and conduct violate the FLSA, which requires non-exempt employees, such as the Plaintiff and other similarly situated drivers, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay and also to receive at least the federally mandated minimum wage per week. *See* 29 U.S.C. §§ 206, 207(a).

16.    Plaintiff BRADY EDMONDS brings this collective action to recover the unpaid overtime and minimum wages owed to him and all other similarly situated drivers employed by Amazon through DSPs nationwide.

17.    Plaintiff BRADY EDMONDS's consent to join this Section 216(b) collective action is being filed contemporaneously with this action.

## II.  JURISDICTION AND VENUE

18.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

19.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b).

Plaintiffs First Amended Nationwide Collective
Action Complaint 4
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

20.     Venue is proper in this judicial district because Defendants maintain their principal place of business within this judicial district, and the decisions to implement the policies and practices complained of herein were made within this judicial district.

### III. PARTIES

21.     Plaintiff, Brady Edmonds, worked for Amazon as a driver from June 2018 through February 2019.

22.     Mr. Edmonds regularly worked 10-15 hours per day and between 4-5 days per week.  But there were weeks where Mr. Edmonds worked six days.

23.     As a result Mr. Edmonds worked at least forty hours per week and worked over fifty hours per week virtually every workweek.  Mr. Edmonds shifts were generally not less than ten hours.

24.     Typically, Mr. Edmonds began working at approximately 7:00 a.m. and completed his delivery route between 6:00 p.m. and 7:00 p.m.

25.     Additionally, during the workweeks leading up to the holidays, Mr. Edmonds worked more than ten hours each shift.  One night, Mr. Edmonds did not finish his delivery route until 12:00 a.m.

26.     Neither Amazon nor the DSP through whom Mr. Edmonds was paid, paid him overtime compensation for hours worked beyond forty in a workweek.

27.     For example, during his first week on the job, Mr. Edmonds worked at least five ten-hour shifts or a total of at least fifty hours of work. Even though Mr. Edmonds worked ten or more hours of overtime that week, neither Amazon nor the DSP that paid Mr. Edmonds paid any overtime compensation to him.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

28.     Plaintiff performed work for Amazon in the greater Jacksonville, Florida area.

29.     Plaintiff's job as a driver was to take goods that had been transported in interstate commerce and deliver them to customers of Amazon.

30.     At all times relevant hereto, Plaintiff Brady Edmonds has been a current or former "employee" of Amazon as that term is defined by the FLSA, 29 U.S.C. § 201 *et seq*, because Amazon suffered and permitted him to work delivering its packages to Amazon customers in connection with their purchases from Amazon.com, controlled in whole or in part by Amazon.

31.     Defendant Amazon.com, Inc. is a foreign corporation that has its principal place of business at 410 Terry Ave N, Seattle, Washington 98216.

32.     ACI conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of this Court.

33.     ACI, may be served with process upon its registered agent in this state, Corporation Service Company, at 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

34.     Defendant Amazon Logistics, Inc., is a foreign corporation that has its principal place of business at 410 Terry Ave N, Seattle, Washington 98216.

35.     ALI conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of this Court.

36.     ALI, may be served with process upon its registered agent in this state, Corporation Service Company, at 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

Plaintiffs First Amended Nationwide Collective
Action Complaint 6
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

37.     Defendant Amazon.com Services, Inc., is a foreign corporation that has its principal place of business at 410 Terry Ave N, Seattle, Washington 98216.

38.     ACS conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of this Court.

39.     ACS, may be served with process upon its registered agent in this state, Corporation Service Company, at 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

40.     On information and belief, Amazon.Com, Inc., Amazon Logistics, Inc., and Amazon.Com Services, Inc., acted in all respects material to this action as the agent of the other and carried out a joint scheme, business plan, or policy in material respects hereto.

41.     Accordingly, the acts of Amazon.Com, Inc., Amazon Logistics, Inc., and Amazon.Com Services, Inc., are legally attributable to each other.

