THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADY EDMONDS, on behalf of himself and those similarly situated,<br><br>                               Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation;<br><br>                              Defendants. | No. 2:19-cv-01613-JLR<br><br>MOTION OF AMAZON DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED NATIONWIDE COLLECTIVE ACTION COMPLAINT<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 7, 2020 |

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND .................................................................................................................. 2

   A.   Allegations ................................................................................................................ 2

   B.   Related Litigation ..................................................................................................... 3

III. STANDARD ......................................................................................................................... 5

IV.  ARGUMENT ........................................................................................................................ 5

   A.   Plaintiff Fails To Plead Facts Establishing Any Wrongful Conduct Attributable To Amazon. ........................................................................................ 5

   B.   Plaintiff's Refusal to Cure This Deficiency In His Amended Complaint Militates Against Further Leave to Amend. .......................................................... 11

V.   CONCLUSION ................................................................................................................... 12

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - i
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. City of Beverly Hills*,
 911 F.2d 367 (9th Cir. 1990) ...........................................................................................12

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 570 (2007) ....................................................................................................5

*Cavallaro v. UMass Mem'l Healthcare, Inc.*,
 678 F.3d 1 (1st Cir. 2012) .......................................................................................... passim

*Curry v. Yelp Inc.*,
 875 F.3d 1219 (9th Cir. 2017) ...........................................................................................12

*Davis v. Abington Mem'l Hosp.*,
 817 F. Supp. 2d 556 (E.D. Pa. 2011) ...............................................................................6, 7

*Fidelity Fin. Corp. v. Fed. Home Loan Bank of S.F.*,
 792 F.2d 1432 (9th Cir. 1986) ...........................................................................................12

*Gibbs v. MLK Express Servs., LLC*,
 No. 2:18-cv-0434-FtN-38MRM, 2019 WL 1980123 (M.D. Fla. Mar. 28,
 2019) ........................................................................................................................ passim

*Gibbs v. MLK Express Servs., LLC*,
 No. 2:18-cv-0434-FtN-38MRM, 2019 WL 2635746 (M.D. Fla. June 27, 2019).................4, 9

*Ivery v. RMH Franchise Corp.*,
 280 F. Supp. 3d 1121 (N.D. Ill. 2017) .....................................................................8, 10, 11

*Johnson v. Serenity Transp., Inc.*,
 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015) ....................................................................6, 10

*Landers v. Quality Commc'ns, Inc.*,
 771 F.3d 638 (9th Cir. 2014) ...............................................................................................5

*Lee v. City of Los Angeles*,
 250 F.3d 668, 690 (9th Cir. 2001) .......................................................................................3

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - ii
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Mir v. Fosburg*,
    646 F.2d 342 (9th Cir. 1980) ............................................................................................12

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2d Cir. 2013)..............................................................................................6

*United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
    971 F.2d 244 (9th Cir. 1992) ............................................................................................3

*Smith v. Sullivan*,
    No. 09-5228-RJB-KLS, 2009 WL 4395717 (W.D. Wash. Dec. 1, 2009) ..............................3

**Statutes**

FLSA § 216(b) ............................................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................................3, 12

Fed. R. Civ. P. 15(a)(1)(B) .......................................................................................................12

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - iii
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# I. INTRODUCTION

Despite amending his Complaint, Plaintiff Brady Edmonds ("Plaintiff") still fails to address, much less remedy, a fundamental deficiency in his allegations against Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services LLC (formerly Amazon.com Services, Inc.) (collectively referred to herein as "Amazon"). Specifically, he fails to identify the Delivery Service Provider ("DSP") that hired and paid him, nor allege that Amazon was responsible for any allegedly illegal pay practice or how so. Although he alleges he was not paid overtime for hours worked in excess of forty per week, Plaintiff never worked for Amazon. Rather, a completely separate company, unaffiliated with Amazon, directly employed and paid him. Remarkably, however, Plaintiff steadfastly refuses to identify an actual employer. He still seeks to hide the ball. And that is because when the same counsel brought this virtually identical lawsuit in United States District Court for the Middle District of Florida in 2018, they named the actual employer, but that court rejected out-of-hand an attempt to certify nearly the same nationwide collective action of delivery drivers potentially involving hundreds of other actual employers that Plaintiff (and his counsel) pursue here. Instead, that court held that a collective action could proceed only with respect to those employees of the actual employer at the specific location where the plaintiff worked. Apparently, Plaintiff's counsel thinks this latest lawsuit might fare better if not tethered to this Plaintiff's real employer.

