UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADY EDMONDS, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation,<br><br>Defendants. | NO. 2:19-cv-01613-JLR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO AMAZON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED NATIONWIDE COLLECTIVE ACTION COMPLAINT** |

## I. INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington, Plaintiff Brady Edmonds respectfully submits this response in opposition to the pending motion to dismiss of Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services Inc.

Defendants' motion should be denied. Plaintiff's First Amended Nationwide Collective Action Complaint, comprising approximately 122 numbered paragraphs, far exceeds the pleading burden for FLSA claims in the Ninth Circuit. Plaintiff pleads factual allegations that, accepted as true, are sufficient to establish both Defendants' status as Plaintiff's employer and Defendants' violations of the FLSA. Defendants' arguments to the

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint 1
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

contrary fail.

Although it is brought under Rule 12(b)(6), Defendants' motion attempts to preemptively argue against Plaintiff's forthcoming motion to conditionally certify a nationwide collective of local Amazon delivery drivers—a motion Plaintiff is likely to prevail on. *See Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 70 (D. Mass. 2018) (conditionally certifying class of delivery drivers who worked for FedEx through different independent service providers ("ISP"), even though Plaintiff was not directly hired or paid by FedEx, because "Plaintiffs' complaint, affidavits, and FedEx Ground's SEC filing provide a reasonable basis for their claim that drivers who delivered FedEx packages had similar job responsibilities irrespective of which ISP hired and paid them, and that, by controlling the drivers' schedules and conditions of employment, FedEx Ground functioned as their joint "employer" under the FLSA's broad definition of that term."). But Plaintiff has not yet filed his motion to conditionally certify a collective. Thus, any arguments Defendants have strategically injected into their motion on that issue are not properly before the Court at this time.

On December 9, 2019, Amazon filed its initial motion to dismiss, arguing that Plaintiff failed to plead facts establishing any wrongful conduct attributable to Amazon—specifically, by not identifying the "DSP"[1] that hired and paid him—and that Plaintiff failed to plead a plausible claim for overtime violations. *See* Dkt. # 21. Although his initial complaint was

---

[1] A DSP or Delivery Service Provider is a third-party package delivery company created in order to contract with Amazon to handle the influx of Amazon customer orders. *See* Dkt. # 24 ¶ 3. As explained in Plaintiff's first amended complaint, although the DSP may hire the delivery drivers, Amazon directed and controlled Plaintiff and other drivers, dictating nearly every aspect of their delivery work. *See id.* ¶¶ 4-5, 43-65.

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint2
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

sufficient as pleaded, Plaintiff amended the complaint to provide additional information regarding the non-payment of overtime in specific workweeks. *See* Dkt. # 24.

Notably absent from Amazon's instant motion is the previous argument that Plaintiff failed to plead a plausible claim for overtime violations. This is because Plaintiff's amended complaint exceeds the pleading burden within the Ninth Circuit in order to state a claim upon which relief can be granted under the FLSA. Specifically, Plaintiff has adequately pleaded that he was an employee, employed by Amazon—a company who is engaged in interstate commerce—and that he worked more than forty hours during specific workweeks for which he was not compensated at the appropriate rate of pay for overtime hours worked during those weeks. *See Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015). That is all that is required, and thus, Defendants' motion should to be denied. Plaintiff was not, and is not, required to identify the DSP who paid him.[2]

