# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

GREGORY GIBBS, on behalf of himself and those
similarly situated,

        Plaintiffs,

   vs.

                                Case No. 2:18-CV-434-SPC-MRM

MLK EXPRESS SERVICES, LLC, a Florida
Limited Liability Company; AMAZON
LOGISTICS, INC., a Foreign for Profit Corporation;
AMAZON.COM SERVICES, INC., a Foreign for
Profit Corporation; MANIHONG M.
PHANOUVONG, Individually; and LILA V.
PHANOUVONG, Individuals,

        Defendants.
_____/

**AMAZON'S MOTION TO DISMISS**
**<u>PLAINTIFF'S NATIONWIDE COLLECTIVE ACTION COMPLAINT</u>**

**I.      <u>INTRODUCTION</u>**

Plaintiff Gregory Gibbs asserts claims for unpaid overtime against MLK Express Services,

Inc. ("MLK").  Plaintiff alleges that MLK employed him at its Fort Myers location for 20 weeks

as a delivery driver.  Plaintiff alleges that MLK was a delivery services "contractor" delivering

packages to customers of Amazon Logistics, Inc. and Amazon.com Services, Inc. ("Amazon").

Plaintiff alleges that MLK paid his wages on a flat day-rate basis.  Even if true, these alleged facts

are insufficient to state a plausible claim that MLK owes overtime pay to Plaintiff, let alone that

Amazon owes it.  Just as importantly, Plaintiff's allegations are not remotely sufficient to support

a "nationwide collective action" on behalf of all employees of every contractor that provides

package delivery services to Amazon customers everywhere in the United States.

Plaintiff lards his complaint with legal conclusions and recitations of the elements of an overtime claim.  But Amazon cannot be liable for overtime damages unless and until Plaintiff makes out a claim for unpaid overtime against MLK.  Here, however, Plaintiff *has not even pleaded* a plausible claim against MLK.  Since there is no plausible claim against MLK, there is no plausible claim against Amazon.

Likewise, Plaintiff's nationwide collective action claim is singularly implausible: a single driver (Gibbs) employed by a single delivery services contractor (MLK) at a single facility in a single geographic location (Fort Myers) alleges a single wage-payment method (day rate). Plaintiff (and his counsel) do not allege a single fact about, or even identify by name, any other driver, any other delivery services company (in Fort Myers, in Florida, or anywhere nationwide), or any other wage payment method (e.g., hourly, piece rate, route rate, salaried, bonuses, etc.), any job duties or requirements, or any common policies or practices.  Given this dearth of facts (or, apparently, personal knowledge or reasonable inquiry), Plaintiff also fails to allege a single fact regarding any other individual's receipt of overtime compensation (e.g., when, where, what time of day, or hours worked; what type of timekeeping system was used to track regular or overtime hours; the supervisor(s) for each plaintiff to whom overtime issues were addressed, if any; the supervisor(s) who knew about the alleged overtime worked; the types and length of breaks taken each day; the nature of any company's policies on wage payment, breaks, hours worked, etc.).  Nor does Plaintiff aver a single fact about the alleged "joint employment" of any other driver by any unidentified contractor and any defendant that would support imputing a claimed violation by a contractor who employs drivers to Amazon, for whom the contractor provides delivery services.

Amazon respectfully requests that the Court grant its motion to dismiss.

## II.   <u>STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  Mere legal conclusions "are not entitled to the assumption of truth" and, instead, "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Stated differently, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.  Where a plaintiff fails to allege an adequate factual basis for his claims for recovery, dismissal is appropriate.

## III.   <u>MEMORANDUM OF LEGAL AUTHORITY</u>

### A.   **Plaintiff Fails To Plead A Plausible Claim For Overtime Violations.**

Plaintiff fails to allege an adequate factual basis for his claim that MLK (or any defendant for that matter) unlawfully failed to pay overtime wages, let alone any facts as to the amount or frequency of such purported violations.  Plaintiff's overtime claim should thus be dismissed.

