# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| Chad Cringan, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:14-6113-CV-SJ-HFS |
| | ) | |
| DIRECTV, Inc., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This is a Fair Labor Standards Act ("FLSA") minimum wage and overtime case brought by eleven individual plaintiffs against DIRECTV, LLC. Plaintiffs are current and former technicians who installed and repaired DIRECTV satellite television equipment in Missouri. Pending before the Court is Defendant DIRECTV, LLC's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 28).

---

[1] This case has a significant procedural history. Plaintiffs Cringan, Flynn, Gardner, Lattimore, Samm, Schieber, and Weitkemper ("Lang plaintiffs") opted in to a similar collective FLSA action against DIRECTV pending in the Eastern District of Louisiana. Lang v. DIRECTV Inc., No. 10-1085 (E.D.La.). After discovery showed that plaintiffs' damages would be difficult to calculate on common proof at trial, the Lang court decertified the class and dismissed the opt-in plaintiffs without prejudice (and also tolled the statute of limitations to permit the opt-in plaintiffs to refile their individual claims.). These former Lang plaintiffs then filed their individual claims in a related action in the Central District of California, Acfalle v. DIRECTV, No 13-8108-ABC (C.D.Ca.). The Lang plaintiffs (and all non-California plaintiffs) were eventually dropped from that case too but permitted to refile their claims in states where they performed installation work for DIRECTV. Plaintiffs Friend, Hobbs, Mahoney, and Riley ("Arnold plaintiffs") filed consents to become party plaintiffs in Arnold v. DIRECTV, Inc., No. 10-cv-0352, a conditionally certified collective action pending in the Eastern District of Missouri. Pursuant to a Proposed Case Management Plan and Order, the court dismissed without prejudice the class of certain opt-in plaintiffs who did not fit into a subclass, and tolled the statute of limitations to allow them to refile their individual claims. The Lang and Arnold plaintiffs then combined forces to file this action. (Doc. 1). This Court temporarily stayed the case pending a ruling by the JPML on Plaintiffs' Motion for Consolidation and Transfer of Related Actions pursuant to 28 U.S.C. § 1407. (Doc.

1

**Background Facts**:

Plaintiffs allege that DIRECTV is the largest provider of satellite television services in the United States. (Par. 1). DIRECTV uses a network of Providers (the "Provider Network") who supply DIRECTV with a workforce of technicians to install and repair its equipment. Plaintiffs are current and former technicians who installed DIRECTV satellite television equipment in Missouri. None of the plaintiffs were directly employed by DIRECTV, and the complaint alleges that a majority of the plaintiffs worked for DTV Home Services II, a member of DIRECTV's provider network, who is not named as a defendant in this litigation. (Pars. 75, 79, 83, 87, 91, 95, 99, 103, 107, 111, 115).

Plaintiffs allege that DIRECTV manages DIRECTV's Provider Network from its headquarters in El Segundo, California, and that DIRECTV was the primary, if not the only, client of the Providers and the source of substantially all of each Provider's income. (Pars. 22-24).

DIRECTV controls the Provider Network through detailed agreements known as Home Services Provider Agreements, Services Provider Agreements, and Secondary Provider Agreement of Equipment Installation and Service (collectively "Provider Agreements"). (Par. 26). The Provider Agreements establish parallel if not identical business relationships between DIRECTV and each Home Service Provider and subcontractor and contain the same policies, procedures, performance standards, and payment method requirements. (Par. 26).

The Provider Agreements require technicians to wear DIRECTV shirts, show customers DIRECTV identification cards, and display DIRECTV insignia on vehicles driven to customers' homes for installation. (Pars. 28, 31). Technicians receive their daily work schedules assigned through DIRECTV's dispatch system, known as SIEBEL, a database used to coordinate

---

11) The Panel denied the motion on February 6, 2015, and this Court ordered the stay lifted on March 4, 2015. (Doc. 14).

assignment of particular work orders to technicians using a technician's unique "Tech ID Number." (Par. 29). After receiving the daily work schedules, technicians call the customer to confirm arrival time, and then were required to check-in by telephone with DIRECTV via its dispatch system when they arrived at the customer's home and after completing the installation. (Par. 30). After completing the installation, Plaintiffs coordinated with DIRECTV employees to activate the customer's service. (Par. 30).

