THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADY EDMONDS, on behalf of himself and those similarly situated,<br><br>                                Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation;<br><br>                                Defendants. | No. 2:19-cv-01613-JLR<br><br>REPLY IN SUPPORT OF MOTION OF AMAZON DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED NATIONWIDE COLLECTIVE ACTION COMPLAINT<br><br>NOTED FOR: FEBRUARY 7, 2020 |

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.     INTRODUCTION

In his Response in Opposition to Amazon Defendants' Motion to Dismiss Plaintiff's First Amended Nationwide Collective Action Complaint, Plaintiff Brady Edmonds continues to refuse to identify his direct employer, doubling down on the hide-the-ball tactics in his Amended Complaint. He cites several cases from outside this Circuit to argue that his direct employer should remain anonymous, but those cases are readily distinguishable. On the other hand, the cases cited by Amazon explain that identification of the direct employer is an essential part of pleading a joint employer relationship in a Fair Labor Standards Act ("FLSA") case like this one. Those cases reject the gamesmanship engaged in by Plaintiff, as should this Court. In addition to furtively concealing the identity of his actual employer, and despite recounting at length the allegations he contends show that Amazon acted as his joint employer, Plaintiff again fails to allege, as he must, that Amazon was responsible for any allegedly illegal pay practice at the heart of his allegations. For these reasons, as further detailed below and in Amazon's original Motion, the Court should grant Amazon's Motion and dismiss Plaintiff's First Amended Nationwide Collective Action Complaint ("FAC").

## II.     ARGUMENT

### A.     Plaintiff's Refusal To Identify His Direct Employer, By And Of Itself, Is Grounds For Dismissal.

Plaintiff argues that he need not identify his direct employer to survive Amazon's Motion to Dismiss. *See* Plaintiff's Response ("Resp."), Dkt. 34, at pp. 7-10. He is mistaken. Courts have found dismissal appropriate where, as here, a plaintiff engages in artful pleading to obscure the identity of his direct employer. *See Cavallero v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012) (where "plaintiffs' counsel appear to have been omitting pertinent information from their complaints, possibly to . . . broaden the potential class[,]"

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 1
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

"courts have made clear that they will not put up with game-playing omissions of plainly relevant detail[.]") (footnote omitted); *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1129 (N.D. Ill. 2017) ("The omission of [the identity of the direct employer] from her complaint therefore suggests that her joint employer allegations should be viewed as an exercise in artful pleading rather than as a good faith effort to provide fair notice of a claim against [the defendant]. A number of other courts have seen through this approach and made clear that there is no room for game-playing omissions of plainly relevant detail concerning a plaintiff's direct employer.") (quotations and citation omitted).

The Court should also reject Plaintiff's claim that courts disfavor motions to dismiss, citing the outdated *Hall v. Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986) case. *Hall* was decided under pre-*Twombly* and *Iqbal* pleading standards, where a complaint was not subject to dismissal unless it "appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1274 n.9 (*citing Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)) (footnote omitted). *Hall* quoted 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Civil § 1357, at 598 (1969), for this rule, but that language does not appear in the current edition of that treatise. Wright & Miller now reads:

> [f]or many years after the promulgation of the Federal Rules of Civil Procedure the motion to dismiss for failure to state a claim was viewed with disfavor and was rarely granted; in many cases and in many courts, that restrained approach to the use of the motion continued to be the norm for several decades. In more recent years, however, a number of federal courts, as has been true with summary judgment motion practice, have been more willing to dismiss under Rule 12(b)(6) . . . .

Wright & A. Miller, Federal Practice & Procedure, Civil § 1357 (3d ed. 2019).

