THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADY EDMONDS, on behalf of himself and those similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation;<br><br>        Defendants. | No. 2:19-cv-01613-JLR<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCOVERY DEADLINES<br><br>NOTED FOR: FEBRUARY 7, 2020 |

## I.   <u>**INTRODUCTION**</u>

Plaintiff's Opposition, relying upon outdated case law, ignores both the Court's inherent discretion to control its docket and to stay discovery and the current standards for a motion to dismiss under *Twombly* and *Iqbal*. As Amazon demonstrated in its Motion for Relief from Initial Discovery Deadlines (the "Motion"), courts regularly stay discovery during the pendency of a dispositive motion, notwithstanding the absence of a Federal Rule requiring them to do so. In his Response, Plaintiff cherry picks authority relevant to different circumstances and decided under old pleading standards to argue that Amazon bears a "heavy

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF FROM INITIAL
DISCOVERY DEADLINES - 1
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

burden" in showing why discovery should be stayed. As discussed below, that is not the case. Moreover, it is especially appropriate that the Court stay discovery here given that Amazon would otherwise be forced to expend significant resources on discovery as to claims that may not survive the pleadings stage, and that Plaintiff has already responded to Amazon's Motion to Dismiss without taking or requesting discovery. Accordingly, the Court should grant Amazon's Motion and relieve the parties from initial discovery deadlines.

## II. ARGUMENT

### A. This Court Possesses Broad Discretion To Stay Discovery, And Amazon Does Not Bear A "Heavy Burden" To Show Why Discovery Should Be Stayed.

Plaintiff does not dispute the black-letter proposition that "[t]he district court has wide discretion in controlling discovery[,]" especially during the pendency of a potentially dispositive motion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery during pendency of dispositive motion). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). As such, it is not surprising that there is no rule *expressly requiring* the Court to stay discovery – indeed, if there were such a rule, Amazon would not have been forced to file its Motion when Plaintiff did not agree to stay initial discovery. Nevertheless, the Court's discretion to issue a stay is built into Rule 26, which establishes the time for initial disclosures and the Rule 26(f) discovery conference "unless a different time is set by stipulation or court order." *See* Fed. R. Civ. P. 26(a)(1)(C), (f)(1).

Plaintiff next raises the straw man that Amazon has a "heavy burden" to show why its motion should be granted, citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF FROM INITIAL
DISCOVERY DEADLINES - 2
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1975).  But *Blankenship* did not involve a request for relief from initial discovery deadlines during the pendency of a dispositive motion at all; rather, defendants in that case sought a protective order to prevent the deposition of a high-ranking executive.  *Id.*  *Blankenship* does not help Plaintiff.  Nor does *Vivendi v. T-Mobile, USA, Inc.*, No. 06-cv-1524-JLR, 2007 WL 1168819 (W.D. Wash. Apr. 18, 2007).  The court there ***did*** stay discovery in anticipation of a motion to dismiss, except as to the limited threshold issues of the defendants' forum non conveniens defense.  *Id.* at *2.  By contrast, Plaintiff has not argued a need for discovery to oppose Amazon's Motion to Dismiss.

Moreover, Plaintiff's argument that the pendency of a motion to dismiss is not grounds to stay discovery is premised on cases decided before *Twombly* and *Iqbal*, which held that federal pleading standards require more to "unlock the doors of discovery[.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (requiring that allegations reach a heightened level before parties would be required to incur "the potentially enormous expense of discovery").[1]  Since *Twombly* and *Iqbal*, courts have been more sensitive to allowing the burden and expense of discovery during the pendency of a dispositive motion, especially in complex cases such as this.  *See Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11-cv-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) ("Since *Twombly*, Seventh Circuit courts have taken th[e] concern [that

---

[1] Plaintiff cites mostly pre-*Twombly* and *Iqbal* cases to argue that the pendency of a dispositive motion is not grounds to stay discovery.  *See* Response, Dkt. 35 at pp. 5, 7 (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D. Nev. 1989)); *In re Valence Tech. Sec. Litig.*, No. 94-1542, 1994 WL 758688 (N.D. Cal. Nov. 18, 1994); *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. 07-0142, 2007 WL 1146607 (E.D. Cal. Apr. 18, 2007)).

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF FROM INITIAL
DISCOVERY DEADLINES - 3
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

discovery can quickly become enormously expensive and burdensome to defendants] seriously, staying discovery in antitrust litigation and other complex cases" during the pendency of a motion to dismiss). And while Amazon does not intend to further argue its Motion to Dismiss here, Amazon cites substantial authority showing that Plaintiff's First Amended Collective Action Complaint is legally deficient for two independent reasons, and its motion is likely to succeed. Accordingly, it is appropriate for the Court to stay initial discovery deadlines and other discovery pending a resolution of Amazon's Motion to Dismiss. *See, e.g.*, *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming stay of discovery during pendency of motion to dismiss because "[t]he purpose of F[ed.] R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

### B. Plaintiff Does Not Argue That He Requires Discovery To Respond To The Pending Motion To Dismiss, And The Cost Savings Flowing From A Stay Are Self-Evident.

Plaintiff has already responded to Amazon's Motion to Dismiss, making it clear—if there were any doubt—that he already possesses all the facts he requires to brief the motion without having requested or received discovery. Such circumstances weigh heavily in favor of a stay during the pendency of the Motion to Dismiss. *See, e.g.*, *Silbaugh v. Chao*, No. 17-1759, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (where a defendant's motion to dismiss concerns only facts already available to plaintiff, a stay of discovery during its pendency is appropriate); *Todd v. Cities of Aberdeen*, No. 09-1232, 2009 WL 10676365, at *1 (W.D. Wash. Nov. 19, 2009) (staying discovery pending resolution of dispositive motions because plaintiff identified no facts or documents relevant to the motion that were not

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF FROM INITIAL
DISCOVERY DEADLINES - 4
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

referenced in the complaint); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same).

Plaintiff also suggests, without citing authority, that Amazon should have provided a "projected amount of cost savings" in the event discovery is stayed. This argument defies common sense. It is self-evident that if Amazon's Motion to Dismiss is granted but discovery is not stayed, the parties will incur the expense of discovery until dismissal. Likewise, if Amazon's Motion to Dismiss is not granted but discovery is stayed, Plaintiff will suffer no prejudice – indeed, he has not argued otherwise, nor can he. In such circumstances, "the parties should not face the burden and expense of responding to discovery as to claims that may not survive the pleading stage." *Chaten v. Van Boening*, No. 09-5615, 2010 WL 3938138, at *1 (W.D. Wash. Oct. 4, 2010) (granting motion to stay discovery during pendency of motion to dismiss without any quantification of cost savings).

### III. CONCLUSION

For all of the foregoing reasons, Amazon respectfully requests that the Court grant its Motion for Relief from Initial Discovery Deadlines.

DATED February 7, 2020.

                                      Respectfully submitted,

By: s/Ryan D. Redekopp
     Ryan D. Redekopp, WSBA #36853

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Fax: (206) 623-7022
Email: ryan.redekopp@klgates.com

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF FROM INITIAL
DISCOVERY DEADLINES - 5
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

s/Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Richard Rosenblatt (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Email: richard.rosenblatt@morganlewis.com

Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.

---

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF FROM INITIAL
DISCOVERY DEADLINES - 6
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I caused to be electronically filed the foregoing REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCOVERY DEADLINES with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED February 7, 2020

          s/Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.

REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCOVERY DEADLINES - 7
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022