UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRADY EDMONDS, on behalf of himself and those similarly situated,

Plaintiff,

v.

AMAZON.COM, INC., et al.,

Defendants.

CASE NO. C19-1613JLR

ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY

## I. INTRODUCTION

Before the court is Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.'s (collectively "Amazon")[1] motion for relief from initial discovery deadlines (Mot. (Dkt. # 33)) pending resolution of its motion to dismiss (1/13/20 MTD (Dkt. # 26)). Specifically, Amazon requests that the court: (1) stay the February 6, 2020, deadline for the parties to exchange initial disclosures; (2) stay the

---

[1] For the sake of clarity, the court refers to "Amazon" in the singular.

ORDER - 1

February 13, 2020, deadline for the parties to file their joint status report; and (3) stay all discovery pending resolution of Amazon's motion to dismiss. (*See* Mot. at 1-2.) Plaintiff Brady Edmonds opposes the motion. (*See* Resp. (Dkt. # 34).) The court has considered Amazon's motion, all submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court DENIES the motion.

## II. BACKGROUND

This case is a putative class action against Amazon for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207. (*See* Resp. at 3; FAC (Dkt. # 24) ¶¶ 7-8.) Amazon moved to dismiss Mr. Edmonds' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 9, 2019 (*see* 12/9/19 MTD (Dkt. # 21)), and Mr. Edmonds amended his complaint in response on December 30, 2019 (*see* FAC). The court issued an order regarding initial disclosures and the joint status report on December 10, 2019 (*see* 12/10/19 Order (Dkt. # 22)), and adjusted these deadlines on January 10, 2020 after the parties stipulated to an extension (*see* 1/10/20 Order (Dkt. # 25)). Deadlines currently in effect include January 23, 2020, for the parties' Federal Rule of Civil Procedure 26(f) conference; February 6, 2020, for initial disclosures; and February 13, 2020, for the parties' joint status report. (*See* 1/10/20 Order at 1).

//

//

---

[2] No party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court does not consider oral argument helpful in its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Amazon moved to dismiss Mr. Edmonds' amended complaint on January 13, 2020.  (*See* 1/13/20 MTD.)  On January 23, 2020, Amazon's counsel conferred with Mr. Edmonds' counsel to request agreement on a stay pending resolution of Amazon's motion to dismiss, but the parties were not able to reach an agreement.  (*See* Mot. at 3.)  On January 27, 2020, Amazon filed this motion for relief from initial discovery deadlines.  (*See id.* at 1.)  Mr. Edmonds filed his opposition on February 5, 2020.  (*See* Resp.)  Although the deadline for the joint status report has passed (*see* 1/10/20 Order at 1 (setting February 13, 2020, deadline for joint status report)), the parties have not filed a joint status report (*see generally* Dkt.).

### III.  ANALYSIS

Under Federal Rule of Civil Procedure 26(c), district courts have discretion to limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 284 (W.D. Wash. 2014).  A pending motion to dismiss is generally not grounds for staying discovery.  *See Old Republic Title, Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371, at *4 (W.D. Wash. Oct. 13, 2010) (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).  "Had the Federal Rules contemplated that a motion to dismiss under Fed[eral] R[ule of] Civ[il] P[rocedure] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."  *Id.* (quoting *Gray*, 133 F.R.D. at 40).  However, a court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."  *Wenger v. Monroe*,

282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (quoting *Wood*, 644 F.2d at 801). Although Amazon purports to request only a stay of certain initial deadlines (*see* Mot. at 1), the court does not set the remaining case deadlines until after the joint status report has been filed, Fed. R. Civ. P. 16(b)(1)(A). Thus, Amazon's motion in effect requests a stay of the entire case, and the court treats it as such for the purposes of evaluating Amazon's motion.

Amazon argues that a stay of discovery pending resolution of its motion to dismiss is warranted because staying discovery would promote efficiency and Mr. Edmonds "will suffer no prejudice" if discovery is stayed because he has responded to Amazon's motion to dismiss. (*See* Reply (Dkt. # 37) at 5.) The success of Amazon's first argument assumes that its motion to dismiss will be granted, which is insufficient, as "speculation does not satisfy Rule 26(c)'s good cause requirement." *Rosario v. Starbucks Corp.*, No. C16-1951RAJ, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017) (quoting *Gray*, 133 F.R.D. at 40). The court has not resolved Amazon's motion to dismiss and has not yet determined whether Mr. Edmonds "will be unable to state a claim for relief." *See Wenger*, 282 F.3d at 1077. If the court denies Amazon's motion to dismiss, a stay of discovery would unnecessarily delay litigation. *See Rosario*, 2017 WL 4122569, at *1 (finding the defendant had not met its burden to show good cause for a stay by merely pointing to its pending motion to dismiss); *Old Republic Title, Ltd.*, 2010 WL 4053371, at *4 (same).

The court also rejects Amazon's second argument that Mr. Edmonds does not need discovery at this time because he has responded to Amazon's motion to dismiss, and

so does not require further facts until the court has ruled on Amazon's motion. (*See* Reply at 4.) Again, the fatal flaw with Amazon's argument is that it assumes that the motion to dismiss will resolve the case, which is further speculation that does not satisfy the good cause requirement. *See Rosario*, 2017 WL 4122569, at *1 (quoting *Gray*, 133 F.R.D. at 40). If the court allows the case to proceed beyond the motion to dismiss, discovery will be necessary to facilitate the prompt resolution of the case. Thus, the court concludes that Mr. Edmonds' ability to respond to the motion to dismiss is not grounds for a blanket stay of discovery.

As a final matter, the court notes that the parties did not file a joint status report by February 13, 2020, in violation of the court's January 10, 2020, order. (*See generally* Dkt.) Under Local Rule 7(j), parties must comply with existing deadlines pending a motion for relief. *See* Local Rules W.D. Wash. LCR 7(j) ("Parties should not assume that the motion [for relief from a deadline] will be granted and must comply with the existing deadline unless the court orders otherwise."). The court ORDERS the parties to file their joint status report and discovery plan pursuant to Rule 26 by Friday, March 13, 2020. *See* Fed. R. Civ. P. 26(f); Local Rules W.D. Wash. LCR 26(f). The court cautions the parties that a failure to comply with court deadlines may result in sanctions.

//

//

//

//

//

## CONCLUSION

Based on the foregoing analysis, the court DENIES Amazon's motion for relief from initial discovery deadlines (Dkt. # 33). Further, the court ORDERS the parties to file their joint status report and discovery plan by March 13, 2020.

Dated this 6th day of March, 2020.

JAMES L. ROBART
United States District Judge