THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADY EDMONDS, on behalf of himself and those similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation;<br><br>                              Defendants. | No. 2:19-cv-01613-JLR<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

In accordance with Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), the Court's Order Regarding Initial Disclosures and Joint Status Report (the "Order"), and the Court's Order Denying Defendant's Motion to Stay Discovery, counsel for the parties conferred on by email and telephone on March 11, 12 and 13 and jointly submit the following Joint Status Report and Discovery Plan.

**1.     Statement of the nature and complexity of the case**

This is a proposed nationwide collective action lawsuit for the alleged failure to pay overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

JOINT STATUS REPORT AND
DISCOVERY PLAN - 0
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

("FLSA").  Plaintiff Brady Edmonds ("Edmonds") alleges that he is a local delivery driver who delivered packages for Amazon through a Delivery Service Provider ("DSP") that contracted with Amazon.  Edmonds alleges that he was employed by Amazon.com, Inc., Amazon Logistics, Inc., and/or Amazon.com Services LLC (formerly Amazon.com Services, Inc.) (together, "Amazon" or "Defendants").  Edmonds brings this action individually and on behalf of others similarly situated, contending that he and other current and former Delivery Associates ("DAs"), who he alleges were also employed by Amazon, are owed overtime compensation that has been unpaid.  Edmonds seeks to certify a proposed collective under Section 216(b) of the FLSA defined as "[a]ll drivers or driver associates who were paid a 'flat rate' and who delivered for Amazon anywhere in the United States other than the state of Washington within the three-year period preceding the filing of this Complaint."  In his First Amended Complaint, Edmonds asserts a single claim (individually and on behalf of the proposed collective) against Amazon for unpaid overtime.  Edmonds seeks to recover (individually and on behalf of the proposed collective) liquidated damages in the amount equal to the unpaid overtime wages allegedly owed to Edmonds and the collective, and attorneys' fees and costs.

Amazon believes that Edmonds' claims are without merit.  Amazon maintains that it did not employ or jointly employ Edmonds or other members of the proposed collective, was not responsible for setting or implementing DSPs' payment practices, and did not direct or participate in any wrongful conduct.  Amazon has filed a motion to dismiss Edmonds' First Amended Complaint.  Amazon further believes that collective certification is inappropriate for numerous reasons, including because any liability determinations will require highly individualized inquiries into whether putative collective members were paid via a "flat rate"

JOINT STATUS REPORT AND
DISCOVERY PLAN - 1
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and the amount, if any, of unpaid overtime due to each, which is complicated by the volume and differing pay practices of the many DSPs that contract with Amazon.

The parties agree that the case is complex due to the scope of the proposed collective claims but that neither Edmonds' individual claims nor the question of whether Amazon employed Edmonds and the other DAs present particularly complex questions.

**2.  Proposed deadline for the joining of additional parties**

The parties agree that any additional parties must be joined by June 26, 2020.  This deadline does not apply to opt-in plaintiffs wishing to join this case.

**3.  Assignment to U.S. Magistrate Mary Alice Theiler**

No.

**4.  Proposed Discovery Plan**

**A.  Initial Disclosures**

The parties agree to exchange Initial Disclosures by March 13, 2020.

**B.  Subjects, timing, and potential phasing of discovery**

The parties propose that the Court delay entry of a trial date and full trial management schedule until the Court rules on collective certification.  The parties plan to pursue diligently whether litigation on a collective basis will be appropriate; the Court should make that determination following full briefing of the issue.  The parties anticipate taking discovery in accordance with the applicable rules and case law on subjects pertinent to their claims and/or defenses.

