THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADY EDMONDS, on behalf of himself and those similarly situated,<br><br>          Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation;<br><br>          Defendants. | No. 2:19-cv-01613-JLR<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TOLL THE STATUTE OF LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED INDIVIDUALS<br><br>NOTED FOR: MAY 29, 2020 |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL -
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**TABLE OF CONTENTS**

**Page(s)**

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  RELEVANT BACKGROUND..................................................................................2

III. ARGUMENT ..............................................................................................................2

    A.  Applicable Standard ........................................................................................2

    B.  No Extraordinary Circumstances Warrant Tolling..........................................3

    C.  Plaintiff's Argument Based On Sixth Circuit Law Fails Under That Circuit's Settled Precedent, And The Result Would Be No Different Under Ninth Circuit Law ......................................................................................................8

    D.  Tolling Is Not Equitable Because Absent Putative Collective Members Can Protect Their Rights, And Amazon Would Be Prejudiced By Tolling ........................................................................................................10

IV.  CONCLUSION .......................................................................................................12

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - i
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amini v. Oberlin College*,
    259 F.3d 493 (6th Cir. 2001) .................................................................................................. 3

*Baughman v. Roadrunner Commcn's LLC*,
    No. 12-565, 2012 WL 12937133 (D. Ariz. Sept. 27, 2012) .................................................. 2

*Bonilla v. Las Vegas Cigar Co.*,
    61 F. Supp. 2d 1129 (D. Nev. 1999) ...................................................................................... 3

*Cameron-Grant v. Maxim Healthcare Servs., Inc.*,
    347 F.3d 1240 (11th Cir. 2003) .............................................................................................. 9

*Douglas v. Xerox Business Services, LLC*,
    No. 1201798, 2014 WL 11320703 (W.D. Wash. Nov. 21, 2014) ......................................... 8

*Dualan v. Jacob Transp. Servs., LLC*,
    172 F. Supp. 3d 1138, 1153-54 (D. Nev. 2016) .................................................................. 11

*Fichtner v. Am. Family Mut. Ins. Co.*,
    No. 02-6284, 2004 WL 3106753 (D. Or. Mar. 1, 2004) ....................................................... 7

*Garrison v. ConAgra Foods Packaged Food, LLC*,
    No. 12-0737, 2013 WL 1247649 (E.D. Ark. Mar. 27, 2013) ............................................... 4

*Grayson v. K Mart Corp.*,
    79 F.3d 1086 (11th Cir. 1996) ........................................................................................... 4, 5

*Hasken v. City of Louisville*,
    234 F. Supp. 2d 688 (W.D. Ky. 2002) ................................................................................... 3

*Hintergerger v. Catholic Health Sys.*,
    No. 08-360, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) ............................................... 11

*Hoffmann-LaRoche, Inc. v. Sperling*,
    493 U.S. 165 (1989) ......................................................................................................... 9, 12

*Jesiek v. Fire Pros, Inc.*,
    No. 09-123, 2011 WL 2457311 (W.D. Mich. June 16, 2011) ......................................... 8, 9

*Johnson v. Serenity Transp., Inc.*,
    No. 15-2004, 2016 WL 1569984 (N.D. Cal. Apr. 19, 2016) ............................................... 2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - ii
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Knispel v. Chrysler Grp. LLC*,
   No. 11-11886, 2012 WL 553722 (E.D. Mich. Feb. 21, 2012) .............................................. 9

*Kutzback v. LMS Intellibound, LLC*,
   233 F. Supp. 3d 623 (W.D. Tenn. 2017) ............................................................................ 7

*LaFleur v. Dollar Tree Stores, Inc.*,
   No. 12-cv-00363, 2012 WL 4739534 (E.D. Va. Oct. 2, 2012) ........................................... 5

*Longcrier v. HL-A Co.*,
   595 F. Supp. 2d 1218 (S.D. Ala. 2008) .............................................................................. 4

*Margulies v. Tri-County Metro Transp. Dist. of Or.*,
   No. 13-475, 2013 WL 5593040 (D. Or. Oct. 10, 2013) ..................................................... 7

*Matthews v. ALC Partner, Inc.*,
   No. 08-10636, 2009 WL 2591497 (E.D. Mich. Aug. 24, 2009) ........................................ 9

