THE HONORABLE JAMES ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BRADY EDMONDS, on behalf of himself and those similarly situated,

Plaintiff,

vs.

AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation,

Defendants.

NO. 2:19-cv-01613-JLR

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED INDIVIDUALS**

**NOTED FOR CONSIDERATION
May 29, 2020**

## I.     INTRODUCTION

Defendants' (or "Amazon's") Opposition to Plaintiff's Motion to Toll the Statute of Limitations During the Pendency of Motion for Issuance of Notice to Similarly Situated Individuals ("Opposition") mainly rehashes the arguments Defendants improperly raised in opposition to Plaintiff's Prediscovery Motion for Issuance of Notice to Similarly Situated Individuals ("Motion for Notice"). *See* Dkt. No. 50. Defendants' primary arguments in opposition to Plaintiff's Motion for Notice were misplaced in the context of conditional certification, and they are equally misplaced in the context of Plaintiff's Motion to Toll the Statute of Limitations ("Motion").

In its Opposition, Amazon essentially makes two arguments: 1) that no extraordinary circumstances exist here to warrant equitable tolling; and 2) that Amazon would be

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 1
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

prejudiced by equitable tolling. Plaintiff's Motion for Notice has been fully briefed as of May 25, 2020. *See* Dkt. No. 53. Therefore, Amazon correctly points out that Plaintiff's Motion depends on certain conditions that have yet to occur—*e.g.*, a delay by the Court in entering an order on Plaintiff's Motion for Notice. Plaintiff acknowledges that no extraordinary circumstances will exist if the Court enters an order with regard to Plaintiff's Motion for Notice within the next 1-2 months, and Amazon timely produces the information necessary to disseminate notice to the proposed class. But Plaintiff's Motion was filed in anticipation of delay, and out of an abundance of caution in the event that one, or both, of the conditions above do not occur within a time frame that would prevent prejudice to the proposed class members. If extraordinary circumstances arise that warrant equitable tolling, Amazon will not be prejudiced because they have been aware of the scope of the company's potential liability from the date that the collective action complaint was filed.

Based on the forgoing, and in the event that there is a significant delay between May 25, 2020, and the date that the Court ultimately enters its Order on Plaintiff's Motion for Notice, or a significant delay in the issuance of notice based on the conduct of Amazon or its counsel, Plaintiff respectfully requests that his Motion be granted.

## II.   AUTHORITY AND ARGUMENT

**A.   Extraordinary Circumstances Will Exist if There Is a Significant Delay Between the Time That Plaintiff's Motion for Notice Was Fully Briefed and the Time That Notice Is Ultimately Issued.**

"[C]ourts within the Ninth Circuit have allowed equitable tolling in FLSA actions for the delay in deciding a motion for conditional certification or the potential delay that may occur in providing the information needed to send notice to the putative class members*." Casarotto v. Expl. Drilling, Inc.*, 2015 WL 6080755, at *6 (D. Mont. Oct. 15, 2015), report and recommendation adopted, 2015 WL 8780050 (D. Mont. Dec. 15, 2015); *see also Guy v. Casal Inst. of Nevada, LLC*, 2014 WL 1899006, at *3 (D.Nev. May 12, 2014) ("The court's delay in deciding the motion for conditional certification, or the potential delay that may occur in

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF
LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF
NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 2
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

providing the information needed to send notice to the class members may justify some tolling of the statute of limitations."); *Small v. U. Med. Ctr. of S. Nevada,* 2013 WL 3043454, at *4 (D. Nev. June 14, 2013); *Adams v. Inter–Con Sec. Sys., Inc.,* 242 F.R.D. 530, 543 (N.D.Cal.2007); *Dualan v. Jacob Transportation Servs., LLC*, 172 F. Supp. 3d 1138, 1154 (D. Nev. 2016); *Warren v. Twin Islands, LLC*, 2012 WL 346681, at *4 (D. Idaho Feb. 2, 2012). These courts have reasoned that allowing the statute of limitations to be tolled during the pendency of a motion for conditional certification balances the interests of both parties. *Adams,* 242 F.R.D. at 543.

Here, Plaintiff's Motion for Notice has been fully briefed as of May 25, 2020. If the Court ultimately decides to conditionally certify the proposed class identified in Plaintiff's Motion and issues its order within the next 1-2 months, this would not be extraordinary circumstance warranting equitable tolling. But Plaintiff anticipates there will be a significant delay between the time that Plaintiff's Motion for Notice has been noted for consideration and the time the Court ultimately enters its order regarding same.

Additionally, even if the Court were to timely enter an order granting Plaintiff's Motion for Notice, equitable tolling will still be warranted in the event that Defendants do not timely provide contact information for the proposed class members. Although Defendants' position that it cannot identify proposed class members is disingenuous, this position confirms the likely necessity of equitable tolling. Specifically, in Defendants' Opposition to Plaintiff's Motion for Notice, Defendants argue that it could take months to gather the information necessary to issue notice to the proposed class. *See* Dkt. No. 50 at 17. Assuming *arguendo* that this representation is correct, the delay in issuance of notice to the class members will be no fault of their own but due to Amazon's alleged inability to gather class member information expeditiously. Under these circumstances, equitable tolling is often granted by district courts within this circuit. *Adams*, 242 F.R.D. at 543 ("Faultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 3
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Because plaintiffs have diligently pursued their legal rights by soliciting information from
2  defendants, and defendant's refusal has delayed that pursuit, equitable tolling is
3  appropriate."); *Guy*, 2014 WL 1899006, at *10 ("to avoid prejudice that may result from any
4  delay in providing the addresses of the opt-in class members, the Court will toll the running of
5  the statute of limitations from May 5, 2014 until the date that Defendants provide Plaintiff's
6  counsel with the last known addresses, email addresses and telephone numbers of the
7  potential class members."); *Mowdy v. Beneto Bulk Transp*., 2008 WL 901546, at *12 (N.D. Cal.
8  Mar. 31, 2008).

