THE HONORABLE JAMES ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BRADY EDMONDS, on behalf of himself and those similarly situated,

Plaintiff,

vs.

AMAZON.COM, INC., a Foreign for Profit Corporation; AMAZON LOGISTICS, INC., a Foreign for Profit Corporation; AMAZON.COM SERVICES, INC., a Foreign for Profit Corporation,

Defendants.

NO. 2:19-cv-01613-JLR

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [Dkt. Nos. 55 and 56]**

**ORAL ARGUMENT REQUESTED**

## I. INTRODUCTION

The Motion to Intervene seeks relief that neither furthers the litigation before this Court nor the Movants' individual cases, in which they have not sought conditional certification. Ultimately, Movants seek to have this case dismissed or transferred to a court that lacks jurisdiction over many of the Opt-In Plaintiffs in this matter and that the Amazon Defendants[1] have fervently argued lacks jurisdiction over them as well.[2][3] As such, the

---

[1] Defendants, Amazon.com, Inc, Amazon Logistics, Inc., and Amazon.com Services, Inc., are hereinafter collectively referred to as "Amazon" or the "Amazon Defendants."

[2] With respect to the Amazon Defendants, there is a split in authority as to whether *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County.*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*"), would act to divest a court of jurisdiction over out of state opt-ins with respect to out of state defendants, unless the matter was originally filed where the Defendant is incorporated or has its principal place of business, like the instant matter before the court. *See Roy v. Fedex Ground Package System, Inc.*, 353 F. Supp. 3d 43 (D. Mass. 2018) (finding court had no jurisdiction over out of state opt-ins); *cf. Swamy v. Title Source, Inc.*, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) (holding *Bristol-Myers* does not apply in to divest court of jurisdiction over out of state opt-ins).

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 1
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

dismissal sought by the Movants would leave many Opt-In Plaintiffs in this action without a remedy, requiring them to initiate one or more additional new lawsuits—the opposite of the efficiency envisioned by the first-to-file rule.[4] Additionally, the relief Movants seek would further prejudice Plaintiff and the Opt-In Plaintiffs due to the potential loss of claims arising from the FLSA's wasting statute of limitations, which causes claims to die daily. *See* 29 U.S.C. § 255.

The sole legal "right" that Movants seek to protect is not a right at all, and the potential prejudice/interest they cite is pure speculation. As it stands, the *Thomas* case is limited to three named plaintiffs, and Gaines is the only plaintiff in hers. Nobody has opted in to either case. The Movants' cases pertain solely to them, and there has been neither a finalized and approved settlement[5] nor authorization to permit notice to any other drivers in either case. Indeed, for all of their huffing and puffing, the Movants have not even sought conditional certification of any collective action in their cases, despite the fact that Thomas has been pending for almost **10 months** and Gaines has been pending for approximately **18 months**. Thus, it appears that the sole potential beneficiaries of the relief requested by the Movants are their counsel, who would benefit from additional attorneys' fees *if* their case is ultimately approved for notice and *if* they ultimately persuade Amazon to negotiate a settlement on a collective basis, and *if* such settlement is approved, none of which has come to fruition to date. It would be perverse to require Edmonds, the current Opt-In Plaintiffs, and

---

[3] Although Amazon now joins in the Intervenor's request, they have previously argued that the court in the Middle District of Florida lacks personal jurisdiction over them with regard to the claims of any driver employed outside the state of Florida. *See Gibbs v. MLK Express Services, LLC, et. al.*, Case No. 2:18-cv-00434-SPC-MRM (M.D. Fla. 2018) [D.E. 65, Amazon Opposition to Motion to Conditionally Certify (arguing *Bristol-Myers* divested court of jurisdiction over potential out of state drivers in Florida)].

[4] Thomas failed to name the Amazon Defendants in her "first-filed" Complaint. Given the broad and expansive definition of employer under the FLSA, Edmonds chose to pursue Amazon directly as his employer.

