UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADY EDMONDS,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC., et al.,<br><br>                    Defendants. | CASE NO. C19-1613JLR<br><br>ORDER ON MOTION TO INTERVENE AND FOR LEAVE TO FILE A MOTION TO DISMISS OR TRANSFER |

## I.   INTRODUCTION

Before the court is proposed intervenors Andrea Thomas and Felicia Gaines' (collectively, "Proposed Intervenors") motion to intervene and to dismiss or transfer this case.  (Mot. (Dkt. # 55).)  Plaintiff Brady Edmonds and Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc.'s (collectively, "Amazon") filed responses to the Proposed Intervenors' motion.  (*See* Pl. Resp. (Dkt. # 60); Def. Resp. (Dkt. # 59).)  The court has considered the motion, the parties' submissions relating to the

ORDER - 1

motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Proposed Intervenors' motion.

## II.    BACKGROUND

**A.    Mr. Edmonds' Case**

Mr. Edmonds was directly employed by one of Amazon's Delivery Service Providers ("DSPs") as a delivery driver in the greater Jacksonville, Florida area from June 2018 through February 2019. (*See* FAC (Dkt. # 24) ¶¶ 21, 26, 28.) DSPs "provide a delivery driver labor force to Amazon to further Amazon's core business objective of providing delivery service to Amazon customers. (*Id.* ¶ 50.) Mr. Edmonds alleges that he worked 10-15 hours per day between 4-5 days per week and was paid a flat rate. (*Id.* ¶¶ 22, 80.) Although he worked over 40 hours per week and over 50 hours "virtually every workweek," Mr. Edmonds alleges that "[n]either Amazon nor the DSP through whom Mr. Edmonds was paid" ever provided Mr. Edmonds with overtime compensation. (*See id.* ¶¶ 23, 26.) Based on these and other allegations, Mr. Edmonds brought a single

//

---

[1] The Proposed Intervenors and Mr. Edmonds request oral argument (Mot. at 1; Pl. Resp. at 1), but Amazon does not (Def. Resp. at 1). Oral argument is not necessary where the non-moving party suffers no prejudice. *See Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984); *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (holding that no oral argument was warranted where "[b]oth parties provided the district court with complete memoranda of the law and evidence in support of their respective positions," and "[t]he only prejudice [the defendants] contend they suffered was the district court's adverse ruling on the motion."). "When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]." *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge*). Here, the issues have been thoroughly briefed by the parties, and oral argument would not be of assistance to the court. *See* Local Rules W.D. Wash. LCR 7(b)(4). Accordingly, the court DENIES the Proposed Intervenors and Mr. Edmonds' requests for oral argument.

claim against Amazon for violation of the FLSA for failure to pay overtime wages. (*See id.* ¶¶ 114-22.)

On January 13, 2020, Amazon filed a motion to dismiss Mr. Edmonds' amended complaint, based largely on Mr. Edmonds' failure to identify his DSP in his complaint. (*See* MTD (Dkt. # 26) at 13.) The court denied the motion. (*See* 4/15/20 Order (Dkt. # 42) at 19-20.) Mr. Edmonds' motion for conditional certification of his proposed collective is currently pending before the court. (*See* Mot. for Notice (Dkt. # 41).) Although Mr. Edmonds made a strategic decision to not name his DSP as a defendant in this case, Proposed Intervenors contend that Mr. Edmonds worked for JSTC, LLC ("JSTC") in Jacksonville, Florida, the same DSP for which Ms. Thomas worked. (*See* Mot. at 5.)

**B.    Proposed Intervenors' Cases**

Proposed Intervenors, who are also employed by DSPs, contend that they filed cases with overlapping factual allegations before Mr. Edmonds filed the present action. (*See* Mot. at 5.) Ms. Gaines filed *Gaines v. Amazon.com, LLC, et al.*, No. 1:19-cv-00528 (N.D. Ga.) on January 31, 2019, naming both Amazon and On the Go Express, LLC ("On the Go")—Ms. Gaines' DSP—as defendants. (*See* Schalman-Bergen Decl. (Dkt. # 56) ¶ 10, Ex. 1 ("*Gaines* Complaint").) Similar to Mr. Edmonds' claims in the present action, in *Gaines*, Ms. Gaines claims that Amazon violated the FLSA by failing to pay delivery drivers for their overtime work and asserts that Amazon is a joint employer. (*See id.* ¶¶ 99-109.) However, Ms. Gaines' case differs from the present action in that

//

1  Mr. Edmonds names only Amazon as a defendant, and does not name the DSP that
2  directly employed him.  (*See Gaines* Compl. at 1; FAC (Dkt. # 24) at 1.)
3       On March 13, 2019, the parties in the *Gaines* case mediated and "reached a
4  settlement in principle on behalf of Ms. Gaines and a collective of [Ms. Gaines],
5  [plaintiffs who opted in], and all current and former [d]elivery [a]ssociates who were paid
6  by On the Go to deliver packages to customers of Amazon.com in the United States
7  between June 17, 2018 and January 26, 2019."  (Schalman-Bergen Decl. ¶ 13.)  The
8  Northern District of Georgia approved the settlement and certified Ms. Gaines' proposed
9  collective.  (*See* N.D. Ga. Settlement Order (Dkt. # 63-1).)
10       Ms. Thomas filed *Thomas v. JSTC, LLC et al.*, No. 6:19-cv-01528-RBD-GJK
11  (M.D. Fl.) on August 16, 2019, two months before Mr. Edmonds filed this case, and Ms.
12  Thomas's case remains pending in the Middle District of Florida.  Proposed Intervenors
13  contend that Mr. Edmonds and Ms. Thomas both worked for JSTC, an Amazon DSP.
14  (*See* Mot. at 5.)  Ms. Thomas's case alleges the same theory of nonpayment of wages as
15  Ms. Gaines' case and the present action.  (*See id.*)  In addition to JSTC, Ms. Thomas
16  names as defendants Commercial Express, Inc., a DSP that subcontracted with JSTC, and
17  a number of Commercial Express, Inc.'s subcontractors.  (*See id.* n.2.)  Ms. Thomas did
18  not name Amazon as a defendant.  (*See id.*)  However, Proposed Intervenors contend that
19  Ms. Thomas did not do so due to a tolling agreement, "but Amazon is a participant in the
20  ADR/mediation process in the First Filed *JSTC* Action and all rights against Amazon are
21  preserved via the tolling agreement."  (*Id.*)
22  //