42.     The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

## IV.  FLSA COVERAGE

### A.     Employment Relationship

43.     The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. 203(d).

44.     On information and belief, Defendant Amazon.com, Inc., is the parent

Plaintiffs First Amended Nationwide Collective
Action Complaint 7
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

corporation of Amazon.com Services, Inc. (formerly Amazon.com, LLC), as well as Amazon Logistics, Inc., and together they operate one of the largest, if not the largest, ecommerce and logistics company in the world.

45.     Through the operation of the Amazon.com website (www.amazon.com) customers throughout the United States can and do purchase goods and/or materials that are then shipped throughout the United States to each customer's address.

46.     In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers, such as Plaintiff, provide.  The drivers' services are fully integrated into Amazon's business and managed by Amazon due to the level of control and oversight utilized by Amazon.

47.     Workers who effectuate the delivery of Amazon's customers' orders, such as the drivers here, are integral to Amazon's business and must be managed by Amazon to ensure the fluid and consistent flow of deliveries to customers.

48.     To ensure the highest customer service, satisfaction, and companywide uniformity, Amazon dictates and directly manages the work of Plaintiff and other local delivery drivers' or driver associates' (the term used by Amazon) employment in numerous ways by, among other things:

    a.   requiring all drivers to submit to an Amazon background check;

    b.   participating in the decision to hire delivery drivers;

    c.   providing training materials and training all drivers;

    d.   requiring all drivers wear Amazon branded clothing;

    e.   dictating the manner and type of clothing drivers wear;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

f.   determining the make, model, and style of delivery van to be used

g.   while delivering packages;

h.   on information and belief, providing financing to purchase delivery vans;

i.   requiring delivery vans contain Amazon insignia and logos (except when extra trucks are rented due to volume exceeding capacity during the busy season);

j.   requiring drivers to arrive at and load and unload Amazon packages

k.   from Amazon owned fulfillment and warehouse centers for delivery;

l.   monitoring the performance of pre-trip and post-trip delivery van inspections;

m.   requiring packages to be delivered to Amazon customers according to an exact schedule that dictates the order of delivery and provides the exact route to utilize;

n.   requiring drivers to report problems delivering packages directly to Amazon;

o.   controlling the method and manner of troubleshooting delivery issues;

p.   tracking delivery performance including but not limited to the number of packages delivered each day, the location of the driver at any given time, and the efficiency of the deliveries as reported through Amazon handheld devices or the Amazon Flex application for smart phones

q.   supervising the work of each driver on a daily basis;

r.   evaluating the performance of each driver on a periodic basis in accordance with Amazon specific policies and procedures; and

s.   disciplining drivers up to and including termination.

49.   The DSPs who contract with Amazon exist for the common business purpose of

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

providing local or last-mile delivery services to Amazon as an integral part of Amazon's business operation delivering Amazon packages directly to their customers.

50.     Stated differently, the DSPs provide a delivery driver labor force to Amazon to further Amazon's core business objective of providing delivery service to Amazon customers.

51.     On information and belief, the DSPs are directly and solely dependent on their delivery contracts with Amazon.

52.     On information and belief, most if not all of the DSPs exclusively service Amazon full time and have no other clients.

53.     On information and belief, the DSPs are solely dependent on payments made by Amazon to make regularly scheduled payroll to the Plaintiff and similarly situated delivery drivers.

54.     On information and belief, each DSP was required to execute a standard Amazon agreement that required the DSP to hire drivers as W-2 employees.

55.     Ostensibly, this was done so Amazon could/can shift wage and hour compliance from Amazon to the DSPs for its drivers.

56.     In this regard, the DSPs are little more than an administrator or employee leasing company for Amazon and an independent contractor in name only, dictating to driver the policies and directives of Amazon in accord with the agreement.

57.     Drivers, like Plaintiff, and DSPs in general, are not required to have any special skills; the delivery of Amazon packages is the only service provided by drivers.