As a result, Plaintiff's Amended Complaint leaves Amazon and this Court to grasp at legal conclusions and intentionally opaque allegations in an effort to determine what exactly Plaintiff alleges Amazon to have done wrong. Even when those allegations are parsed—as best they can be—Plaintiff has not alleged that Amazon directed or participated in any

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 1
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

wrongful conduct related to the alleged wage violations.  Rather, he alleges that he and other Delivery Associates ("DAs") "were only paid a flat rate," purposefully obscuring the fact that Delivery Service Providers—not Amazon—hire and set pay rates and practices for DAs.  Plaintiff's artifice is as obvious as it is inappropriate, and the Court should reject it.

That Plaintiff did not attempt to remedy this deficiency in the Amended Complaint speaks volumes, and militates against granting him leave for further amendment.  Plaintiff has come into court with an intentionally incomplete complaint, and he declined the opportunity to fix that deficiency when amending.  He should not be rewarded for his efforts to mislead the Court with another chance to do so.

For these reasons, and those set forth below, Amazon respectfully requests that the Court grant its motion to dismiss Plaintiff's First Amended Nationwide Collective Action Complaint ("FAC").

## II.   BACKGROUND

### A.   Allegations

Plaintiff alleges that he worked "for Amazon" as a driver (a/k/a Delivery Associate) delivering packages to Amazon customers in the Jacksonville, Florida area from June 2018 through February 2019.  *See* FAC, Dkt. 24, at ¶¶ 21, 28.  He asserts claims for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA") against Amazon on behalf of a nationwide collective of similarly situated drivers.  FAC ¶¶ 7, 16.  Plaintiff concedes, however, that Amazon did not hire or pay him; rather, he was hired and paid by a DSP, which is a last mile delivery service company who "hire[d] drivers like Plaintiff[.]"  FAC ¶¶ 3-4.  Plaintiff alleges, on behalf of himself and a class of similarly situated individuals, that he was "only paid a flat rate with no additional overtime compensation paid

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 2
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

for [his] overtime hours worked." FAC ¶ 80. The FAC also states that DSPs, not Amazon, are responsible for paying DAs. *See* FAC ¶ 53 ("On information and belief, the DSPs are solely dependent on payments made by Amazon to make regularly scheduled payroll to the Plaintiff and similarly situated delivery drivers."). Indeed, notably absent from the FAC is any allegation that Amazon pays Plaintiff or other drivers or that Amazon directs DSPs to pay drivers a flat rate without overtime pay. *See* FAC ¶ 48. Plaintiff does not identify in the FAC the DSP who hired and paid him.

### B.     Related Litigation

On June 18, 2018, plaintiff Gregory Gibbs, through the primary attorneys who represent Plaintiff Edmonds in this action,[1] filed a putative nationwide collective action against Amazon and the DSP that directly employed him, alleging that he and other DAs were "directly and jointly employed" by Amazon and the DSPs. *See Gibbs v. MLK Express Serv., LLC*, Middle District of Florida, No. 18-cv-434, at Dkt. 1.[2] As here, Gibbs alleged that he and other DAs were paid a "flat rate" or "day rate," allegedly resulting in violations of the minimum wage and overtime provisions of the FLSA. *See id.* at Dkt. 35, ¶¶ 6, 7, 104-106, 118. Gibbs filed an amended complaint on September 14, 2018. *See id.* at Dkt. 35. And on September 20, 2018, Gibbs moved to conditionally certify a collective of "All Amazon local

---

[1]     Plaintiff's local counsel was not involved in the *Gibbs* litigation.