---

[2] This is not an issue of first impression. In *Gibbs v. MLK Express Services, LLC et al.*—an FLSA collective action brought by Amazon local delivery drivers seeking unpaid overtime pay—the Amazon Defendants moved to dismiss plaintiffs' collective action claims on the same basis they argue here: their misplaced argument that Amazon could not have plausibly employed or jointly employed workers from unidentified DSPs. *See Gibbs v. MLK Express Services, LLC et al*., Amazon's Motion to Dismiss Plaintiffs' Nationwide Collective Action Complaint, No. 2:18-cv-00434-SPC-MRM, Dkt. # 23, at 9 (M.D. Fla. Aug. 30, 2018), attached hereto as **Exhibit A**. Rejecting this notion, the *Gibbs* court denied the Amazon Defendants' motion, holding that "[t]he court should focus on the relationship between the employer and the employee, not on whether the employee is more reliant on one employer or another." *Gibbs v. MLK Express Services, LLC et al*., Opinion and Order, No. 2:18-cv-00434-SPC-MRM, Dkt. # 116, at 8 (M.D. Fla. Feb. 7, 2019), attached hereto as **Exhibit B**. The *Gibbs* court held the allegations of plaintiffs that "Amazon manages the work of the delivery drivers or driver associates who are employed with other local delivery companies across the country, [and] Amazon exercises control over hiring, training, uniforms, delivery vans, pick up and drop off locations, schedules, and discipline [were] sufficient to establish Amazon as a joint employer. And the fact that Plaintiffs have not identified the nationwide delivery companies does not bar their collective claims at this stage." *See id*. at 9.

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint3
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

## II. RELEVANT FACTUAL BACKGROUND

On October 9, 2019, Plaintiff Brady Edmonds filed a nationwide collective action complaint against Defendants Amazon.com. Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc., alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. 207. Dkt. # 1.

On December 9, 2019, Defendants moved to dismiss Plaintiff's complaint, arguing that Plaintiff failed to plead facts establishing any wrongful conduct attributable to Amazon—specifically, by not identifying the DSP that hired and paid him—and that Plaintiff failed to plead a plausible claim for overtime violations because he did not identify a specific week where he worked more than forty hours but was not paid overtime. *See* Dkt. # 21.

Although his initial complaint was sufficient as pleaded, Plaintiff amended the complaint on December 30, 2019, and provided additional specificity regarding the non-payment of overtime in particular workweeks. *See* Dkt. # 24.

The amended complaint alleges that Plaintiff worked for Defendants as a non-exempt local delivery driver delivering Amazon packages to customers of Amazon.com and that Plaintiff was paid a day rate without payment of additional overtime compensation when he worked more than 40 hours in a given workweek. *See* Dkt. # 24 ¶¶ 21-27, 43-65, 78-85. Specifically, the amended complaint alleges that Plaintiff worked 10-15 hours per day, between four and five days per week but sometimes worked six days in a single workweek. *See* Dkt. # 24 ¶ 22. The amended complaint also alleges that Plaintiff worked at least 40 hours per week and worked over 50 hours in virtually every workweek. *See id*. ¶ 23.

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint 4
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

The amended complaint alleges that Plaintiff's shifts were generally not less than ten hours each workday. *Id.* ¶ 23. Plaintiff's workday generally began at approximately 7:00 a.m. and did not end until he completed his delivery route between 6:00 p.m. and 7:00 p.m. *See id.* ¶ 24. And during workweeks leading up to the holidays, Plaintiff worked more than ten hours each shift and recalls working until approximately 12:00 a.m. one night. *See id.* ¶ 25.

Plaintiff alleges that he was only paid a flat rate with no additional overtime compensation paid for the overtime hours that he worked each week. *See id.* ¶¶ 26-27, 80-81 ("Plaintiff and the other driver were only paid a flat rate with no additional overtime compensation paid for their overtime hours worked . . . . For example, during his first week on the job, Mr. Edmonds worked at least five, ten-hour shifts for a total of at least fifty hours of work. Even though Mr. Edmonds worked ten or more hours of overtime that week, neither Amazon nor the DSP that hired Mr. Edmonds paid any overtime compensation to him.").

Plaintiff's amended complaint devotes an entire section to the employment relationship between Plaintiff and Defendants, and the allegations alleged easily satisfy Plaintiff's burden to establish there is a plausible claim that Defendants are Plaintiff's employers at this early stage in the litigation. *Id.* ¶¶ 43-65. Likewise, the factual allegations exceed what is necessary to sufficiently state a claim that Defendants jointly employed Plaintiff. *See id.* Finally, Plaintiff sufficiently pleads that Defendants are subject to enterprise coverage under the FLSA and that Plaintiff is subject to individual coverage under the FLSA. *See* Dkt. # 1 ¶¶ 66-77.