To state a claim for unpaid overtime, Plaintiff must plead sufficient facts to show "as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under [the] FLSA."  *Rance v. Rocksolid Granit USA, Inc.*,

292 F. App'x 1, 2 (11th Cir. 2008) (citing *Caro–Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513 (11th Cir. 1993)) (internal quotation marks omitted).  Specifically, a plaintiff is obliged to "provide examples . . . of such unpaid time . . . or describe the nature of the work performed during those times." *Pruell v. Caritas Christi*, 678 F.3d at 14-15 (1st Cir. 2012); *see also Rance*, 292 F. App'x at 2 (holding that Plaintiff failed to provide any evidence of the amount and extent of his work and, consequently, his pleading was deficient).  Where a plaintiff fails to meet this standard, the Court should dismiss the complaint.  *See Id.* (affirming district court's dismissal of plaintiff's overtime claim).[1]

Plaintiff falls well short of the *Iqbal/Twombly* standard.  Plaintiff's Complaint offers only the following threadbare conclusions:

- "During the course of his employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks."  Compl. at ¶ 43.

- "Defendants failed to pay Plaintiff and similarly situated employees the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks."  Compl. at ¶ 44.

- "During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA . . . for one

---

[1] The *Rance* decision is at odds with another unpublished Eleventh Circuit opinion from the same year. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (holding that the Secretary's generalized allegations provided adequate notice from which the employer could determine the basis of the cause of action).  Although some courts in this circuit have followed *Labbe* without citing *Rance*, several more have rejected the holding in *Labbe*, reasoning that the case was either incorrectly decided or otherwise abrogated by the subsequent Supreme Court decision in *Iqbal*, which extended *Twombly* to all causes of action. *See, e.g., Stafflinger v. RTD Constrs., Inc.*, No. 15-1564-TBS, 2015 WL 9598825, at *3 (M.D. Fla. Dec. 14, 2015), *report and recommendation adopted*, 2016 WL 48110 (M.D. Fla. Jan. 5, 2016) (adopting post-*Iqbal* standard and rejecting *Labbe*); *Posso v. Rent-A-Car of Ft. Lauderdale, Inc.*, No. 13-61016, 2013 WL 12157799, at *2 (S.D. Fla. Nov. 1, 2013) (rejecting *Labbe* and citing *Iqbal*); *Perez v. Muab, Inc.*, No. 10-62441, 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011) (declining to adopt *Labbe*).  This exact issue concerning FLSA pleading requirements is pending in a fully-briefed appeal before the Eleventh Circuit following a recent dismissal of an FLSA claim that omitted many of the same necessary allegations omitted by Plaintiff here. *See Cooley v. HMR of Ala., Inc.*, 259 F. Supp. 3d 1312 (N.D. Ala. 2017) (expressly rejecting *Labbe* and holding that plaintiffs "must provide sufficient factual allegations to support a reasonable inference that they worked more than forty hours in at least one workweek and that the [d]efendant failed to pay the requisite overtime premium for those hours"), *appeal filed*, No. 18-10657 (11th Cir. Feb. 21, 2018).  Given the growing weight of authority applying *Iqbal* and *Twombly* in claims alleging FLSA violations, Plaintiff's deficient pleading, which offers no factual basis for the legal assertions therein, should be dismissed.

or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week."  Compl. at ¶ 52.

- "Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit."  Compl. at ¶ 56.

- "Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks."  Compl. at ¶ 59.

- "Defendants did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks."  Compl. at ¶ 60.