Before plaintiffs could receive work orders assignments from DIRECTV, they were required to obtain certification from the Satellite and Broadcasting Communications Association. (Par. 52). In addition, DIRECTV uses a network of quality control personnel and field managers to oversee and review the work performed by the technicians. (Pars. 53, 54)

Plaintiffs acknowledge that DIRECTV neither administered payroll nor directly paid them. (Par. 47). However, plaintiffs state that their pay was determined indirectly by DIRECTV because they were paid under a "piece-rate" payment scheme. Under that system, plaintiffs were paid on a per-task basis for satisfactorily completing a DIRECTV-approved satellite installation system and for certain enumerated "productive" tasks. (Pars. 59, 60). Plaintiffs allege that they were not paid for other related work such as: assembling satellite dishes, driving to and between job assignments, reviewing and receiving schedules, calling customers to confirm installations, obtaining required supplies, assisting other technicians with installations, performing required customer education, contacting DIRECTV to activate service, working on uncompleted installations and on "rollback" installations (where plaintiffs had to return to a previously completed installation). Plaintiffs contend that DIRECTV's piece-rate system constitutes an effort to deliberately deny Plaintiffs minimum wages and overtime compensation in violation of the FLSA.

Plaintiffs also allege that they were subjected to "chargebacks" and their pay would be

reduced if there were issues with installations or questions from a customer, generally within ninety days of activation. (Par. 63).  In addition, those technicians who were classified as independent contractors were also required to purchase supplies necessary to perform installation such as screws, poles, concrete and cables.  Plaintiffs contend that these policies failed to compensate plaintiffs for all hours worked and resulted in Plaintiffs routinely working more than forty hours in a work week while being denied minimum wages and overtime pay. (Par.68).

DIRECTV now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to meet the pleading requirements of Rule 8(a)(2). DIRECTV asserts that the complaint should be dismissed because plaintiffs have failed to:  (1) allege the existence of an employment relationship between DIRECTV and the technicians; (2) state a plausible claim for overtime or wage violations under the FLSA; and (3) allege willful conduct that would trigger the three-year statute of limitations.

**Standard for Dismissal.**

A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead enough facts to state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly,  550  U.S. 544, 545   (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v Iqbal, 556 U.S. 662, 678 (2009) (citation omitted.)  When considering a motion to dismiss, this Court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. Id.

**Employment Relationship under the FLSA.**

DIRECTV first argues that plaintiffs have not pled sufficient facts to establish that they were employees of DIRECTV under the FLSA. Specifically, DIRECTV states that plaintiffs' failure to identify the entity with which DIRECTV allegedly jointly employed each plaintiff is fatal to their claim of establishing joint employment.

The existence of an employee-employer relationship is a prerequisite to asserting a claim under the FLSA, 29 USC § 216(b), and the plaintiff bears the burden of proving the existence of an employer-employee relationship. Reich v. ConAgra, Inc., 987 F.2d 1357, 1360 (8th Cir. 1993). "Employer" is defined broadly and includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An employee may have multiple employers that are simultaneously liable under the FLSA when the evidence shows that separate persons or entities exercise some level of control over the employee. 29 CFR § 791.2; Lochiano v. Compassionate Care, LLC, 2012 WL 4059873, at *2 (W.D. Mo.). In determining whether an individual or entity is an employer, courts within the Eighth Circuit consider the totality of the circumstances, evaluating the "economic reality" of the parties' relationship. Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 961 (8th Cir. 2015); Blair v. Wills, 420 F.3d 823, 829 (8th Cir. 2005). In applying the economic realities test, four factors are typically considered: whether the alleged employer: (1) had the power to hire and fire plaintiff; (2) supervised and controlled plaintiff's work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained plaintiff's employment records. Arnold v. DIRECTV, LLC, 2011 WL 839636, at *6 (E.D.Mo.).

DIRECTV first points out that plaintiffs failed to articulate whether they were independent contractors or employees of the providers and failed to provide details as to their employment relationship with the providers. For example, DIRECTV asserts that plaintiffs must include

5

allegations as to how they were paid, who hired or fired them, and who maintained their employment records. Absent this information, DIRECTV states plaintiffs cannot establish that DIRECTV was their joint employer, and that this Court recognized the necessity of these allegations in Loyd v. Ace Logistics, LLC, 2008 WL 5211022, at *4 (W.D. Mo. 2008).