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 2
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

That Plaintiff gives such short shrift to Amazon's authority is telling. Plaintiff devotes just a single footnote in his 16-page brief to discussing Amazon's case law. Even there, he provides no reasonable explanation for his intentional refusal to identify the Delivery Service Provider ("DSP") that hired and paid him—let alone the hundreds of other DSPs from around the country who were the direct employers of the massive class he seeks to represent. In fact, Plaintiff admits that his decision not to plead the identity of his direct employer DSPs was strategic, but he offers only a one-sentence legal non-sequitur as his rationale: "[N]one of the DSPs through whom Plaintiff worked are subject to the jurisdiction of this Court." Resp. at p. 14, n.5. Amazon's Motion does not seek dismissal based on Rule 12(b)(7) for failure to join a party under Rule 19, so whether the DSPs Plaintiff worked for are subject to this Court's jurisdiction is irrelevant. Rather, Amazon's argument is that Plaintiff's allegations fail as a matter of law because they do not identify his (or anyone else's) direct employer, which is an essential element of pleading in an FLSA joint employment case. *See Cavallero*, 678 F.3d at 9-10; *Nakahata v. NY-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200-01 (2d Cir. 2013).

Contrary to Plaintiff's assertion, the cases that Amazon cites in its motion are on point and their reasoning applies here. In *Davis v. Abington Memorial Hospital*, 817 F. Supp. 2d 556 (E.D. Pa. 2011), the court dismissed the plaintiffs' FLSA claims where, as here, they failed to allege "who, specifically, set their rate of pay and other conditions of their employment; or who directly supervised their employment." *Id.* at 563. As here, the *Davis* plaintiffs argued that "the actual relationship of their direct employer with the various Named Defendants" was immaterial "because all defendants are liable under either the joint-employer or single-employer theory of liability." *Id.* The court rejected their argument because it

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 3
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

"cannot assess whether a joint-employer relationship exists without facts alleging the basic terms of the primary employment-employer relationship." *Id.* at 564.  It found that in the absence of factual allegations about who exercised primary control over the plaintiffs, it could not "embark on a joint-employer analysis." *Id.*  The same is true in this case.

Likewise, in *Cavallaro* the First Circuit considered "[w]hether the complaint stated a claim without identifying the direct employer[.]" *Cavallaro*, 678 F.3d at 9.  The plaintiffs argued that their allegations were sufficient because all of the affiliated entities they identified operated as an integrated entity or joint employers, but the court disagreed: "even on these theories *some direct employer needs to be identified before anyone in the group could be liable* on the theory that some or all were responsible." *Id.* at 9-10 (emphasis added).  The Second Circuit came to the same conclusion in *Nakahata*, because "Plaintiffs' actual and direct employer is an essential element of notice pleading" in an FLSA action.  *Nakahata*, 723 F.3d at 201.  Plaintiff's attempt to distinguish *Ivery* is also unavailing.  There, the court dismissed claims against an entity related to other defendants because—just as here—the plaintiff's allegations "fail to 'differentiate' between the three defendants[.]" *Ivery*, 280 F. Supp. 3d at 1128.  And because the plaintiff failed to allege which entity hired her, paid her, or supervised her work, she failed to identify which entity was her direct, primary employer.  *Id.*  "That deficiency alone [was] enough to sink her claim." *Id.*

The cases (mostly unpublished) that Plaintiff does cite, meanwhile, are readily distinguishable, and none are binding on this Court.  For example, the plaintiffs in *Amponsah v. Directv, Inc.*, No. 14-cv-3314, 2015 WL 11578544 (N.D. Ga. Aug. 12, 2015), did not argue that "the third-party entities with which they contracted"—the "secondary intermediaries" described below—were their joint employers, as Plaintiff here does with respect to his DSPs.

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 4
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Id.* at *3. In that case, DIRECTV contracted with a network of entities, who in turn directly employed plaintiffs to install equipment. *Id.* at *1. The network was comprised of "principal intermediaries," who contracted directly with DIRECTV, and "secondary intermediaries," who subcontracted with the principal intermediaries. *Id.* The plaintiffs sought to hold DIRECTV and the principal intermediaries, who were named in the complaint, liable as joint employers. *Id.* The court dismissed plaintiffs' original complaint because it failed to allege adequate facts to establish a joint employment relationship with DIRECTV and the named principal intermediaries, not with the secondary intermediaries. *Id.* at *2. Accordingly, when it granted leave to amend, it did so because "[t]he First Amended Complaint responded to the deficiencies by alleging facts that, taken together, give rise to the inference of a joint employment relationship [between DIRECTV and the principal intermediaries]." *Id.* at *3. Thus, it is no surprise that the *Amponsah* plaintiffs were not required to identify the secondary intermediaries, given they did not argue that those entities were their joint employer.