Plaintiff anticipates seeking discovery in support of his claims and the claims of the proposed class for unpaid overtime against Amazon as an employer as alleged in the Amended Complaint.  Among other things, Plaintiff will serve written discovery requests and/or subpoenas seeking information and records in the possession, custody, or control of

JOINT STATUS REPORT AND
DISCOVERY PLAN - 2
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Amazon and others regarding Plaintiff's claims and Defendants' defenses. Without providing an exhaustive list of topics, Plaintiff reasonably anticipates he will seek discovery relating to : (i) Amazon's role as an employer; (ii) the DSP program at its initiation as well as subsequent iterations; (iii) communications from and within Amazon relating to the DSP program; (iv) communications from Amazon to DSPs and DAs; (v) Amazon's collection of data through the use of Rabbit/DORA/Amazon Flex applications; (vi) Amazon's DSP contracts; and (vii) time keeping and payroll data. Plaintiff will seek other discovery regarding factual and legal issues and defenses as they arise in discovery. Plaintiff also anticipates taking the depositions of Amazon's corporate representatives; other key leaders identified with the DSP program; fact witnesses familiar with the DSP program; DSP corporate representatives; and experts.

Defendants anticipate seeking discovery in relation to the nature and the basis (or lack thereof) for Edmonds' individual and collective allegations and Defendants' defenses. Among other things, Defendants will take depositions of Edmonds and other declarants, opt-in plaintiffs, and experts. Defendants will serve written discovery requests and/or subpoenas seeking information and records in Edmonds' and others' possession, custody, or control, including regarding: the terms and conditions of their respective employment; communications or understandings regarding the manner and method of payment; claimed damages and any efforts to mitigate such damages; and Edmonds' contention that he is similarly situated to other putative collective members and that collective certification is appropriate. Defendants may seek discovery regarding other factual and legal issues and defenses identified through discovery.

Accordingly, the parties propose the following initial case schedule:

JOINT STATUS REPORT AND
DISCOVERY PLAN - 3
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

| EVENT | DATE |
|---|---|
| Deadline for joining additional parties other than opt-in plaintiffs | June 26, 2020 |
| Deadline for amending pleadings | October 27, 2020 |
| Deadline to file motion for conditional collective certification and related motions (to be noted for July 31, 2020) | June 12, 2020 |
| Opposition briefs in relation to motion for conditional collective certification or other motions noted for July 31, 2020 | July 17, 2020 |
| Reply briefs in relation to motion for conditional collective certification or other motions noted for July 31, 2020 | July 29, 2020 |

### C.   Electronically stored information

The parties anticipate that discovery will include a moderate amount of electronically stored information ("ESI") and will develop appropriate protocols for managing such information, including adoption of this district's Model Agreement Regarding Discovery of ESI, with minor modifications.  The parties do not presently anticipate the discovery of ESI to present unique or complex issues.

### D.   Privilege issues

The parties do not believe that this case will involve unique claims of privilege or work product protection.

The parties are discussing a protective order that may be appropriate in this action to limit disclosure of personnel, confidential, and proprietary information, and third-party information.  The parties are basing those discussions on a form of stipulated protective order based on this district's Model Stipulated Protective Order, including its provisions on inadvertent production of privileged information and the stipulated entry of a Federal Rule of

JOINT STATUS REPORT AND
DISCOVERY PLAN - 4
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Evidence 502(d) order. The parties will also confer on modifications to the model order to address certain privilege and work product issues, including contemplated agreements regarding privilege log issues.

### E. Proposed limitation on discovery

The parties agree that discovery shall be conducted pursuant to the Federal Rules of Civil Procedure and Local Civil Rules for the Western District of Washington. While the parties do not currently see a need to change the discovery limitations imposed by those rules, the parties agree that modifications to these limitations may be necessary in the future. The parties agree to confer and work cooperatively where possible regarding the scope of discovery, which may include stipulations to modify limitations imposed by the rules. The nature and scope of additional phases of discovery will depend upon the outcome of Plaintiff's anticipated motion for conditional certification.

### F. The need for any discovery related orders

As previously noted, the parties anticipate presenting a stipulated protective order and an agreement regarding the discovery of ESI based on this district's model forms, with minor modifications. The parties do not currently request the Court to enter other discovery-related orders, except a preliminary case schedule through a decision on conditional collective certification.

### 1. The parties' views on the topics set forth in Local Rule 26(f)(1)

### A. Prompt case resolution

The parties disagree about the scope of the case and the scope of any potential settlement discussions. The parties believe that the collective certification briefing schedule

JOINT STATUS REPORT AND
DISCOVERY PLAN - 5
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

proposed in Paragraph 4.B may facilitate the prompt and efficient resolution of this case in the future.