*Noble v. Serco, Inc.*,
   No. 08-76, 2009 WL 3254143 (E.D. Ky. Oct. 7, 2009) ..................................................... 9

*Owens v. Bethlehem Mines Corp.*,
   630 F. Supp. 309 (S.D.W.Va. 1986) .............................................................................. 6, 7

*Peterson v. Alaska Commcn's. Sys. Grp., Inc.*,
   No. 12-90, 2014 WL 12696527 (D. Alaska Dec. 17, 2014) *abrogated on
   other grounds by Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir.
   2018) ................................................................................................................................ 10

*Prentice v. Fund for Pub. Interest Research, Inc.*,
   No. 06-7776, 2007 WL 2729187 (N.D. Cal. Sept. 18, 2007) ............................................. 6

*Partlow v. Jewish Orphans' Home of S. Cal. Inc.*,
   645 F.2d 757 (9th Cir. 1981) *abrogated on other grounds by Hoffmann-La
   Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ..................................................................... 3

*Puffer v. Allstate Ins. Co.*,
   614 F. Supp. 2d 905 (N.D. Ill. 2009) .................................................................................. 9

*Ray v. California Department of Social Services*,
   No. 17-4239, 2019 WL 6888050 (C.D. Cal. Dec. 11, 2019) .......................................... 7, 8

*Smith v. T-Mobile USA, Inc.*,
   570 F.3d 1119 (9th Cir. 2009) .......................................................................................... 10

*Stitt v. San Francisco Municipal Transp. Agency*,
   No. 12-3704, 2014 WL 1760623 (N.D. Cal. May 2, 2014) ......................................... 3, 11

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - iii
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Stoll v. Runyon*,
   165 F.3d 1238 (9th Cir. 1999) ................................................................................................ 3

*Stransky v. HealthONE of Denver, Inc.*,
   868 F. Supp. 2d 1178 (D. Colo. 2012) ................................................................................ 6, 7

*Struck v. PNC Bank N.A.*,
   931 F. Supp. 2d 842 (S.D. Ohio 2013) ................................................................................ 6, 7

*Thomas v. Talyst, Inc.*,
   No. 07-202-JLR, 2008 WL 570806 (W.D. Wash. Feb. 28, 2008) ......................................... 2

*Tidd v. Adecco USA, Inc.*,
   No. 07-11214, 2008 WL 4286512 (D. Mass. Sept. 17, 2008) ............................................... 4

*Titchenell v. Apria Healthcare Inc.*,
   No. 11-563, 2012 WL 3731341 (E.D. Pa. Aug. 29, 2012) .................................................... 4

*Tomney v. Comput. Scis. Corp.*,
   No. 11-2214, 2014 WL 61834 (D. Kan. Jan. 8, 2014) ........................................................ 11

*United States v. Cook*,
   795 F.2d 987 (Fed. Cir. 1986) ............................................................................................... 9

*Wallace v. Kato*,
   549 U.S. 384 (2007) ........................................................................................................... 1, 4

*Woodard v. FedEx Freight East, Inc.*,
   250 F.R.D. 178 (M.D. Pa. 2008) ...................................................................................*passim*

*Young v. Dollar Tree Stores, Inc.*,
   No. 11-1840, 2013 WL 1223613 (D. Colo. Mar. 25, 2013) ............................................... 11

**Statutes**

29 U.S.C. § 216(b) ......................................................................................................*passim*

29 U.S.C. § 256(b) .................................................................................................................. 1

Fair Labor Standards Act ("FLSA") ...........................................................................*passim*

**Other Authorities**

Morgan & Morgan, https://www.forthepeople.com/labor-and-employment-
   lawyers/amazon-lawsuit/ ..................................................................................................... 11

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - iv
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

# I. PRELIMINARY STATEMENT

Neither the statutory language of the Fair Labor Standards Act ("FLSA") approved by Congress nor any case law cited by Plaintiff warrant equitable tolling of the statute of limitations for absent members of the putative collective under the circumstances of this case. Equitable tolling is particularly inappropriate here, where Plaintiff's counsel already sought to have nationwide notice issued from a sister court in the Middle District of Florida. But that court rejected that earlier notice motion and, in effect, the statutorily permissible tolling that would come with the opt-in process. Now, having failed to achieve statutory tolling from one court, Plaintiff's counsel seeks equitable tolling from this Court. Under no conception of equitable tolling is that fair or appropriate.