   Accordingly, extraordinary circumstances will exist to the extent that there is a delay between the time Plaintiff's Motion was fully briefed and the time the Court untimely enters an order in regards to same or if Defendants are unable to provide Plaintiff's counsel with the contact information of class members within a reasonable time.

**A.    Amazon Will Not Be Prejudiced by Equitable Tolling.**

   Despite their argument to the contrary, Defendants will not be prejudiced by equitable tolling because they have been aware of the scope of their potential liability since the complaint was filed on October 9, 2019. *Dualan*, 172 F. Supp. 3d at 1154 (finding equitable tolling appropriate, in part because, "[Defendant] would not be unfairly prejudiced because it was aware from the outset that the scope of its potential liability extends to all shuttle-bus drivers who worked for Jacob during the statutory period."); *Kutzback*, 233 F. Supp. 3d at 631 ("As it appears to the Court that Defendants should have been aware of the potential scope of their liability from the date the Complaint was filed, the Court finds that Defendants will not be prejudiced by the tolling of the statute of limitations."); *Stickle v. SCI Western Mkt. Support Ctr., L.P*., 2008 WL 4446539 at *22 (D. Ariz. Sept. 30, 2008).  Moreover, Defendants were likely aware of their scope of liability even prior to Plaintiff filing the instant action based on the fact that there have been several similar lawsuits lodged against them, nationwide.  Contrary to Defendants' contentions, failing to equitably toll the statute of limitations in this case would

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF
LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF
NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 4
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  prejudice the class members.  Equitable tolling under the circumstances in this case would be
2  consistent with the Supreme Court's holding in *Hoffmann-La Roche, Inc. v. Sperling*, where the
3  Court noted that "the inherent benefits of the collective action 'will disappear' if plaintiffs are
4  not notified of the suit before their statute of limitations expires." *Id*. quoting, *Hoffmann-La
5  Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).  Certainly, if
6  there is a significant delay between the time that Plaintiff's Motion for Notice was fully briefed
7  and the time that notice is ultimately issued, and that delay cannot be attributed to the class
8  member, equitable tolling is warranted.

### III.  CONCLUSION

While Plaintiff acknowledges that no extraordinary circumstances currently, Plaintiff has filed his Motion in anticipation of delays beyond his control and out of abundance of caution to protect the rights of the proposed class members.  Should delays arise that are out of the class members' control, and they do not receive notice in a timely manner consistent with the Supreme Court's holding in *Hoffman*, extraordinary circumstances would warrant equitable tolling.

RESPECTFULLY SUBMITTED AND DATED this 29th day of May, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Toby J. Marshall, WSBA #32726
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF
LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF
NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 5
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Andrew R. Frisch, *Admitted Pro Hac Vic*
Email: afrisch@forthepeople.com
Paul M. Botros, *Admitted Pro Hac Vice*
Email: pbotros@forthepeople.com
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013

*Attorneys for Plaintiff*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF
LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF
NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 6
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on May 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Ryan D. Redekopp, WSBA #36853
>Email: ryan.redekopp@klgates.com
>K&L GATES LLP
>925 Fourth Avenue, Suite 2900
>Seattle, Washington 98104
>Telephone: (206) 623-7580
>Facsimile: (206) 623-7022
>
>Richard Rosenblatt, *Admitted Pro Hac Vice*
>Email: richard.rosenblatt@morganlewis.com
>MORGAN LEWIS & BOCKIUS LLP
>502 Carnegie Center
>Princeton, New Jersey 08540-6241
>Telephone: (609) 919-6600
>Facsimile: (609) 919-6701
>
>Christopher K. Ramsey, *Admitted Pro Hac Vice*
>Email: christopher.ramsey@morganlewis.com
>MORGAN LEWIS & BOCKIUS LLP
>One Oxford Centre, 32nd Floor
>Pittsburgh, Pennsylvania 15219-6401
>Telephone: (412) 560-3300
>Facsimile: (412) 560-7001
>
>*Attorneys for Defendants*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 7
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   DATED this 29th day of May, 2020.

2                                           TERRELL MARSHALL LAW GROUP PLLC

4                                           By:   /s/ Toby J. Marshall, WSBA #32726
5                                                 Toby J. Marshall, WSBA #32726
                                                  Email: tmarshall@terrellmarshall.com
6                                                 936 North 34th Street, Suite 300
                                                  Seattle, Washington 98103-8869
7                                                 Telephone: (206) 816-6603
                                                  Facsimile: (206) 319-5450
8
9                                           *Attorneys for Plaintiff*

---

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO TOLL STATUTE OF
LIMITATIONS DURING PENDENCY OF MOTION FOR ISSUANCE OF
NOTICE TO SIMILARLY SITUATED INDIVIDUALS - 8
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com