[5] Thomas has represented that she anticipates settling her case at a mediation currently scheduled in October 2020. *See* Dkt. No. 56 (Affidavit of Sarah Schalman-Berger). Gaines notified the Northern District of Georgia, that a settlement was reached, however to date, no motion to approve the settlement has been filed, and no party has moved for authorization to send notice to potential collective action members despite informing the court that such an approval motion would be filed by June 15, 2020. *See Gaines v. Amazon.com, LLC, et. al.,* 1:19-cv-00528-WMR (N.D. Ga. 2019) [D.E. 70, Joint Status Report (attached as Exhibit A)].

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 2
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the thousands of potential opt-ins to whom Plaintiff has already sought to send notice to sit on their hands rather than pursue Amazon so that a handful of individuals and their attorneys elsewhere likewise sit around simply hoping and praying that non-existent collective action resolutions fall into their laps and are ultimately approved months and months (if not years) down the road—especially where Amazon is not a named defendant.

Plaintiff seeks the recovery of unpaid wages of all delivery drivers or associates ("DAs") who worked for the Amazon Defendants, nationwide. Thus, he is pursuing the same "ultimate objective," *i.e.*, unpaid wages, and there is a presumption that his representation is adequate. To rebut this presumption, Movants are required to demonstrate that Plaintiffs colluded with Amazon or have an interest adverse to the Movants.[6] The Movants have not and cannot make such showing, and the Court should deny the Motion to Intervene. If potential claimants do not want to proceed in a given case, they can safeguard their rights by simply choosing not to opt-in or file their own case. Thomas has already filed her FLSA claim against the local DSP in the Middle District of Florida, and her interests are adequately protected. That she and her attorneys chose not to pursue claims against Amazon and have elected not to seek certification of her claims, pursuing a hope and prayer litigation strategy, does not confer standing on her to intervene in this action.

Moreover, while Amazon does not oppose the Motion to Intervene, it nonetheless filed a nine-page response in support thereof. But Amazon's brief is no more than an impermissible "fourth-filing" aimed at utilizing the Motion to Intervene as supplemental authority to further its arguments in opposition to Plaintiff's Motion for Notice and to distinguish Plaintiff's position as asserted in his Reply in support of his Motion for Notice. Therefore, Amazon's Response should be stricken from the record.

As further set forth herein, the Motion to Intervene must be denied, because the Movants have not and cannot establish all of the elements necessary to intervene as a matter

---

[6] If anything, the full-throated support for the requested intervention voiced by Amazon in its Response (Dkt. No. 59) has the appearance of collusion between the Movants' counsel and Amazon.

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 3
Case No.: 2:19-cv-01613-JLR

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

of right and permissive intervention would unduly prejudice the Plaintiffs' rights, and Amazon's Response in support of the Motion to Intervene should be stricken from the record.

## II. ARGUMENT AND AUTHORITY

### A. Legal Standard Governing Intervention

Thomas devotes much of her briefing towards the relief she would seek if she were permitted to intervene. Such argument "puts the cart before the horse." Before Thomas can seek the dismissal, transfer, or stay of this case, Thomas must prevail on her motion to intervene. *See U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009) ("intervention is the requisite method for a nonparty to become a party to a lawsuit."). Here, Movants fail to demonstrate the mandatory prerequisites for either compulsory or permissive intervention. As such, the Motion to Intervene must be denied.

A court must permit a nonparty to intervene in a pending lawsuit and gain party status if a federal statute confers an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1). Where, as here, Movants and their attorneys do not claim a right to intervene by a federal statute, the party must show that: (1) it has a "significant protectable interest" relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; *and* (4) the existing parties may not adequately represent the applicant's interest.[7] "Failure to satisfy *any one of the requirements* is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied."[8]

If a party cannot meet the standard to intervene as of right, a court may still allow permissive intervention.[9] Permissive intervention under Rule 24(b)(1) "'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law

---

[7] *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted); *see also* Fed. R. Civ. P. 24(a)(2).
[8] *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (emphasis added).
[9] *See* Fed. R. Civ. P. 24(b)(1)(B) (allowing intervention if the party has a claim or defense that shares with the main action a common question of law or fact).