# III.   ANALYSIS

Proposed Intervenors seek leave to intervene in this case in order to file a motion to dismiss or transfer this case. (Mot. at 8 (citing Prop. Mot. to Dismiss or Transfer (Dkt. # 55-2).) The court sets forth the applicable legal standards before analyzing the merits of Proposed Intervenors' motion.

## A.   Legal Standards

Federal Rule of Civil Procedure 24 provides two methods of intervention: intervention of right (Fed. R. Civ. P. 24(a)) permissive intervention (Fed. R. Civ. P. 24(b)). A party may intervene as a matter of right if the party "on timely motion":

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2). Proposed Intervenors do not claim a right to intervene on the basis of a federal statute, so only the second method of intervention by right is relevant here. When analyzing a motion to intervene of right, courts apply a four-part test:

> (1) the motion must be timely;
> (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action;
> (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
> (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wash. v. United States Envtl. Prot. Agency*, No. 2:19-CV-00884-RAJ, 2020 WL 1955554, at *2 (W.D. Wash. Apr. 23, 2020) (citing *Wilderness Soc. v. U.S. Forest Serv.*,

630 F.3d 1173, 1177 (9th Cir. 2011)).  "On a motion to intervene, a district court must accept as true the nonconclusory allegations of the motion and proposed answer."  *Id.* (citing *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001)).  The Ninth Circuit construes Rule 24(a) liberally in favor of potential intervenors.  *See Calif. ex rel. Lockyer v. United States*, 450 F.3d 436, 440-41 (9th Cir. 2006).  The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

In addition to intervention of right, the court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b); *see also Alaska Airlines, Inc. v. Schurke*, No. C11-0616JLR, 2013 WL 12250544, at *1 (W.D. Wash. Feb. 25, 2013).  Only one of the two tests must be met to allow intervention.  *See id.* at *3.

**B.     Proposed Intervenors' Motion to Intervene**

Neither Mr. Edmonds nor Amazon raise a timeliness objection to Proposed Intervenors' motion.  (*See generally* Pl. Resp.; Def. Resp.)  Therefore, the only question before the court is whether Proposed Intervenors meet either of Rule 24's two tests for intervention.  *See* Fed. R. Civ. P. 24(a), (b).  The court concludes that Proposed Intervenors meet the standard for permissive intervention and therefore GRANTS Proposed Intervenors' motion.[2]

---

[2] Mr. Edmonds moves to strike Amazon's responsive brief as an impermissible surreply to Mr. Edmonds' motion for conditional certification.  (*See* Pl. Resp. at 13-14.)  Indeed, Amazon's response "does not oppose" Proposed Intervenors' motion to intervene (*see* Def. Resp. at 3), and appears to be entirely directed at persuading the court that Proposed Intervenors'

Both Ms. Gaines and Ms. Thomas have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Ms. Gaines' case in the Northern District of Georgia and Ms. Thomas's case in the Middle District of Florida both have common questions of law and of fact to Mr. Edmonds' case. All three cases are FLSA collective actions centered around alleged overtime violations. All three include a combination of Amazon and/or Amazon's DSPs as defendants. Moreover, according to Proposed Intervenors, Mr. Edmonds worked for the same DSP that is a named Defendant in Ms. Thomas's case. Finally, the court finds that permissive intervention would be both helpful and necessary to resolve important issues regarding the first-to-file rule and the potential for overlapping collectives.

Mr. Edmonds' arguments against a finding of permissive intervention disregard the permissive intervention standard, and rather focus on the merits of Proposed Intervenors' proposed motion to dismiss or transfer this case. (*See* Pl. Resp. at 12-13.) However, that motion is not before the court at this time. (*See* Dkt.) Mr. Edmonds will have an opportunity to oppose that motion when it is filed, but that time is not now.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Proposed Intervenors' motion to intervene (Dkt. # 55). The court further ORDERS Proposed Intervenors to file their motion to dismiss or transfer with seven (7) days of the date of this order. The motion

---

motion suggests additional deficiencies with Mr. Edmonds' motion for conditional certification (*see generally id.*). Indeed, Amazon's response does not even mention the applicable federal rule of civil procedure governing intervention. (*See generally id.*) Accordingly, the court agrees with Mr. Edmonds and GRANTS Mr. Edmonds' motion to strike.

shall comply fully with Local Civil Rule 7, including Local Civil Rule 7's noting date requirements. *See* Local Rules W.D. Wash. LCR 7. Finally, the court directs the Clerk to STRIKE Amazon's response to Proposed Intervenors' motion to intervene (Dkt. # 59).

Dated this 22nd day of July, 2020.

JAMES L. ROBART
United States District Judge