58.     Because a major and core business objective of Amazon is to provide delivery services, Amazon cannot operate its business without the drivers.

Plaintiffs First Amended Nationwide Collective
Action Complaint 10
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

59.     Plaintiff and similarly situated delivery drivers are dependent on Amazon, at a minimum, because Amazon provides: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how and in what order to deliver the packages; (iii) delivery support in the event there is an issue delivering a particular package; and (iv) payment of wages through Amazon's payments under the delivery contracts with the DSPs.

60.     On information and belief, Amazon keeps an employee file for each driver that includes contact information, employment information, history of complaints/issues for that driver, training records of the driver, on and off duty time, and information on the vehicle each driver operated in order to make deliveries.

61.     Defendants are employers as defined under the FLSA.

62.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012), *cert. denied*, 134 S.Ct. 62 (U.S. 2013).

63.     Plaintiff and the proposed class members were employed by Defendants.

64.     Specifically, Plaintiff and the proposed class members were suffered and permitted to work unloading Amazon packages and delivering those packages on behalf of and for the sole benefit of Amazon.

65.     Defendants jointly employed Plaintiff and proposed opt-in plaintiffs as local or last-mile delivery drivers at various locations throughout the United States.

**B.     Enterprise and Individual Coverage**

66.     "The [FLSA] requires an employer to pay overtime compensation to an hourly

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

worker if the employee can establish individual or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017) (*citing Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006)).

67.    Amazon.com, Inc. is an enterprise as defined within section 3(r)(1) of the FLSA. *See supra* paras. 37-40.

68.    Amazon Logistics, Inc. is an enterprise as defined within section 3(r)(1) of the FLSA. *Id.*

69.    Amazon.Com Services, Inc. is an enterprise as defined within section 3(r)(1) of the FLSA. *Id.*

70.    Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc. are together an enterprise as defined with section 3(r)(1) of the FLSA. *Id.*

71.    FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce" or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A) (emphasis added); *see also Polycarpe. v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010).   Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008).   Because nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Id.*

72.    At all material times, Amazon has been an enterprise in commerce or in the

Plaintiffs First Amended Nationwide Collective
Action Complaint 12
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

production of goods for commerce and has had at least two employees who handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

73.     Amazon provides the last mile or local delivery of products and goods that are purchased from Amazon.com, the leading online retailer in the United States.

74.     Amazon is engaged in commerce, and Plaintiff and all those similarly situated regularly handle goods or materials that have been moved in or produced for commerce when delivering orders purchased on www.amazon.com.

75.     At all times relevant hereto, each Defendant had an annual gross volume of sales or did business of more than $500,000.00 per year.

76.     Collectively, at all times relevant hereto, Defendants had an annual gross volume of sales or did business of more than $500,000.00 per year.

77.     Therefore, at all material times relevant to this action, each Defendant was an enterprise under the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

**C.     Wage Violations**

78.     Plaintiff and the other drivers regularly worked more than 40 hours per week.

79.     Indeed, in virtually all workweeks Plaintiff worked 50 hours per week or more.

80.     Plaintiff and the other drivers were only paid a flat rate with no additional overtime compensation paid for their overtime hours worked.

81.      For example, during his first week on the job, Mr. Edmonds worked at least five ten-hour shifts for a total of at least fifty hours of work. Even though Mr. Edmonds worked ten or more hours of overtime that week, neither Amazon nor the DSP that hired Mr. Edmonds paid any overtime compensation to him.

Plaintiffs First Amended Nationwide Collective
Action Complaint 13
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

From June 2018 through February 2019, Plaintiff worked over 40 hours per week in virtually every workweek.  Despite his overtime hours worked, Plaintiff was not paid any overtime premiums, in violation of the FLSA.

82.     Under the FLSA, workers paid such flat rates are entitled to additional overtime compensation for overtime hours worked.