[2]     In ruling on a Rule 12(b)(6) Motion to Dismiss, the Court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). *See also Smith v. Sullivan*, No. 09-5228-RJB-KLS, 2009 WL 4395717, at *6 (W.D. Wash. Dec. 1, 2009) (courts may take judicial notice of other courts' decisions without converting a motion to dismiss into one for summary judgment "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.") (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

AMAGON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 3
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

delivery drivers or driver associates who were solely paid a purported 'day rate' and who worked for any company that contracted with Amazon.com to provide local delivery services at any location within the United States, within the three year period preceding June 18, 2018[.]" *Id.* at Dkt. 40.

On March 28, 2019, Magistrate Judge Mac McCoy issued a Report and Recommendation recommending that the district court deny Gibbs's request for conditional certification of the nationwide collective. The Magistrate Judge found that while DAs may have similar job duties and some DAs for some DSPs may receive a flat day rate, the fact that Amazon contracts with individual DSPs nationwide precluded a finding that all DAs working for all DSPs nationwide were similarly situated enough for collective action certification under Section 216(b) of the FLSA. *Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-0434-FtN-38MRM, 2019 WL 1980123, at *10 (M.D. Fla. Mar. 28, 2019) ("*Gibbs* Report and Recommendation"). The Magistrate Judge further found that the evidence did not show any Amazon nationwide "common pay policy or practice," and thus nationwide certification was not appropriate. *Id.* The District Court agreed, adopting this section of the *Gibbs* Report and Recommendation in its entirety. *See Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-0434-FtN-38MRM, 2019 WL 2635746, at *5, *7 (M.D. Fla. June 27, 2019) ("*Gibbs* Order on Conditional Certification") (granting in part and denying in part Plaintiffs' motion for conditional certification).[3]

---

[3] While rejecting Gibbs' motion for conditional certification of the nationwide collective under the FLSA, the *Gibbs* court granted certification of the limited collective at a single delivery station for delivery associates hired and paid by the named DSP co-defendant in the case. *Gibbs* Order on Conditional Certification, 2019 WL 2635746, at *11.

AMAGON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 4
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

### III. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id,* (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). Mere legal conclusions "are not entitled to the assumption of truth" and, instead, "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Stated differently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). The requirement of plausibility articulated in *Iqbal* and *Twombly* applies to minimum wage and overtime claims brought under the FLSA. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641-42 (9th Cir. 2014). Where a plaintiff fails to allege an adequate factual basis for his claims for recovery, dismissal is appropriate.

### IV. ARGUMENT

**A. Plaintiff Fails To Plead Facts Establishing Any Wrongful Conduct Attributable To Amazon.**

Plaintiff alleges that Amazon was his joint employer. Yet, Plaintiff fails to identify his direct employer – that is, he does not plead facts demonstrating what DSP set his rate of pay and issued him paychecks. Nor does he allege facts showing that Amazon directed or

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 5
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

participated in any wrongful conduct related to the alleged wage violations.  Accordingly, he fails to state a plausible claim for relief.

In seeking to hold a defendant liable as a joint employer, a plaintiff "must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant."  *Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015) (granting defendant's motion to dismiss FLSA claim where plaintiff failed to allege that defendant hired plaintiffs or set their rate of pay, even though fees received by direct employer from alleged joint employer contributed to direct employer's determination of pay rate).  Moreover, "some direct employer needs to be identified before anyone in the group could be liable on the theory that some or all were responsible," *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012), because "Plaintiffs' actual and direct employer is an essential element of notice pleading" in an FLSA action involving related defendants.  *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200-01 (2d Cir. 2013) (affirming dismissal of FLSA overtime claim where plaintiff failed to allege "the entity that directly employed the Plaintiffs") (citation omitted).