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint5
Case No.: 2:19-cv-01613-JLR

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint5
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

### III. ARGUMENT AND AUTHORITY

**A. Standard of review.**

Courts disfavor motions to dismiss, which are frequently denied. *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986), *abrogated on other grounds by Yee v. City of Escondido, Cal.*, 503 U.S. 519 (1992). The federal rules require the plaintiff to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 545). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042 (9th Cir. 2015). A defendant's assertions that are contradicted or unsupported by the complaint should be disregarded. *See Lee v.City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**B. Plaintiff alleges facts sufficient to establish a plausible FLSA claim.**

1. <u>Plaintiff sufficiently pleads that Defendants employed or jointly employed him.</u>

Under the FLSA, the term "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The term "employer" is not to be construed in its common-law sense. *See Trauth v. Spearmint Rhino*

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint6
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

*Companies Worldwide, Inc.*, 2010 WL 11468627, at *4–5 (C.D. Cal. Feb. 23, 2010); *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297, 299 (5th Cir. 1975) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947)). Specifically, "the term . . . is not limited to the narrow conception of principal and agent, or master and servant, but is given a broad meaning so as to carry out the declared purpose of the [FLSA]." *Walling v. Atlantic Greyhound Corp.*, 61 F. Supp. 992 (E.D.S.C. 1945). "The Ninth Circuit has stated that the concept of joint employment should be defined expansively under the FLSA." *Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1232 (C.D. Cal. 2007) (citing *Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997)). The language should be interpreted as "intended to prevent employers from shielding themselves from responsibility for the acts of their agents." *Maddock*, 631 F. Supp. 2d at 1232-33 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983)).

The FLSA's definition of "employer" contemplates the possibility of simultaneous employers, each of which may be liable for wage violations. *See* 29 C.F.R. § 791.2(a). Thus, a worker may be an employee of two or more employers at the same time. 29 C.F.R. § 791.2(a). "[J]oint employment will generally be considered to exist when (1) the employers are not 'completely disassociated' with respect to the employment of the individuals and (2) where one employer is controlled by another or the employers are under common control." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003), citing 29 C.F.R. § 791.2(b).[3]

---

[3] "If an employee performs work that simultaneously benefits two or more employers, a joint employment relationship may exist. For example, a joint employment relationship exists where: (1) there is an arrangement between the employers to share the employee's services; (2) one employer acts directly or indirectly in the interest of the other employer in relation to the employee; (3) the employers are associated with one another, directly or indirectly, with respect to the employment of the employee

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint7
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

"The determination of whether an employer-employee relationship exists does not depend on 'isolated factors but rather upon the circumstances of the whole activity.'" *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983) (quoting *Rutherford*, 331 U.S. at 730), *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). The Supreme Court has stated that "the touchstone is 'economic reality.'" *Id.* (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).

In order to "assist district courts in divining the existence of an employer-employee relationship, the Ninth Circuit has established what it refers to as 'a useful framework.'" *Baird*, 172 F. Supp. 2d at 1310 (citing *Bonnette*, 704 F.2d at 1470). While it is not "etched in stone," the Ninth Circuit has stated that courts should examine whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Bonnette*, 704 F.2d at 1470; *Trauth v. Spearmint Rhino Companies Worldwide, Inc.*, 2010 WL 11468627, at *4 (C.D. Cal. Feb. 23, 2010). "These factors are intended to guide a court's analysis, but the ultimate determination must be based 'upon the circumstances of the whole activity.'" *See Trauth*, 2010 WL 11468627, at *4; *Rutherford*, 331 U.S. at 730; *Bonnette*, 704 F.2d at 1470 ("The four factors . . . provide a useful framework for analysis . . . but they are not etched in stone and will not be blindly applied.").