The foregoing allegations do nothing more than formulaically recite the elements of an FLSA overtime claim without providing any basis to reasonably infer the "amount and extent" of alleged unpaid overtime.  The Complaint fails to put any defendant on notice such that it can meaningfully investigate Plaintiff's claims and prepare its defense.  Accordingly, the Court can, and should, dismiss the Complaint.  *See, e.g., Wiggins v. Atlantech Distrib., Inc.*, No. 15-02478-EAK-TBM, 2016 WL 3951328, at *3 (M.D. Fla. July 20, 2016) (granting motion to dismiss because plaintiff failed to provide any factual basis "on which this Court can make a just and reasonable inference as to the amount and extent of his work"); *Hernandez v. Anderson*, No. 14-577-PRL, 2015 WL 3514483, at *5 (M.D. Fla. June 4, 2015) (granting motion to dismiss where, "other than providing the general timeframe during which he worked, and claiming that he was not compensated for 'off the clock work,' 'travel between jobsites,' and 'skipping lunches,' [plaintiff] fails to provide any dates or date ranges during which he worked overtime, or any other factual basis on which this Court can make a just and reasonable inference as to the amount and extent of [his] work") (internal quotations and citations omitted); *St. Croix v. Genentech, Inc.*, No. 12-0891-EAJ, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012) (dismissing overtime claim where plaintiff offered only conclusory assertions that she worked more than 40 hours per

workweek and "provides no dates or date ranges during which she worked overtime or any other factual basis on which this Court can make a 'just and reasonable inference' as to the amount and extent of her work"); *Gigena v. Tapas & Tintos, Inc.*, No. 10-23422, 2010 WL 11451387, at *4 (S.D. Fla. Nov. 30, 2010) (dismissing complaint because plaintiff failed to "approximate the alleged number of hours worked for which she did not receive pay and the time period for which she is claiming unpaid overtime"); *see also Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) ("[P]laintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay."), *cert. denied*, 138 S. Ct. 635 (2018); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (rejecting *Labbe* as contrary to *Iqbal*); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241-42 (3d Cir. 2014) (adopting the standard articulated by the Second Circuit in *Lundy*) *Pruell*, 678 F.3d at 13 (holding the phrase "regularly worked hours over 40 in a week and were not compensated for such time" failed "to cross the line between the conclusory and the factual") (internal quotations and citations omitted).

> **B.**     **Plaintiff Fails To Plead A Plausible Claim For Collective Action Treatment.**

In addition to alleging facts regarding the "amount and extent" of work performed by similarly-situated employees, a representative of a putative collective action must allege facts sufficient to demonstrate proposed collective members are "similarly situated with respect to job requirements and pay provisions." *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1221 (M.D. Fla. 2003); *St. Croix*, 2012 WL 2376668, at *3. To do so, a plaintiff must provide a

factual description of the job duties of allegedly similarly-situated employees, as well as the applicable terms of payment. *See St. Croix*, 2012 WL 2376668, at \*3; *see also Pickering v. Lorillard Tobacco Co.*, No. 10-0633, 2011 WL 111730, at \*2-3 (M.D. Ala. Jan. 13, 2011).

1.    **Plaintiff Has Pleaded Facts Woefully Insufficient To Support A Reasonable Inference That Other Employees Of MLK Received Inappropriate Amounts Of Overtime Compensation.**

Plaintiff fails to meet the minimum pleading threshold for collective actions.  As an initial matter, Plaintiff fails to allege a factual basis from which the Court can draw a "reasonable inference" that he or any similarly-situated MLK employee was not properly compensated. Plaintiff's sole factual allegation describing the work for which he and the allegedly similarly-situated collective were paid is that "[e]ach morning, Plaintiff and similarly situated employees report to a warehouse operated by Amazon/ALI, located at 4697 Elevation Way, Fort Myers, Florida, where their vans are loaded with Amazon merchandise, and where they receive work instructions and direction from Amazon."   Compl. at ¶ 41(c).   This allegation is woefully insufficient to plead the "amount and extent" of uncompensated work.  The words "each morning" at most vaguely estimate the time of day work begins. Plaintiff does not allege facts regarding hours worked in any workweek or the amount and extent of hours worked over 40 in any workweek.  This allegation does not state a plausible claim on behalf of Plaintiff, let alone a nationwide collective.  For this reason alone, the collective action claim should be dismissed.

2.    **Plaintiff Has Pleaded Facts Woefully Insufficient To Support A Reasonable Inference That Employees Of Unidentified Contractors Received Inappropriate Amounts Of Overtime Compensation.**

Plaintiff loosely defines the expansive putative collective with labels and legal conclusions:

- "This nationwide collective action is intended to include all similarly situated local drivers who deliver for Amazon regardless of which contracting company they work through."  Compl. at ¶ 39 n.1.