DIRECTV's argument fails to consider the appropriate standard of review governing a motion to dismiss. Although the information DIRECTV points to is relevant evidence in determining whether DIRECTV may qualify as an employer under the FLSA, it does not follow that plaintiffs are required to include these specific allegations in their complaint. All that is required is that plaintiffs provide sufficient factual allegations to support a plausible claim that DIRECTV acted "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

The missing allegations highlighted by DIRECTV relate to the four factors used in determining whether an employment relationship exists. None of the four factors used to determine employment status are dispositive, however, and instead, courts look to the totality of the circumstances. Roeder v. DIRECTV, Inc., 2015 WL 5602050, at *4-6 (N.D.Iowa). Antenor v. D&S Farms, 88 F.3d 925 (11th Cir 1996), relied on by DIRECTV, decided the employment question on a motion for summary judgment, not a motion to dismiss. 88 F.3d at 929. As far as the Loyd case, the deficiencies found in the Loyd complaint were different than those highlighted here. In that case, plaintiff named three defendants as employers and the complaint did not differentiate the role of each defendant. Here, plaintiffs' complaint only concerns the alleged violations of DIRECTV. Plaintiffs are not required to determine conclusively establish whether DIRECT qualifies as their employer at the pleading stage. Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitively the elements of the claim before discovery, particularly in cases where the necessary information is within the

6

control of the defendants. Plaintiffs have alleged specific and detailed facts describing the control asserted by DIRECTV over their daily work, and these allegations, viewed in the light most favorable to plaintiffs, support a reasonable inference that DIRECTV acted as an employer for the purpose of the FLSA. Dowd v. DIRECTV, LLC, 2016 WL 28866, at* 4 (E.D. Mi.) (rejecting similar argument).

The allegations here are far more specific than those recently analyzed by the Eighth Circuit in Ash, in which the complaint provided no additional facts beyond allegations that defendants "shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control." 799 F.3d at 961. The Eighth Circuit instructed that if the plaintiffs had alleged such facts as the name on their business cards, the identity of their supervisors, the source of their work schedules, and the information that they were given when they were hired, the court could draw the reasonable inference of an employer relationship. Id. The missing allegations noted by the Eighth Circuit in Ash are present in this complaint.

Based on plaintiffs' admissions that DIRECTV did not hire, fire, or pay them directly, DIRECTTV next asserts that the allegations in the complaint are insufficient to establish that the plaintiffs can be considered employees of DIRECTV. For support, defendant cites three cases which have granted motions to dismiss for these same reasons: Hall v. DIRECTV, LLC, No. 14-2355 (D. Md. 2015), Anaya v. DIRECTV, LLC, 2015 WL 5896171 (N.D. Ill.), and Hebron v. DIRECTV, LLC, 2015 WL 6164954 (N.D. Ill.).

DIRECTV's position fails to consider this Court's standard of review on a motion to dismiss and also ignores substantial and persuasive authority to the contrary of the three cited cases. Most compelling is the decision from the Eastern District of Missouri in Arnold v. DIRECTV, Inc., 2011 WL 839636 (E.D. Mo.), which denied a substantially similar motion to

7

dismiss. Id. at * 6-7 ("Plaintiffs allegations that they were required to wear 'DirecTV' uniforms and display 'DirecTV' magnets and window stickers on their vehicles lends support for their asserting that the named Defendants were employers under the statute.") . The majority of courts which have considered the relationship between DIRECTV and technicians on a motion to dismiss have reached the same conclusion. See, e.g., Doucette v. DIRECTV, Inc., 2015 WL 2373271, *5 (W.D. Tenn.); Chesley v. DIRECTV, Inc., 2015 WL 3549129, at *4 (D.N.H.); Roeder v. DIRECTV, Inc., 2015 WL 5603050, at * 4-5; Berger v. DIRECTV, Inc., 2015 WL 1799996, at *6 (D. Or.); Renteria-Camacho v. DIRECTV, Inc., 2015 WL 1399707, at *2 (D. Kan.); Lang v. DIRECTV, Inc., 735 F.Supp.2d 421, 432-34 (E.D. La. 2010).

Plaintiffs have alleged sufficient facts to support their claim that DIRECTV was their employer for the purpose of the FLSA.

**Minimum Wage and Overtime Claims.**

DIRECTV argues that plaintiffs have not pled sufficient facts to establish a minimum wage or overtime violations.