Here, by contrast, Plaintiff alleges that unidentified DSPs for whom he worked ***were*** his joint employer, yet he pleads no facts identifying the employer "to which [he] reported each day; from whom [he] received his paycheck; [or] information about who, specifically, set [his] rate of pay and other conditions of [e]mployment; or who directly supervised [his] employment." *Davis,* 817 F. Supp. 2d at 563. As with the original complaint in *Amponsah*, this Court should dismiss.

Plaintiff's reliance on *Cringan v. Directv*, No. 14-6113-cv-HFS (W.D. Mo. Feb. 1, 2016) (Dkt. 34-3), is equally misplaced. Plaintiff asserts that the *Cringan* plaintiffs "alleged they were jointly employed but only identified defendant DIRECTV as their employer." Resp. at p. 10. However, the Order makes clear that "[n]one of the plaintiffs were directly

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 5
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

employed by DIRECTV, and *the complaint alleges that a majority of the plaintiffs worked for DTV Home Services II*, a member of DIRECTV's provider network[.]" Dkt. 34-3 at p. 2. In other words, the *Cringan* complaint contained the exact information that Plaintiff here has refused to provide, the absence of which compels dismissal of his claims.

*Arwine-Lucas v. Caesars Enters. Serv., LLC*, No. 17-cv-451, 2019 WL 4296496 (W.D. Mo. Feb. 25, 2019), is no more helpful to Plaintiff. In that case, defendants moved to dismiss pursuant to Rule 12(b)(7) for failure to name necessary parties under Rule 19 where the plaintiffs did not name as defendants the operators of other casinos where other putative class members worked. *Id.* at *1. Because this motion seeks dismissal under Rule 12(b)(6), *Arwine-Lucas* is inapposite. Moreover, the court in that case discussed in *dicta* the plaintiffs' allegations, including that the named defendant "had the power to hire and fire plaintiffs, supervised and controlled the work schedules and conditions of employment, *determined the rate and method of payment for plaintiffs*, and maintained employment records for plaintiffs." *Id.* at *2 (emphasis added). That Plaintiff has made no such allegation in this case as to Amazon is an independent reason to dismiss his claims, as discussed below. Plaintiff also cites *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156 (10th Cir. 2018), but *Jani-King* was not a joint employer case, and the unnamed individual franchisees were not alleged to be employers. *Polo-Echeverria v. Centro Medico del Turabo, Inc.*, 949 F. Supp. 2d 332 (D.P.R. 2013), meanwhile, requires little discussion: the plaintiff in that case brought discrimination claims, for which the joint employment analysis is based on traditional common-law agency principles rather than the FLSA's economic realities test. *Id.* at 337.

Finally, Plaintiff cites *Gibbs v. MLK Express, LLC*, No. 18-cv-434 (M.D. Fla. Feb. 7, 2019) (Dkt. 34-2), where the failure to obtain nationwide collective action certification led

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 6
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Plaintiff's counsel to refile nearly the same exact lawsuit in this Court.  The *Gibbs* plaintiffs brought the same claims for unpaid overtime on behalf of a putative nationwide collective of delivery drivers of different DSPs.  *See Gibbs* Order on Motion to Dismiss, at Dkt. 34-2, at 3.  But there, the plaintiffs named their direct employer.  *See id.*  Accordingly, Amazon did not argue in that motion that the plaintiffs' failure to name their direct employer doomed their claims.  *See generally* Amazon's Motion to Dismiss Plaintiffs' Nationwide Collective Action Complaint, at Dkt. 34-1.  Thus, *Gibbs* is only relevant to the extent that the court rejected Plaintiff's counsel's effort to certify nearly the same collective as they seek here because they did not—and could not—tie Amazon to any allegedly illegal pay practice, among other reasons.[1]

### B.    Plaintiff's Failure To Allege Any Wrongful Conduct Attributable To Amazon Is An Independent Ground For Dismissal.