### B. Alternative dispute resolution

The parties do not believe that resolution of the case through any means of alternative dispute resolution is likely at this time.

### C. Related cases

Plaintiff believes that there are over a dozen related cases pending throughout the United States regarding Amazon's failure to pay proper overtime to DAs employed through DSPs. Plaintiff believes that this case provides an opportunity to streamline such issues in accordance with the purposes of 29 U.S.C. 216(b).

Amazon believes that the proper forums for those cases remains the local jurisdictions in which they are pending and where the parties are located. Amazon also believes that a case captioned *Gibbs v. MLK Express Serv., LLC*, No. 18-cv-434, pending in the Middle District of Florida, in which the court denied nationwide conditional certification of a very similar collective action, is related to this case. In *Gibbs*, plaintiff Gregory Gibbs alleged that Amazon and the DSP who employed him directly jointly employed him, and alleged that he and other DAs were paid a "flat rate" or "day rate," allegedly resulting in violations of the minimum wage and overtime provisions of the FLSA. *See id.* at ECF No. 35, ¶¶ 6, 7, 104-106, 118.

### D. Discovery management

The parties do not anticipate the need for extra discovery management, except for the entry of the contemplated orders of protection and ESI, as referenced above. The parties will work in good faith to minimize the costs of discovery, keeping in mind the proportionality

JOINT STATUS REPORT AND
DISCOVERY PLAN - 6
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

standard set forth in Federal Rule of Civil Procedure 26(b)(1).  The parties do not believe that any of the discovery management techniques described in Local Civil Rule 26(f)(1)(D) are necessary at this time.

### E. Anticipated discovery sought

The parties currently anticipate engaging in discovery in accordance with the applicable rules as they relate to the asserted claims and defenses.  Some of the discovery sought by the parties may be in the custody and control of third parties.  Otherwise, counsel are experienced in wage and hour and collective action litigation and agree that this case does not appear to present any unique discovery challenges or require any discovery beyond that which is typical in such cases.  Please see Paragraph 4.B above for a further description of the discovery to be sought by the parties.

### F. Phasing motions

The parties do not anticipate a need for phasing motions at this time.

### G. Preservation of discoverable information

The parties state that they have taken reasonable steps to ensure the preservation of documents and records relevant to this case.  The parties are not aware of any specific issues regarding preservation at this time.

### H. Privilege issues

The parties incorporate by reference the above Paragraph 4.D

### I. Model Protocol for Discovery of ESI

The parties incorporate by reference the above Paragraph 4.E.

### J. Alternatives to Model Protocol

N/A; the parties expect to adopt a modified version of the Model Agreement Regarding Discovery of ESI.

JOINT STATUS REPORT AND
DISCOVERY PLAN - 7
Case No. 2:19-cv-01613-JLR

**6.     The date by which discovery can be completed**

This is a proposed collective action that involves potentially thousands of members and wage claims based on overtime that was allegedly not paid by the employer.  Many of these proposed collective members may be parties to or involved in other, similar litigation or threatened litigation in different parts of the country.  Discovery is complex and will involve depositions of witnesses outside of Washington State.  It is unlikely that the parties will have a realistic estimate for a discovery cutoff until the Court rules on Plaintiff's motion for conditional certification, which will be filed shortly.

**7.     Whether the case should be bifurcated in any way**

The parties do not currently agree that the case should be bifurcated.

**8.     Whether the pretrial statements and pretrial order should be dispensed with**

The parties do not currently believe that the pretrial statement or pretrial order should be eliminated in whole or in part.

**9.     Individualized Trial Program and ADR options**

The parties do not believe this case is appropriate for the Individualized Trial Program.  The parties' views on ADR options are discussed above in Paragraph 5.B.

**10.    Suggestions for shortening or simplifying the case**

The parties believe that early motions for summary judgment may be appropriate.  The parties do not currently have any other suggestions for shortening or simplifying the case other than as described above.

**11.    The date the case will be ready for trial**

The parties request that the Court delay setting a date for trial until after its ruling on Plaintiff's anticipated Motion for Collective Certification.  After the Court's ruling, the parties

JOINT STATUS REPORT AND
DISCOVERY PLAN - 8
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

should be required to meet and confer regarding further case deadlines and to submit a scheduling proposal in a supplemental status report.