Indeed, if equitable tolling is appropriate here, it would be warranted in every FLSA putative collective action. But that is not what Congress prescribed when enacting 29 U.S.C. § 256(b), which provides that an individual's claim commences upon filing of a written consent to become a party. Congress was certainly aware that "time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period . . . ." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008). Plaintiff's Motion to Toll the Statute of Limitations During Pendency of Motion for Issuance of Notice to Similarly Situated Individuals (the "Motion to Toll") asks this Court to ignore the plain language of the statute, and read into it something that is not there. Plaintiff's motion fails for the independent reason that it is premature: he does not represent absent putative collective members, and, in effect, he asks for a decision on a hypothetical issue that is not properly before the Court. Moreover, equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). No such unusual circumstances exist here, and the Court should deny Plaintiff's Motion to Toll.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 1
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## II.     RELEVANT BACKGROUND

Plaintiff filed this action on October 9, 2019 (*see* Dkt. 1), and filed his First Amended Complaint on December 30, 2019, in response to Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services LLC's (formerly Amazon.com Services, Inc.) (collectively, "Amazon") Motion to Dismiss. *See* Dkts. 21, 24.  On March 13, 2020, the parties filed a Joint Status Report and Discovery Plan setting a June 12, 2020 deadline for Plaintiff to file a motion for conditional certification.  *See* Dkt. 39 at 5.  The Court approved that deadline in its Initial Scheduling Order.  Dkt. 43.  Since Plaintiff filed his original Complaint, 13 individuals (including Plaintiff) have filed opt-in consent forms.  *See* Dkts. 5, 6, 28, 29, 30, 31, 32.  On March 26, 2020, Plaintiff filed a Motion for Issuance of Notice to Similarly Situated Individuals Under 29 U.S.C. § 216(b), two and a half months before the deadline proposed and to which the Court agreed.  *See* Dkts. 40, 43.  Amazon timely filed its Opposition to the Motion for Issuance of Notice on May 11, 2020.  *See* Dkt. 50.  The Court granted Plaintiff's unopposed request for an extension of time to file a Reply until May 25, 2020.  Dkt. 49.

## III.     ARGUMENT

### A.     Applicable Standard.

"Federal courts generally apply the doctrine of equitable tolling in two kinds of situations: (1) when the plaintiff was prevented from asserting his or her claims by some kind of wrongful conduct on the part of the defendant; and (2) extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time." *Thomas v. Talyst, Inc.*, No. 07-202-JLR, 2008 WL 570806, at *5 (W.D. Wash. Feb. 28, 2008) (denying equitable tolling).  The pendency of a motion for conditional certification alone is not grounds for equitable tolling.  *See Johnson v. Serenity Transp., Inc.*, No. 15-2004, 2016 WL 1569984, at *5 (N.D. Cal. Apr. 19, 2016) (observing that "tolling is inappropriate merely due to the pendency of a certification motion" and denying tolling where "the motion [had not] been pending a long time"); *Baughman v. Roadrunner Commcn's LLC*, No. 12-565, 2012 WL 12937133, at *5 (D. Ariz. Sept. 27, 2012)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 2
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(denying request to toll FLSA statute of limitations in collective action during pendency of motion for conditional certification where it was not pending "for an unusually long time[.]") (quoting *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)). The equitable tolling inquiry "should focus on fairness to both parties." *See Stitt v. San Francisco Municipal Transp. Agency*, No. 12-3704, 2014 WL 1760623, at *12 (N.D. Cal. May 2, 2014) (denying equitable tolling).