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 4
Case No.: 2:19-cv-01613-JLR

and fact between the movant's claim or defense and the main action.'"[10] As this Court has noted, "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *United States v. City of Seattle*, 2018 WL 348372, at *4 (W.D. Wash. Jan. 10, 2018) (Robart, J.) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). In exercising its discretion, the Court considers factors like the "nature and extent of the intervenor's interest," and "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* The party seeking to intervene bears the burden of showing that all of the requirements for intervention have been met.[11]

### B. Movants Cannot Meet all of The Mandatory Prerequisites for Intervention as of Right, and Thus, The Motion is Due to be Denied

#### 1. <u>Movants lack a "significant protectable interest" relating to the property or transaction that is the subject of the Edmonds action</u>

In order to intervene, a movant must have an interest that is "direct, substantial, and legally protectable."[12] "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Ctr. for Biological Diversity v. U.S. E.P.A.*, 2014 WL 636829, at *3 (W.D. Wash. Feb. 18, 2014) (Robart, J.) (citations omitted). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant."[13] "To merit intervention as of right, the interest must be 'direct, **non-contingent**, substantial and legally protectable.'" *Id*. (emphasis added).[14]

---

[10] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)); Fed. R. Civ. P. 24(b)(1).
[11] *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).
[12] *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).
[13] *Donnelly*, 159 F.3d at 410.
[14] *See also Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 342 (E.D.N.Y. 2018) ("An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."); *Calderon v. Clearview AI, Inc.*, 2020 WL 2792979, at *4 (S.D.N.Y. May 29, 2020) (same) (denying intervention where movant had not achieved certification of a class, and as such, only represented his own interests and no one else i.e. there were no other interests to protect).

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 5
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Movants seek to protect their right to one day attempt to settle their cases on a collective basis and further to send notice to potential members of the collective actions which they claim would be subsumed by the potential collective members in this case. Neither Movant has moved for conditional certification in their respective cases, and neither has a court-approved collective action settlement at the ready.  They have no concrete right to protect.  Further, given the opt-in nature of FLSA claims and actions, no named-plaintiff has an interest in any other potential opt-in's claim, unless and until such potential opt-in actually files his or her consent to join the action.  Conditional certification under the FLSA is primarily a "case management" device that facilitates notice to potential plaintiffs of their right to join the action.[15]  Movants have each filed their individual claims against individual delivery service providers, in their respective jurisdictions, and have thus secured their individual rights.  To date, Thomas is joined by two other named plaintiffs, and Gaines is proceeding individually. No additional drivers have opted into either case.  There is no other or further relief that can be granted to them in the instant matter or by granting intervention.[16]  Additionally, no ruling from the Court in this matter will have any bearing or effect on the Movants' individual FLSA claims since they have not opted into this matter.

Even if the Court were to disagree and find that the Movants have a protectable right to send notice, this Court has found—in an analogous setting where multiple steps need to occur—that the ultimate right that was sought, was too speculative to give rise to a "direct, non-contingent" interest necessary to justify intervention as of right. *Ctr. for Biological Diversity v. U.S. E.P.A.*, 2014 WL 636829, at *3 (W.D. Wash. Feb. 18, 2014) (Robart, J.). Likewise, here, both Thomas and Gaines still have a number of steps that may never come to

---

[15] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)); *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) ("Under the FLSA, by contrast [to Rule 23], 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." (citations omitted).
[16] Plaintiff agrees that the Movants should be excluded from the list of drivers to whom notice is sent, to avoid any confusion on the part of the Movants.

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 6
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

fruition before there could be any possible cognizable right of anyone in their case, and therefore the interest they seek to protect is too speculative.

Because the Movants have no current right or interest in any other person's claim, there are still multiple steps that must occur before either Thomas or Gaines have any interest or rights relative to putative opt-ins for whom they contend they, and their attorneys, seek to protect.  For the Movants to even arguably have a right or protectable interest, they would need all of the following dominoes to fall into place: (i) one or more cases would have to be settled on a collective basis and reduced to writing and signed by all necessary parties; (ii) the Movants would have to move for conditional certification of their respective cases/claims; (iii) one or more courts would have to issue an order which authorizes notice to potential opt in Plaintiffs in the respective cases; (iv) one or more putative opt-in plaintiffs would have to affirmatively join their respective lawsuits by filing a consent to join; and (v) a court would have to grant approval of the non-existent settlement as fair, final, and binding.