83.     Plaintiff and the similarly situated drivers here each drove vehicles during their employment with Amazon that had a Gross Vehicle Weight Rating of less than 10,000 pounds.

84.     The flat rates paid to drivers failed to compensate each of those drivers at a rate of one and one half times the driver's regular hourly wage for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

85.     Amazon failed to keep accurate records of the hours that Plaintiff and those similarly situated worked each week.

## V.  COLLECTIVE ACTION ALLEGATIONS

86.     Plaintiff brings this lawsuit pursuant to section 216(b) of the FLSA as a collective action on behalf of himself and the following class:

> All drivers or driver associates who were paid a "flat rate" and who delivered for Amazon anywhere in the United States other than the state of Washington within the three-year period preceding the filing of this Complaint (the "Class").

87.     Plaintiff and Class members have all been subjected to the same policies that violate the FLSA, namely they have been paid flat rates each week with no premium compensation for overtime hours worked.

88.     Plaintiff and the Class members are similarly situated in their claims against

Plaintiffs First Amended Nationwide Collective
Action Complaint 14
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

Defendants because their claim that Defendants employed or jointly employed them rely on a common set of facts regarding Defendants' control over their employment.

89.     Plaintiff and similarly situated employees worked for Defendants delivering items purchased to customers who purchased those items from Amazon.

90.     Amazon jointly employees Plaintiff and the Class members to perform a service integral to Amazon's business: the delivery of packages.  *See supra.*

91.     Plaintiff and Class members regularly worked in excess of forty hours in individual workweeks.

92.     Before driving their routes, Plaintiff and Class members were routinely required to unload Amazon trucks each day and load the Amazon vans prior to the start of their routes.

93.     Amazon failed to pay Plaintiff and Class members anything whatsoever for the time spent unloading the Amazon trucks and loading the Amazon vans before driving their designated route, typically two or more hours of work.

94.     Plaintiff and the Class were paid "flat rates" based on the number of days they worked, irrespective of the number of hours they worked each week.

95.     Amazon failed to pay Plaintiff and Class members the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual workweeks.

96.     Amazon, through its common policies, dictated the manner and means in which Plaintiff and the Class performed their jobs. *See supra*.

97.     Plaintiff and the Class are owed overtime wages by Amazon.

98.     The specific job titles or precise job responsibilities of each Class member do

Plaintiffs First Amended Nationwide Collective
Action Complaint 15
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

not prevent collective treatment.

99.    All Class members, irrespective of their job requirements, are entitled to overtime compensation for hours worked in excess of forty per workweek.

100.   All Class members, irrespective of the DSPs through whom they were employed by Amazon, are entitled to overtime compensation for hours worked in excess of forty per workweek.

101.   Although the exact amount of damages may vary across Class members, the damages for Class members can be easily calculated by a formula.

102.   The claims of all Class members arise from a common nucleus of facts.

103.   Liability is based on a systematic course of wrongful conduct by Amazon through the policies and practices described above that caused harm to all Class members.

104.   These policies and practices were uniformly applicable to Plaintiff and the Class and did not depend on any driver's personal circumstances.

105.   Rather, the same policies and practices that resulted in the non-payment of overtime to Plaintiff applied and continue to apply to all Class members, regardless of which DSP they were paid through.

106.   Amazon knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class.

107.   Amazon did not act in good faith or reliance on any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

Plaintiffs First Amended Nationwide Collective
Action Complaint 16
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

108.   During the relevant period, Amazon violated § 7(a)(1) and § 15(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a workweek.

109.   Amazon has acted willfully in failing to pay Plaintiff and the Class members in accordance with the law.

110.   Amazon has failed to maintain accurate records of Plaintiff's and the Class members' work hours in accordance with the law.