Here, Plaintiff fails to plead the identity of his actual DSP employer.  Thus, he pleads no facts identifying the employer "to which [he] reported each day; from whom [he] received [his] paycheck; [or] information about who, specifically, set [his] rate of pay and other conditions of employment; or who directly supervised [his] employment."  *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 563–64 (E.D. Pa. 2011).  In *Davis*, the plaintiffs filed a putative class and collective action against various hospital systems and their affiliates, alleging that they were not paid for all hours worked.  *See id.* at 559.  The defendants moved to dismiss on the grounds that plaintiffs failed to plead the existence of an employment

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 6
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

relationship, and the court agreed. *Id.* In doing so, it rejected plaintiffs' argument that "it is immaterial (1) for whom they actually performed services during their employment; and (2) the actual relationship of their direct employer with the [defendants]." *Id.* at 563. This was because "the Court cannot assess whether a joint-employer relationship exists without facts alleging the basic terms of the primary employment-employer relationship." *Id.* at 564. "Thus, Plaintiffs have put the cart before the horse: they fill the Amended Complaint with conclusory labels describing the relationships between the Defendants, but never allege for which of the . . . entities they actually worked or the nature of the relationship between those entities." *Id.* As the court observed, "Plaintiffs have taken the concept of 'joint employer' several steps too far." *Id.* at 563.

Similarly, the court in *Cavallaro* affirmed the district court's dismissal of the plaintiffs' putative class and collective action alleging FLSA violations. *Cavallaro*, 678 F.3d at 9. In that case, the district court found that the complaint failed to identify "the immediate employer" of the plaintiffs. *Id.* In dismissing, the First Circuit observed that the "[p]laintiffs do not suggest they were ignorant of which hospital directly employed their two named plaintiffs, nor would identifying an individual employer have waived a claim that associated entities were also responsible." *Id.* at 10 (internal citations omitted). The court chastised plaintiffs for their artful pleading: "A number of courts have made clear that they will not put up with game-playing omissions of plainly relevant detail, and we are increasingly sympathetic to this view." *Id.*[4]

---

[4] While the *Cavallaro* court did remand the FLSA claims to allow plaintiffs another chance to file an amended complaint, it did so only under the "peculiar circumstances" of that case, where the defendants removed a parallel state case to federal court on the grounds that two plaintiff employees "were directly employed under a CBA by a named defendant identified by defendants themselves." *Id.* at 10. No such

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 7
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The court in *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121 (N.D. Ill. 2017), came to the same conclusion in dismissing an FLSA joint employment claim where the plaintiff "fail[ed] to allege even the most basic facts concerning her employment . . . ; namely, who hired her, paid her, or directly supervised her work." *Id*. at 1129. "By omitting such information, the amended complaint fails to identify which of the defendant entities was Ivery's primary, direct employer. *That deficiency alone is enough to sink her claim.*" *Id.* (emphasis added). And like the *Cavallaro* court, the *Ivery* court disapproved of the plaintiff's game playing: "The omission of [the identity of the direct employer] from her complaint therefore suggests that her joint employer allegations should be viewed as an exercise in artful pleading rather than as a good faith effort to provide fair notice of a claim against RMH Franchise. A number of other courts have seen through this approach and made clear that there is no room for game-playing omissions of plainly relevant detail concerning a plaintiff's direct employer." *Id.* (quotations and citation omitted).

By failing to identify the DSP who hired and paid him, Plaintiff is engaging in the same type of gamesmanship that these courts have rejected. And he has now doubled down on his strategy by filing an FAC that fails to remedy this identified deficiency. Armed with the knowledge that the failure in *Gibbs* to connect the allegedly unlawful pay practices to Amazon doomed the plaintiffs' nationwide collective action claims, Plaintiff apparently tries to avoid such a finding by ignoring the DSP altogether. In *Gibbs*, the court refused to certify the proposed nationwide collective asserted by Plaintiff's counsel because plaintiffs in that case could not show that DAs nationwide are similarly situated, or that Amazon exercised a

---

circumstances are present in the instant case. Further, Plaintiff already has availed himself of his right to amend and has not taken the opportunity to fix this clear deficiency.