Plaintiff need not allege facts with regard to each of the four factors, and courts have considered the factors in "varying combinations to determine whether join[t] employment by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." *Trauth*, 2010 WL 11468627, at *5; 29 C.F.R. § 791.2(b).

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint 8
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 ● FAX 954-327-3013

exists." *See Trauth*, 2010 WL 11468627, at *5. No single factor is dispositive due to the highly fact-intensive and dependent inquiry that must be undertaken to determine whether two or more entities are joint employers. *See Hall v. DirecTV, LLC et. al.*, 846 F.3d 757, 764 (4th Cir. 2017). "Accordingly, 'toting up a score is not enough.'" *Id*. at 769-70 (citations omitted). Rather, "'one factor alone'—such as DirecTV's supervision and control of Plaintiffs' schedules—can give rise to a reasonable inference that plaintiffs will be able to develop evidence establishing 'that two or more persons or entities are 'not completely disassociated' with respect to a worker's employment if the [allegations] supporting that factor demonstrate that the person or entity has a substantial role in determining the terms and conditions of a workers' employment." *Id*. (citations omitted). This is true, especially at the pleading stage, where a plaintiff has not had the opportunity for full discovery. *Id*. (citing *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 145 (3d Cir. 2014); *see also Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015) (holding that at the pleading stage, plaintiffs relying on a joint employer theory are "not required to determine conclusively which [defendant] was their employer . . . or describe in detail the employer's corporate structure")).

Plaintiff's amended complaint, when read as a whole, sufficiently alleges that Amazon directly employed Plaintiff or was his joint employer. *See Amponsah v. Directv, Inc.,* 2015 WL 11578544, *2-3 (N.D Ga. August 12, 2015) (citing *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005), for the proposition that the complaint must be read as a whole when determining that *Amponsah*'s proposed amended complaint sufficiently pleaded joint employer allegations such that amendment would not be futile). Notably, the

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint9
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

court in *Amponsah* declined to deem an amendment futile in the face of the defendant's argument that "Plaintiffs fatally failed to identify, or describe their relationships with, the third-party subcontractor entities that employed them." *Id.* Specifically, the court stated:

> Moreover, nothing in Rule 8 (a) or the FLSA requires Plaintiffs to identify the third-party entities with which they contracted in order to establish a joint employment relationship with Multiband. *See* 29 C.F.R. § 791.2(b) (3) (providing that, when an employee performs work which simultaneously benefits two or more employers, a joint employment relationship will be considered to exist where the employers share control over the employee). Rather, the "focus of each inquiry must be on each employment relationship as it exists between the worker and the party asserted to be a joint employer." *Layton,* 686 F.3d at 1177 (quoting *Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996)).

*Id.* at *3; *see also Arwine-Lucas v. Caesars Enterprises Servs., LLC*, 2019 WL 4296496, at *2 (W.D. Mo. Feb. 25, 2019).

Likewise, in *Cringan v. DIRECTV*, No. 14-6113-cv-HFS, (W.D. Mo. Feb. 1, 2016) (Doc. 44), attached hereto as **Exhibit C**, plaintiffs alleged they were jointly employed but only identified defendant DIRECTV as their employer. The court rejected DIRECTV's argument that the failure to identify the other alleged employer was fatal to plaintiffs' claims. *Id*. at 5. The court held that plaintiffs' allegations regarding DIRECTV's employer status were sufficient, and the question of whether DIRECTV ultimately qualified as an employer under the FLSA would be resolved following discovery. *See id*.; *Arwine-Lucas,* 2019 WL 4296496, at *2 (denying defendants' motion to dismiss where plaintiff failed to name individual casinos as direct employers, holding plaintiffs need not identify both sides of joint employer relationship and allegations only have to support inference that named defendants were employers for