- The proposed class "performed the same or similar job duties as one another in that they provided local delivery service at the direction and on behalf of one or more of the Defendants." Compl. at ¶ 46.
- Plaintiffs "were subjected to the same pay provisions in that they were all paid 'day rates,' but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek." Compl. at ¶ 47.

Based solely on these scant, conclusory allegations, Plaintiff proposes a grossly overbroad collective: "All Amazon local delivery drivers who worked for Defendants and/or *any other company that contracted with Amazon* . . . to provide local delivery services nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks." Compl. at ¶ 49 (emphasis added).

Plaintiff's expansive definition extends to ***all drivers*** employed by any of the hundreds of other unidentified delivery service providers throughout the United States who may pay in myriad ways (e.g., hourly, piece rate, route rate, salaried, bonuses, etc.). As written, this would include employees of FedEx, UPS, and the United States Postal Service, all of whom contract with Amazon to provide delivery services. Yet, the only somewhat descriptive fact alleged about the drivers in the putative collective is that "each morning" they report for work at a warehouse "located at 4697 Elevation Way, Fort Myers, Florida."

Similarly, Plaintiff fails to allege facts regarding the pay policies of the unidentified "contracting companies," the terms and conditions of work at such companies, or the amount and extent of the work performed by the allegedly similarly-situated employees. In fact, Plaintiff does not allege on information and belief that individuals working for these other "contracting companies" at any location or individuals working for MLK at non-Fort Myers locations were subject to the allegedly unlawful practices underlying his FLSA claim. Because the Complaint "contains no factual basis by which to assess whether Plaintiff and the other employees throughout the nation are similarly situated," the Court should dismiss the collective action claims. *See, e.g.*,

*Pickering*, 2011 WL 111730, at *2–3 (dismissing complaint where plaintiff failed to provide a description of the job duties and set forth no allegations of similar pay provisions for plaintiff's proposed collective action class); *St. Croix*, 2012 WL 2376668, at *3 (dismissing complaint where plaintiff "provides no description of the job duties . . . of the alleged similarly situated employees" and also failed to plead "any allegations concerning the similarly situated employees' pay provisions"); *Dyer v. Lara's Trucks, Inc.*, No. 12-1785, 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) (dismissing complaint where plaintiff failed to provide factual allegations to provide defendants with fair notice of plaintiff's putative class).

### C. Nor Has Plaintiff Pleaded A Plausible Claim For Collective Action Treatment Against Amazon With Respect To Employees Of Unidentified Contractors Because Plaintiff Alleges No Facts Upon Which To Draw A Reasonable Inference That Amazon And Any Unidentified Contractor "Jointly Employ" Drivers.

Finally, Plaintiff has failed to plead facts alleging that Amazon or any other defendant jointly employed an employee of an unidentified delivery service providers. Specifically, Plaintiff has failed to plead a single fact regarding Amazon's relationship with any entity other than MLK because Plaintiff has no personal knowledge of the terms and conditions of employment with other "contracting companies."

Plaintiff purports to seek certification of a class encompassing all "local delivery drivers" regardless of where they work or "which contracting company they work through." Compl. at ¶ 49. Putting aside that Plaintiff has pleaded no facts sufficient to establish that he is similarly situated to anyone outside of MLK in Fort Myers, Florida, Plaintiff attempts to place Amazon on the hook for these unidentified contracting companies' alleged liability by baselessly alleging that Amazon is the "joint employer" of Plaintiff and other similarly situated employees. *Id.* at ¶ 41.[2]

---

[2] The dearth of facts alleged in the Complaint confirms Plaintiff's lack of personal knowledge regarding the unidentified companies and suggests Plaintiff conducted something far short of a reasonable inquiry before asserting his claims. Plaintiff's basis for identifying nine "related" cases allegedly involving the "same issue of fact" in his