Plaintiffs have alleged that they were "routinely" subjected to working at a wage rate less than the applicable minimum wage because they were not compensated for all hours worked, DIRECTV did not reimburse them for all necessary business expenses, and that they were subject to "charge backs" from their pay. DIRECTV characterizes these allegations as "labels and conclusions'" insufficient to support their claim. Relying on Landers v. Quality Communications Inc., 771 F.3d 638 (9th Cir 2014), DIRECTV asserts that plaintiffs must allege: (1) how many hours they worked for which they were not compensated and in which weeks they worked those hours; (2) what their rate of pay was; (3) what amount of business expenses they incurred or which they were not reimbursed; and (4) the number and amount of charge backs

8

that were allegedly deducted from their pay. (Doc. 29, p.19). DIRECTV states that plaintiffs have failed to specify at least one work week in which they worked in excess of forty hours and were not paid overtime wages and that the mere statement that a plaintiff "regularly" or "consistently" worked more than forty hours but was not paid overtime do not satisfy the pleading requirements. Landers, 771 F.3d at 645. DIRECTV's position is that because plaintiffs have failed to pinpoint a specific workweek in their factual allegations supporting the FLSA minimum wage and overtime claims they have failed to meet the pleading requirements to establish a minimum wage or overtime violation.

"To be sure, there is authority for requiring a FSLA minimum wage and overtime plaintiff to set forth in the complaint details such as their hourly pay rate." Arnold, 2011 WL 839636, at *7. Nevertheless, DIRECTV has overstated the holding and the reach of the language cited in Landers. Roeder, 2015 WL 5603050, at *8 ("Landers does not govern in this case, because it is not controlling precedent within the Eighth Circuit"). Additionally, the Ninth Circuit noted in Landers that to survive a motion to dismiss an FLSA complaint should "estimate the length of plaintiff's average workweek during the applicable period, or the average rate of pay, or amount of overtime believed to be owed, or any other facts that will permit the court find plausibility." 771 F.3d at 645 (emphasis added). Here, plaintiffs have alleged a detailed account as to the specific policies and practices of DIRECTV which support their claim that they did not receive minimum wage or overtime compensation. The specific allegations concerning chargebacks, failure to reimburse business expenses, failure to compensate for certain enumerated tasks, all provide sufficient detail to support a reasonable inference that plaintiffs did not receive minimum wage or overtime compensation in compliance with the FLSA. Berger, 2015 WL 1799996, at * 8 ("mathematical precision" not required; plaintiff may draw on personal experience and memory to allege facts demonstrating compensation below minimum pay).

9

In addition, the Ninth Circuit clarified the language cited from the Landers decision in Boon v. Canon Business Solutions, 2015 WL 675112 at *1 (9th Cir. 2015). After the district court dismissed plaintiff's claim for failure to state a claim and failing to plead with specificity as described in Landers, the Ninth Circuit reversed, stating plaintiff met the general pleading requirements because he "identified the tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week." Boon, 2015 WL 675112, at *1. Accord Arnold, 2011 WL 839636, at * 7.

**Willful Violation.**

Finally, DIRECTV argues that plaintiffs have failed to plead sufficient facts that DIRECTV engaged in any willful violation of the FLSA such that the imposition of a three-year statute of limitations is appropriate. See 29 USC § 255(a) (provides for an extension of the two-year statute of limitation for "willful" violations). To allege willfulness, plaintiffs must allege that DIRECTV knew, or showed reckless disregard for whether its conduct was unlawful under the FLSA. DIRECTV argues that plaintiffs allegations regarding willfulness are those pertaining to its "fissured employment scheme" and that a fissured employment scheme is not per se illegal under the FLSA. See Chesley, 2015 WL 3549129, at * 7.

A FLSA violation is willful if "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Doucette, 2015 WL 2373271, at *5. DIRECTV's argument that because a fissured employment scheme is not per se illegal does not address plaintiffs' factual allegations that DIRECTV's underlying purpose was a willful attempt to avoid obligations under the FLSA. Plaintiffs outlined the policies and practices of DIRECTV and these allegations are sufficient to support a plausible claim of willfulness. See, e.g., Doucette, 2015 WL 2373271, at *5; Mabry v. Directv, LLC, 2015 WL 5554023, at *5 (W.D. Ken.)

10

For the reasons set forth above, it is hereby ORDERED that DIRECTV's motion to dismiss the complaint pursuant to Federal Rule 12 (b)(6) is DENIED. (Doc. 28 ). It is further

ORDERED that Plaintiffs' Conditional Motion for Time within Which to Seek Leave to Amend Should Court Grant Defendant's Motion to Dismiss is DENIED as moot. (Doc. 35).

/s/ Howard F. Sachs
Howard F. Sachs
United States District Court Judge

February 1, 2016

Kansas City, Missouri