Plaintiff's Response makes much of the allegations that he contends show Amazon was his joint employer.  But he still has not alleged that Amazon participated in or directed the allegedly unlawful pay practices at the core of his claim.  Indeed, Plaintiff lists sixteen separate allegations aimed at establishing joint employment and not a single one relates to pay.  *See* Resp. at p. 11-12.  And, contrary to Plaintiff's assertion, it is well established that a plaintiff "must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant."  *Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015) (granting defendant's motion to dismiss

---

[1]  Plaintiff cites *Roy v. FedEx Ground Package System, Inc.*, 353 F. Supp. 3d 43 (D. Mass. 2018), to argue that his anticipated motion for conditional certification is likely to succeed.  Although that issue is not before the Court at this time, it is worth noting that the *Roy* court—like the *Gibbs* court—refused to conditionally certify a nationwide collective.  *Roy*, 353 F. Supp. 3d at 72.  Instead, as in *Gibbs*, it certified only a limited local collective, because the plaintiffs were only able to demonstrate that employees based in Massachusetts were similarly situated.  *Id.*

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 7
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

FLSA claim where plaintiff failed to allege that the defendant hired plaintiffs or set their rate of pay). *See also McBain v. Behr Paint Corp.*, No. 16-cv-07036, 2017 WL 1208074, at *4 (N.D. Cal. Apr. 3, 2017) ("In addition to pleading facts showing the applicability of the *Bonnette [v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)] factors, a plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each defendant.") (citation omitted); *Andrade v. Arby's Rest. Grp., Inc.*, No. 15-cv-3175, 2015 WL 6689475, at *2 (N.D. Cal. Nov. 3, 2015) (same); *Conde v. Open Door Mktg., LLC*, No. 15-cv-4080, 2016 WL 1427641, at *6-7 (N.D. Cal. Apr. 12, 2016) (granting motion to dismiss despite plaintiff's allegations of indicia of joint employment because "[w]hat these allegations fail to do . . . is identify the particular conduct attributable for each defendant[,]" and observing that "Plaintiffs' use of the term 'Defendants' throughout the complaint is problematic in this respect, even if the allegations in the complaint are otherwise sufficient to establish a joint employer relationship between Defendants.").

Other courts agree. For example, in *Richardson v. Help at Home, LLC*, No. 17-cv-00060, 2017 WL 2080448 (N.D. Ill. May 15, 2017), the court held that "[t]he test for joint employer liability is to look at all facts surrounding the defendant's supervision of the employee and determine whether the defendant exercised control and authority over the employee ***in a manner that caused the FLSA violation*** (at least in part)." *Id.* at *3 (citations omitted). *See also Schneider v. Cornerstone Pints, Inc.*, 148 F. Supp. 3d 690, 698 (N.D. Ill. 2015) ("[T]o be an employer, the defendant's conduct must have caused, in whole or in part, the alleged violation.").

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 8
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Here, Plaintiff alleges that some DSPs pay delivery drivers a flat rate and do not pay overtime for weekly hours worked in excess of forty. But he does not plead a single fact showing that this conduct is attributable to Amazon, even after amending his complaint. The inescapable inference is that there are no facts showing that Amazon made or directed any DSPs' alleged decision to pay a flat rate and not to pay overtime for weekly hours worked in excess of forty. Plaintiff has not satisfied the Ninth Circuit's pleading standards for establishing joint employment liability under the FLSA. Moreover, his inability to allege facts showing that Amazon is responsible for any allegedly wrongful conduct, even after amending his complaint, militates against granting leave to amend.

### III.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Nationwide Collective Action Complaint.

DATED February 7, 2020

By: /s/Ryan D. Redekopp
Ryan D. Redekopp, WSBA #36853

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Fax: (206) 623-7022
Email: ryan.redekopp@klgates.com

/s/Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Richard Rosenblatt (admitted *pro hac vice*)

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 9
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Email: richard.rosenblatt@morganlewis.com

Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.

REPLY IN SUPPORT OF AMAZON
DEFENDANTS' MOTION TO DISMISS FAC - 10
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I caused to be electronically filed the foregoing REPLY IN SUPPORT OF MOTION OF AMAZON DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED NATIONWIDE COLLECTIVE ACTION COMPLAINT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED February 7, 2020

By: /s/Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Attorneys for Defendants Amacon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.

REPLY IN SUPPORT OF AMAZON DEFENDANTS' MOTION TO DISMISS FAC - 11
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022