**12.    Whether the trial will be jury or non-jury**

Plaintiff has demanded a jury trial. (Dkt. 24).

**13.    The number of trial days required**

The parties request that the Court defer trial scheduling questions until after its ruling on Plaintiff's anticipated Motion for Collective Certification.

**14.    The names, addresses, and telephone numbers of all trial counsel**

For Plaintiff:

Andrew R. Frisch
Paul M. Botros
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) Workers
Email: afrisch@forthepeople.com
Email: pbotros@forthepeople.com

Toby J. Marshall
Beth Terrell
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Email: tmarshall@terrellmarshall.com
Email: bterrell@terrellmarshall.com

For Defendants:

Richard Rosenblatt (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Email: richard.rosenblatt@morganlewis.com

Christopher K. Ramsey (admitted *pro hac vice)*

JOINT STATUS REPORT AND
DISCOVERY PLAN - 9
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Ryan D. Redekopp, WSBA #36853
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Fax: (206) 623-7022
Email: ryan.redekopp@klgates.com

**15.     Trial scheduling complications**

The parties request that the Court defer trial scheduling questions until after its ruling on Plaintiff's anticipated Motion for Collective Certification.

**16.     Status of service**

Defendants have accepted service.

**17.     Scheduling conference needs**

The parties do not currently believe there is a need for a scheduling conference.

**18.     Status of corporate disclosure statement**

Defendants filed a corporate disclosure statement on December 9, 2019. (Dkt. 20).

JOINT STATUS REPORT AND
DISCOVERY PLAN - 10
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED March 13, 2020.

| | |
|---|---|
| s/ *Ryan D. Redekopp* <br> Ryan D. Redekopp, WSBA #36853 <br><br> K&L GATES LLP <br> 925 Fourth Avenue, Suite 2900 <br> Seattle, WA 98104 <br> Telephone: (206) 623-7580 <br> Fax: (206) 623-7022 <br> Email: ryan.redekopp@klgates.com <br><br> s/ *Christopher K. Ramsey* <br> Christopher K. Ramsey (admitted *pro hac vice*) <br> MORGAN LEWIS & BOCKIUS LLP <br> One Oxford Centre, 32nd Floor <br> Pittsburgh, PA  15219-6401 <br> Telephone: (412) 560-3300 <br> Email: christopher.ramsey@morganlewis.com <br><br> Richard Rosenblatt (admitted *pro hac vice*) <br> MORGAN LEWIS & BOCKIUS LLP <br> 502 Carnegie Center <br> Princeton, NJ 08540-6241 <br> Telephone: (609) 919-6600 <br> Email: richard.rosenblatt@morganlewis.com <br><br> *Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, LLC.* | MORGAN & MORGAN, P.A <br><br> s/  *Paul M.  Botros* <br> Paul M. Botros, *Admitted Pro Hac Vice* <br> Email: pbotros@forthepeople.com <br> Andrew R. Frisch, *Admitted Pro Hac Vic* <br> Email: afrisch@forthepeople.com <br> 8151 Peters Road, Suite 4000 <br> Plantation, Florida 33324 <br> Telephone: (954) Workers <br> Facsimile: (954) 327-3017 <br><br> And <br><br> TERRELL MARSHALL LAW GROUP PLLC <br><br> By: s/ *Toby Marshall* <br> Toby J. Marshall, WSBA #32726 <br> Email: tmarshall@terrellmarshall.com <br> Beth E. Terrell, WSBA #26759 <br> Email: bterrell@terrellmarshall.com <br> 936 North 34th Street, Suite 300 <br> Seattle, Washington 98103-8869 <br> Telephone: (206) 816-6603 <br> Facsimile: (206) 319-5450 <br><br> *Attorneys for Plaintiffs* |

JOINT STATUS REPORT AND
DISCOVERY PLAN - 11

Case No. 2:19-cv-01613-JLR

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2020, I caused to be electronically filed the foregoing JOINT STATUS REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED March 13, 2020.

By: s/ Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Attorneys for Defendants Amacon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.

JOINT STATUS REPORT AND
DISCOVERY PLAN - 12
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022