Equitable tolling applies only under limited circumstances, and it should be granted sparingly. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. 1999) (denying equitable tolling where the defendant "ha[d] not engaged in any wrongful conduct which prevented Plaintiffs from asserting their claims[, and] the ability to file consent forms was solely within Plaintiffs' control"); *Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 692 (W.D. Ky. 2002) (courts have "repeatedly cautioned that equitable tolling should be granted only sparingly") (citing *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001)). The filing of a representative action under the FLSA does not toll the statute of limitations pending determination of the maintainability of a representative action. *See Bonilla*, 61 F. Supp. 2d at 1133. Rather, to toll, a court must find that extraordinary circumstances exist – such as bad faith, misconduct by counsel, or extraordinary delays. *See Partlow v. Jewish Orphans' Home of S. Cal. Inc.*, 645 F.2d 757 (9th Cir. 1981) *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

### B. No Extraordinary Circumstances Warrant Tolling.

Plaintiff suggests that the "appropriate remedy" to prevent putative collective members' claims from lapsing is to toll the statute of limitations applicable to their claims. *See* Motion to Toll, Dkt. 52 at 8. However, Plaintiff does not, and cannot, identify any harm that requires a legal remedy. This is unsurprising because Congress deliberately created a statutory scheme where the claim for each individual who joins a § 216(b) FLSA collective action is commenced upon filing a written consent to become a party:

> Congress amended § 216(b) of the FLSA to provide that an employee must file written consents in order to be made a party plaintiff to the collective action under

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 3
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

> § 216(b).  In discussing this amendment, Congress expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint.

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).  Thus, the doctrine of equitable tolling, as a "rare remedy" and "not a cure-all for an entirely common state of affairs," *Wallace*, 549 U.S. at 396, cannot override Congress's intent when the only "delay" is the normal period of time from filing to decision.  As such, "in the average [FLSA] case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate."  *Garrison v. ConAgra Foods Packaged Food, LLC*, No. 12-0737, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) (quoting *Titchenell v. Apria Healthcare Inc.*, No. 11-563, 2012 WL 3731341, at *7 (E.D. Pa. Aug. 29, 2012)).

Plaintiff further fails to establish prejudice because he ignores that notice here may be unlikely in the first place.  The fact is that Plaintiff's counsel already sought nationwide notice from a sister court in the Middle District of Florida.  That court denied nationwide notice and, as explained by Amazon in opposition to Plaintiff's second notice motion filed here, this Court should follow suit.  In other words, Plaintiff's argument is necessarily based on an assumption that notice will be granted.  That premise is particularly unsound here where there previously has been a denial of nationwide certification and notice.

Putting aside the somewhat unique procedural posture of this case, "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one."  *Garrison*, 2013 WL 1247649, at *5 (quoting *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008).  *See also Tidd v. Adecco USA, Inc.*, No. 07-11214, 2008 WL 4286512, at *5 (D. Mass. Sept. 17, 2008) ("[T]he circumstances of this case are not substantially

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 4
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-cv-00363, 2012 WL 4739534, at *7 (E.D. Va. Oct. 2, 2012) ("In light of the statutory intent of Congress in its drafting of the FLSA's statute of limitations and the failure of Plaintiffs to make a sufficient showing of extraordinary circumstances, misconduct by the Defendant or defective filings, the Court finds that equitable tolling is not warranted . . . .").

Here, Plaintiff points to no delay in the litigation warranting the extraordinary remedy of equitable tolling. He peppers his motion with stray references to "delays occur[ing] . . . due to forces beyond the plaintiffs' control" and "delay in the litigation," (*see* Motion to Toll, Dkt. 52 at 11, 12), but never explains how this purported "delay" differs from typical FLSA collective action practice. In fact, there has been no delay. Indeed, Plaintiff filed his motion for conditional certification two and a half months *before* the Court's and parties' agreed-upon deadline. *See* Dkts. 39 at 5; 43 at 2; 40. At the time of the filing of Plaintiff's Motion to Toll, Plaintiff's motion for conditional certification had not been fully briefed (due, in part, to Plaintiff's request for an extension to file his reply brief), so there has not been any delay by the Court. At best, Plaintiff's Motion to Toll is premature in the absence of any delay whatsoever by Defendants or the Court.