Of course, one or likely more of these steps may never materialize.  Equally important, each of these steps is wholly and completely outside of either of the Movants' control or that of their attorneys.  Neither of the Movants have obtained court-approved settlements. Likewise, neither of the Movants have even sought conditional certification and/or judicial approval to send notice of pendency in their respective cases.  No opt-ins have joined Gaines' case to date, and Gaines remains a single plaintiff case.  Similarly, no one has opted in to Thomas' case to date.  Lastly, it is entirely possible that the Middle District of Florida may refuse to approve any proposed settlement as presented, even assuming the parties purport to reach one.[17] [18]

---

[17] Movants cite to *Burns v. MLK Express Servs, LLC*, 2020 WL 1891175, at *1 (M.D. Fla. Apr. 16, 2020) ("Burns"), because the undersigned successfully sought intervention to dismiss a second-filed case on based on the first-to-file rule.  But the facts of *Burns* are distinguishable.  At the time Gibbs sought intervention in *Burns*, Gibbs was the only conditionally certified collective governing the local DSP drivers at issue.  When Burns was settled for a mere $50 per claimant, Gibbs was compelled to intervene in order to avoid confusion of two notices issuing from the *same* court to the exact same pool of potential opt-ins.  Here, neither *Thomas*, nor *Gaines* have been conditionally certified or moved for notice to issue, and notice would not issue from the same district court. Moreover, the court in *Burns* recognized that that the first-to-file rule does not rigidly require the dismissal of a

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR
PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO
DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 7
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The "rights" that Thomas, Gaines, and their attorneys seek to protect are too speculative at this juncture to warrant intervention as of right.[19]

The Motion to Intervene should be denied on this ground alone dispensing with any further inquiry.

2. <u>The Disposition of the Edmonds Action Will Not Impair Or Impede the Movants' Ability to Protect Their Own Interests Since They have Already Filed FLSA Claims against Different Defendants in Florida and Georgia</u>

Notwithstanding the above, to the extent the Court were to find that Movants have an actual concrete protectable interest, Movants must also show, among other things, that "the disposition of the action may . . . impair or impede the applicant's ability to protect [his] interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Movants cannot show such prejudice here because she has already filed her own FLSA suit.[20] Further, if notice were to issue in this case, no one's rights are impaired. Prospective opt-in plaintiffs can choose to do one of three things: (i) do nothing and lose their rights to recovery; (ii) opt-in to the *matter*; or (iii) refrain from opting in and filing their own lawsuit, as did Thomas and

---

second-filed action "[b]ecause simultaneous collective actions are permissible under the FLSA." *Id.* at *4; *Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999) (The FLSA "allows for the maintaining of a second collective action" if "it is in the interest of judicial efficiency for the Court to allow the second action.")).

[18] *See Burns*, 2020 WL 1891175, at *4 (declining to approve a purported collective action settlement in a similar case against a DSP and Amazon, noting, "the Court is not bound to accept it, nor is the Court required to accept and approve a stipulated agreement on conditional certification of the *Burns* class.") (citing *Madison v. United Site Servs. of Fla., Inc.*, 2017 WL 11037929, at *2-3 (M.D. Fla. July 5, 2017) (rejecting a stipulation for conditional certification)).

[19] *See Calderon*, 2020 WL 2792979, at *4-5 (stating "[a]ny interest [intervenor] might have in protecting 'his' putative class is too speculative to warrant intervention as of right") (citing *Travis*, 284 F. Supp. 3d at 342-43; *Mejia v. Time Warner Cable Inc.*, 2017 WL 3278926, at *18 (S.D.N.Y. Aug. 1, 2017) (finding proposed intervenors' interest "too remote to justify intervention" prior to class certification); *Townes v. Trans Union, LLC*, 2007 WL 2457484, at *2 (D. Del. Aug. 30, 2007) ("the Court finds the interest asserted by the [intervenors] to be speculative at this juncture" because "A class has not been certified."); *Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, at *3 (D.N.J. Oct. 20, 2011) ("Proposed Intervenors' purported interests are too speculative, i.e., their interests cannot be impaired by this litigation because a class has not yet been certified in the California action, thus, Proposed Intervenors are merely seeking to intervene for the purpose of preventing any potential adverse rulings which may occur and may bind a class of consumers which Proposed Intervenors may or may not represent.")).