111.   Federal law mandates that an employer is required to keep for three years all payroll records and other records containing, among other things, the following information:

      a.    The time of day and day of week on which the employees' workweek begins;

      b.    The regular hourly rate or pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

      c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

      d.    The amount and nature of each payment that, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

Plaintiffs First Amended Nationwide Collective
Action Complaint 17
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 • FAX 954-327-3013

e.    The hours worked each workday and the total hours worked each workweek;

f.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

g.    The total premium for overtime hours, which excludes the straight-time earnings for overtime hours recorded under this section;

h.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.    The dates, amounts, and nature of the items that make up the total additions and deductions;

j.    The total wages paid each pay period; and

k.    The date of payment and the pay period covered by payment. 29 C.F.R. §§ 516.2, 516.5.

112.   Amazon has not complied with federal law and has failed to maintain such records with respect to Plaintiff and the Class.

113.   Because Amazon's records are inaccurate or inadequate, Plaintiff and Class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.,*

Plaintiffs First Amended Nationwide Collective
Action Complaint 18
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 • FAX 954-327-3013

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## VI. COUNT I

### Violation of the FLSA—Overtime Wages

*Plaintiff on behalf of himself and similarly situated employees*

114.   Plaintiff incorporates and re-alleges paragraphs 1 through 113 as though set forth herein.

115.   Amazon has violated the FLSA by its failure to pay Plaintiff and Class members one and a half times their regular rate of pay for all time worked in excess of forty in a workweek.

116.   Amazon directed Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks within the three years before the filing of this lawsuit.

117.   Amazon also directed Class members to work in excess of forty hours in individual workweeks within the three years before the filing of this lawsuit.

118.   Plaintiff and the Class are entitled to be paid overtime wages for all time worked in excess of forty hours in individual workweeks.

119.   Amazon did not pay Plaintiff and the Class overtime wages for all time worked in excess of forty hours in individual workweeks.

120.   Amazon's failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty hours in individual workweeks was a violation of the FLSA.

121.   Amazon failed to keep adequate records of the hours worked and pay earned by Plaintiff and Class members, in violation of section 211(c) of the FLSA.  29 U.S.C. § 211(c).

122.   Plaintiff and the Class are entitled to recover unpaid overtime wages for up to

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013

three years before the filing of this lawsuit because Amazon's violation of the FLSA was willful.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Amazon as follows:

That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

A.      A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class;

B.      Liquidated damages in the amount equal to the unpaid overtime wage owed to Plaintiff and the Class;

C.      Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D.      Such other and further relief as this Court deems appropriate and just.

## VIII.  JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Plaintiffs First Amended Nationwide Collective
Action Complaint 20
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 • FAX 954-327-3013

1

2   RESPECTFULLY SUBMITTED AND DATED this 30th day of December, 2019.

3                                              By:    s/Andrew R. Frisch

4                                                     Andrew R. Frisch (admitted *pro hac vice*)
                                                      Paul M. Botros (admitted *pro hac vice*)
5                                                     MORGAN & MORGAN, P.A.
                                                      8151 Peters Road, Suite 4000
6                                                     Plantation, FL  33324
                                                      Telephone: (954) Workers
7                                                     Email: afrisch@forthepeople.com
                                                      Email: pbotros@forthepeople.com
8
                                                      s/Toby J. Marshall
9                                                     Beth E. Terrell, WSBA #26759
                                                      Toby J. Marshall, WSBA #32726
10                                                    TERRELL MARSHALL LAW GROUP PLLC
                                                      936 North 34th Street, Suite 300
11                                                    Seattle, WA 98103-8869
                                                      Telephone: (206) 319-5450
12                                                    Email: bterrell@terrellmarshall.com
                                                      Email: tmarshall@terrellmarshall.com
13

14                                                    *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiffs First Amended Nationwide Collective
Action Complaint 21
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 • FAX 954-327-3013

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.


By:  *s/Andrew R. Frisch*
Andrew R. Frisch, Esq. (admitted pro hac vice)

Plaintiffs First Amended Nationwide Collective
Action Complaint 22
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL  33324
TEL. 954-318-0268 ● FAX 954-327-3013