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 8
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

common pay policy or plan over DAs. *See Gibbs* Order on Conditional Certification, 2019 WL 2635746, at *5, *7. Specifically, the court adopted the Magistrate's finding that "[w]hile Plaintiffs have established that DAs share similar duties and that many are paid a day rate, this case is complicated by the fact that Amazon contracts with individual DSPs nationwide who in turn hire DAs." *Gibbs* Report and Recommendation, 2019 WL 1980123, at *10 (detailing why the evidence did not show employees were similarly situated and how a nationwide collective action would not be feasible); *Gibbs*, Order on Conditional Certification, 2019 WL 2635746, at *4-5 (adopting Report and Recommendation). To that end, the *Gibbs* plaintiffs' "vague assertions purportedly about Amazon [were] belied by Plaintiffs' specific assertions about DSPs[.]" *See Gibbs* Report and Recommendation, 2019 WL 1980123, at *11. Missing the point, it would seem that Plaintiff's counsel's approach here is not to provide more specific allegations about Amazon's supposed responsibility, but rather to remove the "specific assertions about DSPs" altogether.

Of particular relevance to this lawsuit, one of the reasons the *Gibbs* court rejected the nearly identical nationwide collective sought by Plaintiff here is that Plaintiff could not show a common pay policy directed by Amazon. In fact, in *Gibbs*, "[t]he evidence show[ed] the opposite: DSPs, not Amazon, control DA pay and many use different pay schemes that Amazon cannot control." *See Gibbs* Order on Conditional Certification, 2019 WL 2635746, at *6. It further rejected plaintiffs' "hazy" declarations because "they lump Amazon and individual DSPs into one and make allegations against Amazon without differentiating between the separate entities[,]" but "the allegations are clear that [DSPs] pay DAs." *Id.* at *7.

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 9
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

In an effort to get a second bite at the nationwide collective action that eluded them in *Gibbs*, Plaintiff's counsel filed this lawsuit. Here, Plaintiff attempts an end run around the defects of the same proposed nationwide collective that failed in *Gibbs*. He does not do so by providing new allegations that Amazon dictated a flat rate with no overtime for all Delivery Associates—because Plaintiff cannot truthfully make such allegations. Rather, Plaintiff does so by ignoring the payments by the DSPs to the DAs and pretending that Amazon is the only entity involved. Plaintiff's strategy appears to be that by obscuring that numerous different DSPs hire and set pay rates and practices for DAs, he will avoid another holding that DAs employed by different DSPs at different locations throughout the country are insufficiently similar to proceed as a representative collective action. Courts disapprove of omitting such plainly pertinent information from FLSA complaints premised on a joint employer theory in an attempt to "broaden the potential class," and the Court here should do the same. *See Cavallaro*, 678 F.3d at 9-10; *Ivery*, 280 F. Supp. 3d at 1129.

This selective omission renders Plaintiff's FAC insufficient to state a claim for the additional reason that it does not plead specific facts establishing how Amazon is related to his direct employer and how the conduct underlying the claims is attributable to each. *See Serenity Transp., Inc.*, 141 F. Supp. 3d at 990 (observing that "[a] plaintiff seeking to hold multiple entities liable as joint employers [under the FLSA] must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant."). Here, the conduct underlying the claims is the payment by DSPs of a flat rate to DAs without payment of overtime for weekly hours worked in excess of forty. Not only does the FAC fail to identify any specific DSP, it also does not allege facts showing, or even suggesting, that this conduct is attributable to Amazon. While Plaintiff

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 10
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

alleges that DSPs assign DAs to provide services to Amazon and its customers (*see* FAC ¶¶ 49-53), conspicuously absent are any allegations that Amazon set Plaintiff's pay or directed the DSP who directly employed Plaintiff to pay DAs in any particular manner. Plaintiff's amendments in response to Amazon's first Motion to Dismiss do not remedy this deficiency. *See* Amazon's Motion to Dismiss, Dkt. 21.