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint 10
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

purposes of the FLSA); *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1160 (10th Cir. 2018) (rejecting argument that plaintiff's complaint should be dismissed for failure to name individual franchisees where complaint asserted defendant violated FLSA by failing to keep records of its employees); *Polo-Echevarria v. Centro Medico del Turabo, Inc.*, 949 F. Supp. 2d 332, 337 (D.P.R. 2013) (denying defendant's motion to dismiss where plaintiff did not identify direct employer because based on complaint, court could infer that either single or joint employer test would be met); *Gibbs*, at 8 ("Amazon manages the work of the delivery drivers or driver associates who are employed with other local delivery companies across the country. Amazon exercises control over hiring, training, uniforms, delivery vans, pick up and drop off locations, schedules, and discipline… At this stage, this is sufficient to establish Amazon as a joint employer. And the fact that Plaintiffs have not identified the nationwide delivery companies does not bar their collective claims at this stage.").

As in the above-referenced cases, Plaintiff's amended complaint sufficiently sets forth facts establishing an employer/employee relationship between Amazon and Plaintiff. Specifically, Plaintiff alleges that:

> To ensure the highest customer service, satisfaction, and companywide uniformity, Amazon dictates and directly manages the work of Plaintiff and other local delivery drivers or drivers associates) the term used by Amazon) employment in numerous ways by, among other things: (a) requiring all drivers to submit to an Amazon background check; (b) participating in the decision to hire drivers; (c) providing training materials and training all drivers; (d) requiring all drivers wear Amazon branded clothing; (e) dictating the manner and type of clothing drivers wear; (f) determining the make, model, and style of delivery van to be used while delivering packages; (g) on information and belief, providing financing to purchase delivery vans; (h) requiring delivery vans to have Amazon insignia and logos (except when extra trucks are rented due to volume exceeding capacity during the busy season); (i) requiring drivers to

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint11
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

arrive at and load and unload Amazon packages from Amazon owned fulfillment and warehouse centers for delivery; (j) monitoring the performance of pre-trip and post-trip delivery van inspections; (k) requiring packages to be delivered to Amazon customers according to an exact schedule that dictates the order of delivery and provides the exact route to utilize; (l) requiring drivers to report problems delivering packages directly to Amazon; (m) controlling the method and manner of trouble shooting delivery issues; (n) tracking delivery performance including but not limited to the number of packages delivered each day, the location of the driver at any given time, and the efficiency of the deliveries as reported through Amazon handheld devices or the Amazon Flex application for smart phones; (o) supervising the work of each driver on a daily basis; (p) evaluating the performance of each driver on a periodic basis; (q) disciplining drivers up to and including termination.

Amended Complaint, ¶ 48.

Plaintiff's allegations squarely address the factors enumerated by the Ninth Circuit regarding employment and/or joint employment under the FLSA, especially considering the expansiveness of those definitions. *Torres-Lopez,* 111 F.3d at 639 ("This court has recognized that the concept of joint employment should be defined expansively under the FLSA".). Plaintiff alleges that "[t]he DSPs who contract with Amazon exist for the common business purpose of providing local or last-mile delivery services to Amazon as an integral part of Amazon's business operation delivering Amazon packages directly to their customers." *See* Dkt. #24 at 49-50 ("[s]tated differently, the DSPs provide a delivery driver labor force to Amazon to further Amazon's core business objective of providing delivery service to Amazon customers."); *see also Torres-Lopez,* 111 F.3d at 640 (setting forth eight non regulatory factors to consider when analyzing joint-employment including whether the service rendered is an integral part of the alleged employer's business). Plaintiff's delivery of Amazon packages is integral to the Defendants' core business of selling and delivering packages to customers of

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint12
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