"'[W]hether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the [FLSA] depends upon all the facts in the particular case.'" *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (quoting 29 C.F.R. § 791.2(a)).  To assess joint employment status, Eleventh Circuit courts look to guidance provided by the Code of Federal Regulations, as well as the economic realities of the alleged employment relationship at issue. *Layton v. DHL Exp.*, at 1175-78.  Courts consider the following factors when evaluating "economic realities": (1) the nature and degree of control of the workers; (2) the degree of supervision; (3) the power to determine pay rates or methods of payment; (4) the right to hire, fire, or modify employment conditions; (5) the preparation of payroll and the payment of wages; (6) the ownership of the facilities where the work occurred; (7) the performance of a specialty job integral to the business; and (8) the investment in equipment and facilities. *Id.* at 1176–78.

Plaintiff does not allege a single fact that plausibly establishes joint employment status. Specifically, Plaintiff fails to plead whether or how or when or where or by whom any individual employed by an unidentified delivery service provider exercised control over his own work, was supervised or controlled, or trained, scheduled, hired, or subject to termination by the unidentified service provider, much less Amazon or any other defendant.  Similarly, Plaintiff does not allege facts regarding ownership of or investment in the facilities and equipment.  There is not a single fact regarding the alleged "day rate" payment system underlying Plaintiff's asserted claims and how such a system underlies any other individual's claim. *See* Comp. at ¶¶ 41(a)-(g).  Strangely,

---

Notice of Pendency of Other Actions, ECF No. 9 (7/5/18), is similarly unclear.  For example, the plaintiff in the first case, *King v. Amazon.com.dedc, LLC* (No. 18-21464 S.D. Fla.)*,* was a warehouse worker, not a driver, and there was no alleged joint employer.  In the second case, *Bravo v. On Delivery Services, LLC* (No. 18-1913 N.D. Cal.), the plaintiff was not a driver and alleged independent contractor misclassification.

**PAGE 10 OF 12**

however, Plaintiff alleges all *nationwide* "similarly situated employees" reported to *Fort Myers* each day for work. *Id.* at ¶ 41(c).

In short, Plaintiff has not alleged any fact about Amazon controlling or directing an unidentified company's employee's work, or otherwise engaging in the type of conduct that could give rise to joint employer liability with respect to any unidentified "contracting company." *See Layton v. Percepta, LLC*, No. 17-1488-DCI, 2018 WL 3150252, at *3 (M.D. Fla. May 17, 2018), *report and recommendation adopted*, 2018 WL 3136004 (M.D. Fla. June 27, 2018) (denying leave to file amended complaint to add an additional party where plaintiff failed to explain how the facts alleged "satisfy the pleading standard as it relates to what [p]laintiff is attempting to allege (i.e., a joint employment relationship), considering the applicable Code of Federal Regulations and multi-factor economic realities test utilized by the Court."). Plaintiff's vague and overly broad collective action allegations against Amazon (and the other defendants) should be dismissed.

## IV. CONCLUSION

Plaintiff's omission of facts and reliance on "labels and conclusions, and a formulaic recitation of the elements of a cause of action" is wholly insufficient to state a plausible claim against Amazon or any other defendant under Federal Rule of Civil Procedure 12(b)(6), *Twombly*, and *Iqbal*. Accordingly, Amazon respectfully requests that the Court grant is motion to dismiss and dismiss in its entirety the Complaint.

Dated:  August 30, 2018           Respectfully submitted,

                                  */s/ Mark E. Zelek*
                                  Mark E. Zelek
                                  Florida Bar No. 667773
                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                  200 South Biscayne Boulevard, Suite 5300
                                  Miami, FL  33131-2339
                                  Telephone:  305.415.3303
                                  eFacsimile:  877.432.9652
                                  mark.zelek@morganlewis.com

                                  *Attorneys for Defendants Amazon Logistics, Inc.*
                                  *and Amazon.com Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on August 30, 2018, Defendants Amazon Logistics, Inc. and Amazon.com Services, Inc.'s Motion to Dismiss Plaintiff's Nationwide Collective Action Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                  */s/ Mark E. Zelek*
                                  Mark E. Zelek