As Plaintiff admits, "the text of the FLSA demonstrates that Congress chose to provide an opt-in mechanism which ***necessarily involves some lapse of time*** between the date a collective action is commenced and the date that each opt-in plaintiff files his consent form." *See* Motion to Toll, Dkt. 52 at 11 (emphasis added). Just as Congress chose to provide an opt-in mechanism involving a lapse of time from the date an action is commenced to the date an opt-in joins the case, it consciously chose ***not*** to provide for tolling. *See Grayson*, 79 F.3d at 1106. Moreover, it is simply not the case that "a potential opt-in plaintiff first has to be notified of his eligibility to participate" (*see* Motion to Toll, Dkt. 52 at 11) before joining a putative collective

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 5
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

action. Here, 13 individuals including Plaintiff have already done so.

Plaintiff's authority – almost entirely from outside the Ninth Circuit – is readily distinguishable. For example, Plaintiff's heavy reliance on *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D.W.Va. 1986), is misplaced. In that ADEA collective action, the plaintiff filed for certification on June 6, 1984, but the motion was not decided until November 21, 1985 – a period of over 17 months. *See id.* at 313. There is no reason to believe – and Plaintiff does not offer any – that the length of time that the Court may take to rule on Plaintiff's motion for conditional certification will be comparable to that in *Owens*. Indeed, the deadline for Plaintiff even to have filed for conditional certification is still three weeks away. *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842 (S.D. Ohio 2013), is similarly distinguishable. In that case, plaintiffs sought tolling *after* conditional certification had been granted, and the court granted their request because "more than a year will have passed between Plaintiffs' initial request for court-supervised notice . . . and the issuance of such notice to potential opt-in plaintiffs." *Id.* at 847.

Nor does *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012), help Plaintiff. There, the court applied equitable tolling under Tenth Circuit law on the basis that "notice was not possible here as Defendant is in sole possession of the names and last known physical addresses of all potential Opt-In Plaintiffs." *Id.* at 1181.[1] But Ninth Circuit courts have nearly universally rejected this basis for tolling. *See*, *e.g., Prentice v. Fund for Pub. Interest Research, Inc.*, No. 06-7776, 2007 WL 2729187, at *3 (N.D. Cal. Sept. 18, 2007) ("If refusal to disclose contact information is a sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement. Neither outcome is appropriate.

---

[1] Moreover, *Stransky* does not apply because Plaintiff does not allege that Amazon has withheld a class list. In fact, as set forth in Amazon's Opposition to Plaintiff's motion for conditional certification, Amazon is not in possession of information necessary to generate such a list. Dkt. 50 at 16-17. And unlike cases upon which Plaintiff relies, this is not a situation where Plaintiff alleges misclassification by an actual employer who can only obtain material information regarding a class list from the electronic platform through which services are provided. Nor is it a situation in which there is no actual employer who could be sued in an appropriate venue over which personal jurisdiction lies, but Plaintiff strategically chooses not to do so.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 6
Case No. 2:19-cv-01613-JLR

Where a defendant has committed no misconduct aimed at preventing potential plaintiffs from joining the suit, there is no reason to toll the statute of limitations."); *Fichtner v. Am. Family Mut. Ins. Co.*, No. 02-6284, 2004 WL 3106753, at *10 (D. Or. Mar. 1, 2004) (denying equitable tolling because an alleged refusal to produce a class list before certification is not wrongful conduct on the part of defendant that prevents potential plaintiffs from asserting their claims); *Margulies v. Tri-County Metro Transp. Dist. of Or.*, No. 13-475, 2013 WL 5593040, at *18 (D. Or. Oct. 10, 2013) (same).

Plaintiff also relies on *Kutzback v. LMS Intellibound, LLC*, 233 F. Supp. 3d 623 (W.D. Tenn. 2017), but the facts are inapposite. In *Kutzback*, plaintiffs filed their motion for conditional certification on February 18, 2014. *See id.* at 627. Eight months later, on October 10, 2014, while the conditional certification motion was still pending, plaintiffs moved for the first time to toll the statute of limitations for absent putative collective members. *See id.* On December 16, 2014, plaintiffs' motion for conditional certification was granted, but the court denied their first motion to toll based on the court's inability to make the type of "case-by-case" determination that Plaintiff admits is necessary here because it was not apprised of the individual circumstances of potential plaintiffs who had yet to join the collective. *See* Motion to Toll, Dkt. 52 at 9; *Kutzback*, 233 F. Supp. 3d at 627. It was only following the grant of conditional certification and the close of the opt-in period through which actual opt-in plaintiffs became known that the *Kutzback* plaintiffs moved for tolling again and were successful. *Id.* Accordingly, *Kutzback,* like *Owens, Struck,* and *Stransky*, was based on facts and circumstances that do not apply here.[2]