[20] *Valdez v. Cox Commc'ns Las Vegas, Inc.*, 557 F. App'x 655, 657–58 (9th Cir. 2014) (finding intervenor could not show impairment of rights in FLSA context, with respect to appeal, where such intervenor had already filed suit on his own behalf and appealed as well).

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 8
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Gaines. Therefore, no one other than the opt-ins who actually opt-in to this case, or any FLSA case for that matter, are bound by the rulings of a particular case. Moreover, since Thomas and Gaines have already filed lawsuits, their interests are already protected. It is only in the Rule 23 context that potential class members are bound by the ultimate disposition in the case.[21]

Further, even in the Rule 23 context, a party's rights are not impaired if they have the ability to opt-out of any proposed action and file their own lawsuit if they so choose. *See Swinton v. SquareTrade, Inc.,* 2018 WL 8458862 at *4 (S.D. Iowa Sept. 21, 2018)[22] [23] Since the Movants' alleged rights are not impaired, and cannot be impaired by this action, they have failed to show they are entitled to intervention as a matter of right. Thus, the Motion to Intervene must be denied.

3. <u>Movants have Failed to Demonstrate that Edmonds and His Counsel are Inadequate</u>

Intervention should be denied if the Court finds that the existing parties already adequately represent Thomas' interest.[24] Generally, the burden on a proposed intervenor in showing inadequate representation is minimal; it is satisfied if they can demonstrate that representation of their interests "may be" inadequate.[25]

Courts within this Circuit consider three factors in determining the adequacy of representation: (i) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (ii) whether the present party is capable and willing to make such arguments; and (ii) whether a proposed intervenor would offer any

---

[21] *See Genesis Healthcare,* 133 S.Ct. at 1530 (noting that conditional certification "does not produce a class with an independent legal status, or join additional parties to the action").
[22] (finding no impairment of rights of intervenor where he could opt-out of settlement and continue to pursue his first filed action, and where court would ensure that any settlement is fair, reasonable and adequate).
[23] *Cicero v. Directv, Inc.*, 2010 WL 11463634, at *2 (C.D. Cal. Mar. 2, 2010); *Townes v. Trans Union, LLC*, 2007 WL 2457484, at *3 (D. Del. Aug. 30, 2007)).
[24] *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).
[25] *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 & n.10 (1972).

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 9
Case No.: 2:19-cv-01613-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

necessary elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1086.

The most important factor is "how the interest compares with the interests of the existing parties." *Id.* "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.*; *see also Microsoft Corp. v. United States Dep't of Justice*, 2016 WL 4506808, at *6 (W.D. Wash. Aug. 29, 2016) (Robart. J.) (denying both permissive intervention and intervention as a matter of right where the intervenor and party plaintiff had the same ultimate objective, and intervenor could not show how their particularized arguments would advance or assist in the prosecution of the case).

If the proposed intervenor has an identical interest to the present party, a compelling showing is required to show inadequate representation. *Id.*[26] Where parties share the same ultimate objective, a "mere difference of opinion concerning the tactics with which the litigation should be handled" does not render representation inadequate. *Id.*[27]

Both Edmonds and the Movants seek to recover unpaid wages under the FLSA based on work they performed as drivers for Amazon. Gaines chose to file her lawsuit in Georgia, and Thomas chose to file suit in Florida against the local delivery service provider through whom she worked, without naming the Amazon Defendants. On the other hand, Edmonds chose to pursue the Amazon Defendants—whom he deemed more viable—and to do so in Washington, where Amazon has its principal place of business, on a nationwide basis as his employer. These are purely strategic legal decisions on which the parties clearly differ. The fact that Movants' attorneys do not understand this strategy or disagree that it is the best

---

[26] *See also* 7C WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 1909 (3d ed. 2019) ("The rule is that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty.").