Plaintiff's use of the passive voice in alleging that he and other DAs "were only paid a flat rate" further underscores the FAC's deficiencies. *See* FAC ¶ 80. Surely, if Plaintiff could truthfully allege that *Amazon* paid DAs—whether a flat rate or otherwise—he would do so. This omission, unaddressed in the FAC, speaks volumes and smacks of the type of artful pleading rejected by courts considering such allegations. *See Cavallaro*, 678 F.3d 1 at 9-10; *Ivery*, 280 F. Supp. 3d at 1129. Because Plaintiff does not plead either (1) the identity of his direct employer or (2) facts showing that Amazon itself engaged in any allegedly wrongful conduct, the Court should dismiss his FAC.

### B. Plaintiff's Refusal to Cure This Deficiency In His Amended Complaint Militates Against Allowing Further Leave to Amend.

Amazon's first Motion to Dismiss identified two deficiencies in Plaintiff's original Complaint. Although Plaintiff attempted to remedy one deficiency in his FAC, he failed to remedy the second: his failure to identify his direct employer or allege any wrongful conduct attributable to Amazon. He therefore fails to state a claim. Given that Plaintiff declined his opportunity fix his deficient pleading, this Court can and should dismiss with prejudice.

"[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given the plaintiff one or more opportunities to amend his

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 11
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

complaint."[5]  *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (repeated failure to cure deficient pleadings provides grounds to deny leave to amend).  Denial of leave to amend is especially appropriate when "[t]he factual bases of the claims were known to [a plaintiff] long before" seeking leave (*see Fidelity Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986)) or when a first amended complaint fails to remedy deficiencies identified in an original complaint.  *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

Plaintiff knows the identity of the DSP who hired and paid him, and he had the opportunity to allege its identity in his FAC.  Likewise, Plaintiff had the opportunity to supplement his Complaint with allegations suggesting wrongful conduct by Amazon.  He took neither opportunity and should not be rewarded for his artful pleading with another chance to do so.  Accordingly, the Court's dismissal of Plaintiff's claims should be with prejudice.

## V.   CONCLUSION

Plaintiff's allegations are wholly insufficient to state a plausible claim against Amazon under Federal Rule of Civil Procedure 12(b)(6).  Accordingly, Amazon respectfully requests that the Court grant its motion to dismiss Plaintiff's First Amended Nationwide Collective Action Complaint.

DATED January 13, 2020

By: /s/Ryan D. Redekopp
Ryan D. Redekopp, WSBA #36853

---

[5] Plaintiff filed his first amended complaint pursuant to Rule 15(a)(1)(B) rather than by leave of the Court, but he has nevertheless had an opportunity to amend his complaint after being put on notice of Amazon's bases for dismissal.

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 12
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1
2      K&L GATES LLP
       925 Fourth Avenue, Suite 2900
3      Seattle, WA 98104
       Telephone: (206) 623-7580
4      Fax: (206) 623-7022
       Email: ryan.redekopp@klgates.com

5      /s/Christopher K. Ramsey
       Christopher K. Ramsey (admitted *pro hac*
6      *vice)*
       MORGAN LEWIS & BOCKIUS LLP
7      One Oxford Centre, 32nd Floor
       Pittsburgh, PA  15219-6401
8      Telephone: (412) 560-3300
       Email: christopher.ramsey@morganlewis.com
9
       Richard Rosenblatt (admitted *pro hac vice*)
10     MORGAN LEWIS & BOCKIUS LLP
       502 Carnegie Center
11     Princeton, NJ 08540-6241
       Telephone: (609) 919-6600
12     Email: richard.rosenblatt@morganlewis.com

13     Attorneys for Defendants Amazon.com,
       Inc., Amazon Logistics, Inc., and
14     Amazon.com Services, Inc.

15
16
17
18
19
20
21
22
23
24
25
26

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 13

Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2020, I caused to be electronically filed the foregoing MOTION OF AMAZON DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED NATIONWIDE COLLECTIVE ACTION COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED January 13, 2020

By: /s/Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Attorneys for Defendants Amacon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.

AMAZON DEFENDANTS' MOTION TO
DISMISS FIRST AMENDED COMPLAINT - 14
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022