Amazon.com. Plaintiff alleges that "the DSPs are directly and solely dependent on their delivery contracts with Amazon"; "most if not all DSPs exclusively service Amazon full time and have no other clients"; "the DSPs are solely dependent on payments made by Amazon to make regularly scheduled payroll to the Plaintiff and similarly situated delivery drivers.;" and "on information and belief each DSP was required to execute a standard Amazon agreement that required the DSP to hire drivers." *Id*. ¶¶ 50-54; *see also Torres-Lopez,* 111 F.3d at 644 (finding standard contracts without much negotiation of material terms to be indicative of a joint employer relationship). Plaintiff alleges "Plaintiff and similarly situated delivery drivers are dependent on Amazon, at a minimum, because Amazon provides: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how, and in what order to deliver the packages; (iii) delivery support in the event there is an issue delivering a particular package; and (iv) payment of wages through Amazon's payments under the delivery contracts with the DSPs." *Id.,* ¶ 59; *see also Torres-Lopez,* 111 F.3d at 644 (finding that specialty work performed pursuant to industry standards, the ownership of the facilities by the defendant, the fact employees performed piece work without any initiative, judgment or foresight, and that employees had an inability to increase their profit or loss through managerial skill were all indicative of an employment relationship). Here, Plaintiff drives a vehicle for the specific purpose of delivering Amazon packages to Amazon customers without any specific judgment or foresight since Defendants dictate the when, how and where of the deliveries. Further, Plaintiff is not capable of increasing his profit or loss through any managerial skill. Additionally, the Defendants own the distribution centers where Plaintiff, and others similarly

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint13
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

situated, begin and end their days delivering packages for Amazon. Finally, Plaintiff alleges, based on information and belief, that Amazon maintains employee files on each delivery driver. *See id.* ¶ 60.

Based on the totality of the circumstances and drawing all inferences in Plaintiff's favor at this early stage of the proceedings, Plaintiff has sufficiently alleged an employment relationship with Amazon. Additional facts regarding Plaintiff's relationship with the DSP are unnecessary to state claims for Amazon's liability to Plaintiff and the entire class of potential delivery drivers. *See* Dkt. # 24, ¶¶43-65*; Amponsah*, 2015 WL 11578544, *2-3; *Cringan*, No. 14-6113-cv-HFS, (Doc. 44); *Arwine-Lucas,*2019 WL 4296496, at *2. For these reasons, Amazon's Motion should be denied.[4][5]

---

[4] Contrary to Defendants' assertion, Plaintiff is **not** required to "plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant." *See* Defendants' Motion to Dismiss at 10 (citing *Johnson v. Serenity Transp, Inc*., 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015)). In *Johnson*, the district court dismissed plaintiff's complaint because he did not plead sufficient facts that would give rise to a plausible claim of joint employment based on totality of the circumstances using the *Bonnette* factors. *See Johnson*, 141 F. Supp. 3d at 993.

[5] Cases cited by Defendants regarding Plaintiff's election to omit the DSP who hired him directly are inapposite. First, none of the DSPs through whom Plaintiff worked are subject to the jurisdiction of this Court. Moreover, each of the cases cited by Defendants addressed whether the plaintiff had adequately alleged an employment relationship with the named defendant, not an asserted failure to specifically identify one of the possible employers in a joint employment scenario. *See, e.g., Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1128 (N.D. Ill. 2017) (holding plaintiff alleged no facts that would plausibly establish she was employed by RMH Franchise but giving plaintiff leave to amend her already first amended complaint.); *Cavallaro v. UMass Mem. Hosp., Inc*., 678 F.3d 1, 9-10 (1st Cir. 2012) (finding "joint employer" theory failed to withstand Rule 12(b)(6) motion because plaintiff pleaded no facts that, if proven, would establish any defendant acted as her direct employer); *Nakahata v. New-York Presbyterian Healthcare System, Inc*., 723 F.3d 192, 201 (2d Cir. 2013) (dismissed under Rule 12(b)(6) for failure to allege specific facts of employment or entity that directly employed plaintiffs); *Davis v. Abington Hosp*., 817 F.Supp.2d 556, 564-65 (E.D. Penn. 2011) (dismissed under Rule 12(b)(6) for failure to allege facts establishing employer-employee relationship).