The sparse Ninth Circuit authority cited by Plaintiff does not support his request. For example, Plaintiff cites *Ray v. California Department of Social Services*, No. 17-4239, 2019 WL 6888050 (C.D. Cal. Dec. 11, 2019), for the proposition that courts grant equitable tolling in FLSA cases "when litigation circumstances prevent the prompt distribution of judicial notice."

---

[2] In addition, Plaintiff's string cite of other purported authority, spanning more than an entire page, includes not a single case decided by a Ninth Circuit court. *See* Motion to Toll, Dkt. 52 at 12-14.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 7
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

In that case the delay was a nearly two-year period for an appeal to the Ninth Circuit following denial of a motion to dismiss based on sovereign immunity. *Id.* at *2. Here there are no litigation circumstances preventing the prompt distribution of judicial notice beyond the § 216(b) collective action mechanism. *Douglas v. Xerox Business Services, LLC*, No. 1201798, 2014 WL 11320703 (W.D. Wash. Nov. 21, 2014), is no more useful to Plaintiff. There, the court found, after having conditionally certified an FLSA collective, that some amount of equitable tolling was warranted where the plaintiffs' motion for conditional certification had been pending for over a year. *Id.* at *4. Here, Plaintiff's motion for conditional certification was not even fully briefed at the time of Plaintiff's Motion to Toll. There can be no argument that the Court has delayed in deciding it. The holding in *Douglas* does not apply.

### C. Plaintiff's Argument Based On Sixth Circuit Law Fails Under That Circuit's Settled Precedent, And The Result Would Be No Different Under Ninth Circuit Law.

To the extent Plaintiff asks this Court to apply the Sixth Circuit's standard for equitable tolling (*see* Motion to Toll, Dkt. 52 at 9, n.2 (citing Sixth Circuit five-factor test for equitable tolling); *id.* at 15 (purporting to apply five-factor test)), that standard would not result in equitable tolling here. As an initial proposition, it is settled law in the Sixth Circuit that a court must address tolling on a case-by-case basis – based on the particular circumstances and demonstrated diligence (or lack thereof) of each individual on whose behalf tolling is sought – rather than apply a blanket tolling order covering absent putative collective members. *See, e.g.*, *Jesiek v. Fire Pros, Inc.*, No. 09-123, 2011 WL 2457311, at *2 (W.D. Mich. June 16, 2011) (finding that because "[i]t is impossible to discern how a party who has not yet appeared in the case can bear his burden to prove anything, or how the wholesale declaration that a group of absent parties have all been diligent is a careful exercise of equitable discretion," "[t]he far safer course . . . [is to] allow each plaintiff to opt-in, assert his or her claims, and then address the statute of limitations defense (if and when raised) on the basis of the facts peculiar to that plaintiff."). Because Plaintiff seeks to have the statute of limitations period tolled as to all absent

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 8
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

putative collective members who are not currently represented, the Sixth Circuit's five-factor inquiry is irrelevant. *See, e.g.*, *Noble v. Serco, Inc.*, No. 08-76, 2009 WL 3254143, at *2-3 (E.D. Ky. Oct. 7, 2009) ("It would be inappropriate to attempt to apply the factors at this [pre-conditional certification] stage in the litigation because the Court does not yet know who the opt-in plaintiffs will be . . . The five-factor test simply is not suitable for preemptive, one-size-fits-all application to a group of as-yet-unidentified potential plaintiffs.") (internal citations omitted), *quoting Matthews v. ALC Partner, Inc.*, No. 08-10636, 2009 WL 2591497, at *8-9 (E.D. Mich. Aug. 24, 2009) (rejecting request for tolling as to as-yet-absent collective members and holding that "[i]f and when potential plaintiffs whose claims would otherwise be time-barred choose to opt in to the class, they may apprise the Court of their circumstances and individually move for equitable tolling."); *Knispel v. Chrysler Grp. LLC*, No. 11-11886, 2012 WL 553722, at *6-7 (E.D. Mich. Feb. 21, 2012) (citing and following *Matthews* and *Noble*).