[27] *See also Arakaki*, 324 F.3d at 1086.

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 10
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

course is not a valid basis to allow intervention.  This is especially true because both cases seek the same ultimate objective of recovery of unpaid wages on behalf of delivery associates.

Further, there are eleven opt-in Plaintiffs in this case, all of whom have the same rights and standing as party plaintiffs by virtue of the fact that they have opted into this matter.  *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) (stating "[t]he FLSA does not use the terms 'original' or 'opt-in' plaintiff at all; the FLSA instead refers to *all* plaintiffs in a collective action as 'party plaintiff[s]'") (citing 29 U.S.C. § 256(a)).[28]  There are party plaintiffs who have opted into this case who do not **have any relation** to the Middle District of Florida or the local DSP defendants named in either of the Movants' lawsuits.  Therefore, their interests could not be adequately protected in either of the Movants' actions.  Moreover, even assuming arguendo there is a plaintiff in this case who was previously employed for Amazon through one of the DSPs named in the Movants' lawsuits, the protections afforded to them via the Movants' lawsuits are purely speculative and may never come to fruition.  As such, dismissal of this action or transfer would unduly prejudice these plaintiffs, resulting in the loss of time and the filing of numerous new lawsuits around the country.  The parties simply chose two different strategies in two different venues. This is not a valid basis for intervention.

Furthermore, to the extent that Thomas and Gaines do not seek to intervene to actually participate in the instant litigation, they cannot satisfy the requirement that they are seeking to intervene to provide "any necessary elements" that Edmonds has allegedly neglected.  Instead, the Movants solely seek to dismiss or transfer this case.  *See generally* Motion to Intervene.  They do not seek to assist in the actual prosecution of this matter or move the ball forward in any way.  Intervention as of right is not available to those whose only

---

[28] *See also Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent [.]"); *Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 279 n.3 (S.D.N.Y. 2016) ("Individuals who have opted-in to an FLSA collective action have 'party status' and are able to advance their own claims.").

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR
PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO
DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 11
Case No.: 2:19-cv-01613-JLR

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

interest in the action is to prevent the action from going forward.[29] Therefore, the Motion to Intervene fails under this prong as well and must be denied.

Finally, based on the facts of this case, Movants' desire to intervene only to dismiss this action in favor of their own requires an application of the first-to-file rule that improperly makes a weapon out of a rule designed to promote "considerations of judicial and litigant economy, and the just and effective disposition of disputes."[30]

**C.      Permissive Intervention is Inappropriate**

Courts within the Ninth Circuit have frequently denied requests for permissive intervention on the grounds that a movant cannot satisfy Rule 24(a)'s requirements for intervention as of right.[31]

The Movants seek intervention to dismiss or transfer this matter to a court that the Amazon Defendants have vehemently argued lacks jurisdiction[32] over them and the claims of non-Florida opt-in Plaintiffs who have already opted into this case. Numerous courts have determined that intervention solely to dismiss, stay, or transfer a case is an inappropriate use of the intervention mechanism that results in prejudice on the non-intervening parties. *See Webb v. Dr Pepper Snapple Grp., Inc.*, 2018 WL 1990509, at *4 (W.D. Mo. Apr. 26, 2018)