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint14
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 ● FAX 954-327-3013

2. <u>Plaintiff has pleaded a plausible claim for overtime violations in his amended complaint.</u>

As a matter of first impression, the Ninth Circuit in *Landers* analyzed what degree of specificity was required to state a claim for failure to pay minimum and overtime wages under the FLSA post-*Twombly* and *Iqbal*, "keeping in mind that detailed facts are not required." *Landers*, 771 F.3d at 640-41. The Court of Appeals held that "a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* at 644-45.

In his amended complaint, Plaintiff alleges: (i) that he worked 10-15 hours per day, between four and five days per week, but sometimes working six days in a single workweek (Dkt. # 26 ¶ 22); (ii) that he worked at least 40 hours per week and worked over 50 hours in virtually every workweek *(id*. ¶ 23); (iii) that his shifts were generally not less than ten hours each workday (*id.*); (iv) that he generally began working each day at approximately 7:00 a.m. and completed his delivery route between 6:00 p.m. and 7:00 p.m. *(id.* ¶ 24); (v) that during the workweeks leading up to the holidays, Plaintiff worked more than ten hours each shift (*id.* ¶ 25); (vi) that he was only paid a flat rate for his work (*id*. ¶¶ 26-27, 80-81); and (vii) "neither Amazon nor the DSP that hired Mr. Edmonds paid any overtime compensation to him," including in a week in which he worked more than 50 hours (*id.* ¶¶ 26-27, 80-81). These allegations are sufficient to establish a claim that Defendants violated the FLSA.

Plaintiff also devoted an entire section in his amended complaint to the employment relationship between Plaintiff and Defendants, which exceeds Plaintiff's burden at this early

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint15
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

stage to establish that Defendants employed Plaintiff, either directly or jointly. *Id*. ¶¶ 43-65. Likewise, Plaintiff has set forth facts sufficient to establish that Defendants are subject to enterprise coverage pursuant to the FLSA and that Plaintiff is subject to individual coverage pursuant to the FLSA. *See* Dkt. # 1 ¶¶ 66-77.

Defendants appear to concede that Plaintiff cured any alleged deficiency that may have existed with regard to the identification of a specific week in which he worked more than 40 hours but was not paid overtime compensation. *Compare* Dkt. # 21, *with* Dkt. # 26. Indeed, Defendants' sole contention on its renewed motion is that Plaintiff fails to state a claim because "he failed to identify his direct employer or allege any wrongful conduct attributable to Amazon." *See* Dkt. # 26 at 11. As more thoroughly set forth above, Plaintiff has adequately plead facts establishing an employment relationship with Defendants. *See* supra Part III.B.1. Therefore, based on the facts alleged in Plaintiff's amended complaint, taking them as true, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has met his burden to state a claim upon which relief can be granted.[6]

## IV. **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion .

---

[6] Plaintiff amended his complaint on his own volition, not based on an order of the court holding that his complaint was deficient. Therefore, the cases cited by Defendant are inapplicable. *See Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) (denying leave to amend where **court** already gave plaintiff one or more opportunities to amend.); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (denying plaintiff leave to amend a fourth time); *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) (denying plaintiff leave to amend where **court** had already given him opportunity to amend and where amending would prejudice defendant); *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017) (denying plaintiff leave to amend where **court** already dismissed plaintiff's complaint, identifying deficiencies plaintiff failed to remedy in previously amended complaint).

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint16
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

Dated: February 3, 2020

Respectfully Submitted,

By: *Paul Botros*
Paul M. Botros, *Admitted Pro Hac Vice*
Email: pbotros@forthepeople.com
Andrew R. Frisch, *Admitted Pro Hac Vic*
Email: afrisch@forthepeople.com
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) Workers
Facsimile: (954) 327-3017

By: *Toby Marshall*
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint17
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013

# CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that on this 3rd day of February 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: */s/ Paul M. Botros, Esq.*
Paul M. Botros, Esq.

Plaintiff's Response in Opposition to Amazon Defendants'
Motion to Dismiss Plaintiff's Nationwide Collective Action
Complaint18
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
TEL. 954-318-0268 • FAX 954-327-3013