Sixth Circuit courts reject motions like Plaintiff's as premature because "[a] plaintiff bears the burden to demonstrate why he is entitled to equitable tolling" and the "resolution of [this] issue is fact-specific and is applied only on a case-by-case basis to prevent inequity." *See Jesiek*, 2011 WL 2457311 at *1 (denying as premature motion seeking equitable tolling "for all future opt-in plaintiffs, on the basis of the delay that occurred in this court in conditionally certifying the case and approving the form of notice."). As the *Jesiek* court reasoned, because "[t]he statute of limitations is an affirmative defense . . . which defendant has yet to assert with regard to the claims of any opt-in plaintiff[,]" "the entire question is hypothetical and is raised by plaintiffs who have no personal interest in the outcome[,]" especially as "the original plaintiffs . . . do not represent absent parties" and "have 'no right' to represent potential opt-in parties." *Id.* at *2 (citing *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003)).[3]

---

[3] Courts in other jurisdictions have reached the same result. *See, e.g.*, *Puffer v. Allstate Ins. Co.*, 614 F. Supp. 2d 905, 917 (N.D. Ill. 2009) (declining to enter "blanket tolling order" because tolling analysis is "fact specific" as to each of putative collective members); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (vacating "as prematurely issued" a district court order tolling statute of limitations for future opt ins).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 9
Case No. 2:19-cv-01613-JLR

The Ninth Circuit agrees that an FLSA named plaintiff does not represent absent putative collective members before they have opted in. *See Smith v. T-Mobile USA, Inc.*, 570 F.3d 1119, 1122-23 (9th Cir. 2009) (an FLSA plaintiff "has no independent right to represent a class . . .; his right to represent the class depends entirely on whether other plaintiffs have opted in"). Thus, where "the potential plaintiffs are not yet parties to [the] action," it is appropriate to deny equitable tolling requested on their behalf by a named plaintiff. *See Peterson v. Alaska Commcn's. Sys. Grp., Inc.*, No. 12-90, 2014 WL 12696527, at *1 (D. Alaska Dec. 17, 2014) *abrogated on other grounds by Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018). In *Peterson*, the plaintiffs filed motions for conditional certification and to toll the statute of limitations applicable to absent putative collective members. *See id.* The court granted conditional certification, but held that the motion for tolling was premature because "Federal courts are without power to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Id.* at *7 (citations, quotations, and footnote omitted). Thus, because "the Court will not know which of the potential plaintiffs may have claims affected by the statute of limitations . . . until they opt in or decide to not opt in[,]" it found the request for tolling inappropriately premature. *Id.* As the *Peterson* court reasoned, while *Hoffman-La Roche* authorizes a court to exercise managerial authority over the joinder of potential plaintiffs, "neither *Hoffman[-La Roche]* nor the FLSA say anything about a court's authority to advance one step further – to rule on issues specific to potential plaintiffs but that only may become relevant after joinder is complete." *Id.* at *8. The same is true here. Plaintiff seeks relief for hypothetical parties whom he does not represent, rendering his request premature at best and a request for an advisory opinion at worst. The request should be rejected.

### D. Tolling Is Not Equitable Because Absent Putative Collective Members Can Protect Their Rights, And Amazon Would Be Prejudiced By Tolling.

Tolling in these circumstances would not be equitable for the additional reason that absent putative collective members are fully able to protect their rights. In fact, 13 already have opted-in without receiving notice. Further, tolling is inappropriate when there is "[n]othing in

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 10
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the record [that] shows that any opt-in plaintiff or any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim." *Young v. Dollar Tree Stores, Inc.*, No. 11-1840, 2013 WL 1223613, at *2 (D. Colo. Mar. 25, 2013). All absent putative collective members would be on notice of an improper payment practice each and every time they are paid. *Hintergerger v. Catholic Health Sys.*, No. 08-360, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009). Here, putative collective members received their pay statements and could have brought claims. And the Delivery Associates who may have claims are likely aware of that fact through other lawsuits[4] or solicitations. Plaintiff's counsel's website devotes an entire section of its "Practice Areas" page to advertising its "Amazon Lawsuits." *See* Morgan & Morgan, https://www.forthepeople.com/labor-and-employment-lawyers/amazon-lawsuit/. That Defendants have not deceived or lulled anyone into inaction is further demonstrated by the 13 plaintiffs who have already opted in to this case without any notice authorized by the Court. *See Tomney v. Comput. Scis. Corp.*, No. 11-2214, 2014 WL 61834, at *2 (D. Kan. Jan. 8, 2014) (finding two pre-certification opt-ins indicative that potential plaintiffs knew of their rights).