---

[29] *See Izzio v. Century Partners Golf Mgmt., L.P.,* 2015 WL 5472845, at *4 (N.D. Tex. Sept. 15, 2015) (denying intervention in competing FLSA cases where movant sought to intervene on first-to-file grounds to prevent the action from going forward and further finding that movant's interests were not impaired and adequately represented) (citing *Worthington v. Bayer Healthcare LLC,* 2011 WL 6303999, at *6 (D.N.J. Dec.15, 2011)).
[30] *Id* at *8 (citing *Silver Line Bldg. Prods. LLC v. J–Channel Indus. Corp.,* 12 F.Supp.3d 320, 324 (E.D.N.Y.2014), and *Futurewei Tech's, Inc. v. Acacia Research Corp.,* 737 F.3d 704, 708 (Fed. Cir. 2013)).
[31] *See, e.g.*, *Viet Bui v. Sprint Corp.*, 2015 WL 3828424, at *2 (E.D. Cal. June 19, 2015) (citing *Perry*, 587 F.3d at 955 (stating that district court's denial of a Rule 24(b) motion to intervene based on the parties' "identity of interests" and the existing party's "ability to represent those interests adequately" was "supported by [Ninth Circuit] case law on intervention in other contexts")); *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir.1993) (affirming denial of permissive intervention in a subpoena enforcement proceeding seeking disclosure of tax records where the government party made the same arguments as the taxpayer intervenors, and the government party would adequately represent the intervenors' privacy interests); *Tobin v. Conopco, Inc.*, 2013 WL 1729845, at *2 (N.D. Cal. Apr. 22, 2013) (denying motion to intervene under Rule 24(b) on the same grounds used to deny motion to intervene under Rule 24(a), i.e., that the existing party could adequately protect interests and the proposed intervenor could avoid having her interest impaired by opting out of any certified class).
[32] *See* note 2, *supra*.

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 12
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(denying intervention where intervenors stated intention was to stay, transfer or dismiss the action).[33]

Next, the existing parties may be prejudiced if permissive intervention is granted and the current action is transferred to Florida due the Supreme Court's decision in *Bristol-Myers.* While it is uncontested that *this* Court has personal jurisdiction over the Amazon Defendants, it is unsettled if the Middle District of Florida would have personal jurisdiction over the Amazon Defendants with respect to the claims of the opt-in Plaintiffs in the current action. In fact, Amazon has vehemently argued that the court in Florida does not.[34] Thus, whether the ultimate relief sought is transfer or dismissal, the result is the same.

Here, Movants cannot meet their burden, and permissive intervention should be denied.

D.    **Amazon's Response to Motion to Intervene Should be Stricken**

Under the Local Rules of this Court, a party is permitted to request to strike material contained in or attached to submissions of opposing parties in its responsive brief for the court to consider with the underlying motion. *See* LCR 7(g). Amazon's nine-page Response to the Motion to Intervene is nothing more than an impermissible sur-reply, or an impermissible "fourth-round filing," to Plaintiff's Reply in Support of his Motion for Notice. As such, it should be stricken from the record. The Local Rules for the Western District of Washington only allow for a sur-reply under **one circumstance**: when a party is requesting to strike material contained within or attached to a reply brief. *See* LCR 7(g).[35] With full knowledge that it was

---

[33] *Viet Bui*, 2015 WL 3828424 at *4 ("Courts may consider various relevant factors [when considering a motion to intervene], including 'the nature and extent of the [proposed] intervenors' interest.'") (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)); *Glover v. Ferrero USA, Inc.*, 2011 U.S. Dist. LEXIS 121352, at *21, 2011 WL 5007805 (D.N.J. October 20, 2011) ("[T]he Proposed Intervenors' stated interest in only having this action dismissed or transferred ... will clearly prejudice the rights of the existing parties in this action, [and] the Court declines to permit the Proposed Intervenors to intervene.").

[34] *Webb v. Dr Pepper Snapple Grp., Inc.*, 2018 WL 1990509, at *4 (denying permissive intervention due to potential jurisdictional issues arising under *Bristol-Myers*.).

[35] *Metal Workers Int'l Ass'n, Local 66 v. Northshore Sheet Metal, Inc*., 2013 WL 1412931, at *1 (W.D. Wash. Apr. 8, 2013) ("as a general rule, the Local Rules authorize only three rounds of filing: the moving party's initial filing, the nonmoving party's response, and the moving party's reply.").