      The equitable tolling analysis "should focus on fairness to both parties." *See Stitt*, 2014 WL 1760623, at *12. Plaintiff's argument that Amazon will not be prejudiced by his request for tolling also ignores reality. "As part of the determination of possible prejudice to the defendant, the court should ask whether the defendant was aware of the potential scope of liability when the complaint was filed." *Dualan v. Jacob Transp. Servs., LLC*, 172 F. Supp. 3d 1138, 1153-54 (D. Nev. 2016) (citation, quotation and footnote omitted). Plaintiff argues that Amazon will suffer no prejudice because it has known of the scope of the case since Plaintiff filed his Complaint. *See* Motion to Toll, Dkt. 52 at 8. While that may usually be the case when a plaintiff files a collective action complaint, here Amazon does not know the full scope of the case because

---

[4] In briefing on Plaintiff's motion for conditional certification, both parties cited a number of current or resolved "day rate" cases. *See* Plaintiff's Motion for Issuance of Notice, Dkt. 40 at 21, n.7; Defendants' Opposition to Plaintiff's Motion for Notice, Dkt. 50 at 14.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 11
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Plaintiff's blanket allegations of joint employment by Amazon over putative collective members hinge on acts or omissions allegedly taken by absent Delivery Service Providers ("DSPs"). As explained in Amazon's Opposition to Plaintiff's motion for conditional certification, Amazon is unable to identify all of the current or former DSPs that may have paid a day rate without overtime. Dkt. 50 at 16-17. Therefore, Amazon is not aware of the full scope of the case from the Complaint.

Furthermore, the fact is that the FLSA has an opt-in procedure that does not have a tolling provision. And a defendant like Amazon has an affirmative defense in the form of a statute of limitations. A statute of limitations is intended to protect a defendant against aging claims that are more difficult to defend as memories fade and witnesses depart. Tolling deprives Amazon of those protections. What Plaintiff seeks to do is have this Court take the side of non-parties who have not sought to pursue claims over that of a party (Amazon) that has rights too. As the Supreme Court observed in *Hoffmann-La Roche*, courts addressing requests for certification under FLSA Section 216(b) must scrupulously maintain their neutrality. 493 U.S. at 174. The relief Plaintiff seeks here asks this Court to ignore this admonition by choosing a non-party's theoretical claims over a party's actual rights. That is inconsistent with law and prejudicial to Amazon. And it is even more prejudicial here where, in the almost identical *Gibbs* case, Amazon already defeated a nationwide notice motion.

### IV.   CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court deny Plaintiff's Motion to Toll in its entirety.

DATED May 26, 2020

Respectfully submitted,

By: s/ Ryan D. Redekopp
Ryan D. Redekopp, WSBA #36853

K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 12
Case No. 2:19-cv-01613-JLR

Fax: (206) 623-7022
Email: ryan.redekopp@klgates.com

s/ Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219-6401
Telephone: (412) 560-3300
Email: christopher.ramsey@morganlewis.com

Richard Rosenblatt (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6600
Email: richard.rosenblatt@morganlewis.com

Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services LLC (formerly Amazon.com Services, Inc.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TOLL - 13
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I caused to be electronically filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO TOLL THE STATUTE OF LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED INDIVIDUALS with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the registered attorneys of record.

DATED May 26, 2020

By: s/ Christopher K. Ramsey
Christopher K. Ramsey (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-3300
christopher.ramsey@morganlewis.com

Attorneys for Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services LLC (formerly Amazon.com Services, Inc.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL - 14
Case No. 2:19-cv-01613-JLR

K&L GATES LLP
925 FOURTH AVENUE  SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022