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 13
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

not permitted to file additional briefing with regard to Plaintiff's Motion for Notice, Amazon jumped at the opportunity to use the entirety of its Response to have the proverbial last word, rehashing arguments regarding alleged procedural inefficiencies that it already made in its Opposition, and attempts to use the Motion to Intervene as additional evidence that Plaintiff's Motion for Notice should be denied. Amazon does not even attempt to be subtle in its purpose. For example, in its introduction Amazon states "[a]s detailed in Amazon's prior briefing, the Court can and should deny Plaintiff's motion for conditional certification because Plaintiff has failed to present sufficient evidence that the putative collective action members are similarly situated"—an inquiry irrelevant to the determination into whether intervention is appropriate. *See* Dkt. No. 59 at 9. Moreover, Amazon dedicates an entire section of its Response to undermining Plaintiff's discussion of *Campbell* in his Reply.[36]

Amazon's response is nothing more than a backdoor attempt at an impermissible sur-reply regarding Plaintiff's Motion for Notice, and the entire Response should be stricken. For example, in *Willis v. Devere*, plaintiff filed a motion for sanctions after already requesting sanctions in a fully briefed motion to enforce settlement. 2014 WL 1285881, at *2 (E.D. Cal. Mar. 28, 2014). There, the court held that because plaintiff's motion for sanctions was a backdoor attempt to raise new arguments in support of his motion to enforce settlement after it was fully briefed, plaintiff's motion for sanctions was an impermissible surreply, and the court struck it from the record. *Id*. Amazon does not oppose the Motion to Intervene and cannot be permitted to take advantage of its opportunity to "respond" in order to further argue its contentions in opposition to conditional certification or to rebut the contents of Plaintiff's Reply.[37]

---

[36] *See* Dkt. No. 59 (Amazon's Response) at 4-6; Dkt. No. 53 (Plaintiff's Reply) at 6-11; *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018).

[37] *See Metal Workers Int'l Ass'n, Local 66*, 2013 WL 1412931, at *1 (striking nonmoving party's impermissible surreply explaining that "the Contested Filing in its substance is not a surreply, but rather the nonmoving party's attempt to have the last word on the legal discussion of admissibility of its own evidence"); *Gauthier v. Twin City Fire Ins. Co*., 2015 WL 12030097, at *1 (W.D. Wash. July 15, 2015) (holding that supplemental authority filed by non-movant after motion had been fully briefed was impermissible surreply and striking it from the docket).

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 14
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

### III.  CONCLUSION

Movants have not demonstrated that intervention is warranted here.  Movants seek to dismiss the instant action to preserve some speculative right that may never come to fruition, and Amazon is all too eager to join in this request, likely because Edmonds is the only driver in the country seeking to hold Amazon directly responsible to the thousands of DAs who are owed wages.  Therefore, Edmonds respectfully requests that this Court enter an Order denying the Motion to Intervene and striking Amazon's Response to same.

RESPECTFULLY SUBMITTED AND DATED this 17th day of June, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Toby J. Marshall, WSBA #32726
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Andrew R. Frisch, *Admitted Pro Hac Vic*
Email: afrisch@forthepeople.com
Paul M. Botros, *Admitted Pro Hac Vice*
Email: pbotros@forthepeople.com
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013

*Attorneys for Plaintiff*

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 15
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on June 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ryan D. Redekopp, WSBA #36853
Email: ryan.redekopp@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 623-7580
Facsimile: (206) 623-7022

Richard Rosenblatt, *Admitted Pro Hac Vice*
Email: richard.rosenblatt@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
Telephone: (609) 919-6600
Facsimile: (609) 919-6701

Christopher K. Ramsey, *Admitted Pro Hac Vice*
Email: christopher.ramsey@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, Pennsylvania 15219-6401
Telephone: (412) 560-3300
Facsimile: (412) 560-7001

*Attorneys for Defendants*

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 16
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  DATED this 17th day of June, 2020.

2  TERRELL MARSHALL LAW GROUP PLLC

4  By: /s/ Toby J. Marshall, WSBA #32726
   Toby J. Marshall, WSBA #32726
   Email: tmarshall@terrellmarshall.com
   936 North 34th Street, Suite 300
   Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
   Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

---

PLAINTIFF'S MEMORANDUM IN OP-POSITION TO PROPOSED INTERVENOR PLAINTIFFS' MOTION TO INTERVENE AND FOR LEAVE TO FILE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TRANSFER [DKT. NOS. 55 AND 56] - 17
Case No.: 2:19-cv-01613-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com